Richard D. McCune (SBN 132124)
rdm@mccunewright.com
McCUNE WRIGHT AREVALO, LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Michael W. Sobol (SBN 194857)
msobol@lchb.com
Roger N. Heller (SBN 215348)
rheller@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3336
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiff and the Putative Class*

Mark Mosier (admitted pro hac vice)
Andrew Soukup (admitted pro hac vice)
asoukup@cov.com
Ashley M. Simonsen (SBN 275203)
asimonsen@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 778-5066

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. LUSNAK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:14-cv-01855-GW (AJW)<br><br>**JOINT RULE 26(f) REPORT**<br><br>DATE:  JANUARY 17, 2019<br>TIME:   8:30 A.M.<br>COURTROOM:  9D<br>JUDGE:  HON. GEORGE H. WU |

1  Plaintiff Donald M. Lusnak ("Plaintiff") and Defendant Bank of America, N.A.
2  ("Bank of America" or the "Bank") hereby submit this joint Rule 26(f) Report in
3  advance of the Scheduling Conference scheduled in this case for January 17, 2019.

## Background and Case Status

### Plaintiff's Statement

In July 2008, Plaintiff purchased a home in Palmdale, California with a mortgage from Countrywide Financial. Soon thereafter, Bank of America purchased Countrywide Financial and assumed control over Plaintiff's mortgage. Plaintiff refinanced his loan with Bank of America, and then entered into a loan modification agreement with Bank of America in 2011. At all relevant times, Plaintiff was required, as a term of his loan agreement, to pay money each month (approximately $250 per month) into a mortgage "escrow" (i.e., impound) account maintained by Bank of America, from which the Bank paid the costs of property taxes and homeowners' insurance for Plaintiff's property. Plaintiff's escrow account, like that of other borrowers with such accounts, routinely carried a positive balance (i.e., surplus), including because deposits into the account occurred monthly while payments from the account occurred less frequently, and because Bank of America overestimated the amount that would be needed to cover the relevant expenses. Bank of America has access to the surplus funds in the borrowers' escrow accounts, and can and does use such funds for its own benefit.

Plaintiff filed this putative class action on May 12, 2014, and filed a First Amended Complaint on June 27, 2014 [Dkt. 22; "FAC"]. Plaintiff challenges Bank of America's pervasive failure to pay Plaintiff and a putative class of other California Bank of America borrowers, interest on the balances in their mortgage escrow accounts, as required by Cal. Civ. Code § 2954.8(a), which was enacted in 1976 and modified in 1979. Specifically, Section 2954.8(a) provides:

> Every financial institution that makes loans upon the security
> of real property containing only a one- to four-family residence
> and located in this state or purchases obligations secured by

> such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.

Cal. Civ. Code § 2954.8(a). Plaintiff alleges claims, on behalf of himself and the putative class, under California Business and Professions Code section 17200, *et. seq.*, and for breach contract, and seeks, *inter alia*, damages, restitution, and injunctive relief.

As alleged in the FAC, other lenders in California do comply with the interest payment requirement of Section 2954.8(a), including Bank of America's largest competitor in the state, Wells Fargo. Bank of America, however, admits that it has not paid interest pursuant to Section 2954.8(a), but moved to dismiss Plaintiff's FAC claiming that Section 2954.8(a) was preempted by the National Bank Act.

In addition to failing to pay interest as required by Section 2954.8(a), Bank of America disseminated form notices to Plaintiff and other customers that expressly (and incorrectly) stated that Bank of America was not legally required to pay such interest to these customers.

The district court (Hon. George H. King, Ret.) granted the Bank's motion to dismiss on October 29, 2014 [Dkt. 33], and entered judgment for the Bank on that same day [Dkt. 34]. Plaintiff then appealed. On March 2, 2018, the Ninth Circuit reversed and remanded, finding that California Civil Code section 2954.8(a) was not preempted [Dkt. 40]. Bank of America sought rehearing en banc, which was denied on May 16, 2018. The Bank then filed a petition for a writ of certiorari with the Supreme Court of the United States, which was denied on November 18, 2018. The Ninth Circuit's mandate issued on November 19, 2018, returning jurisdiction to this Court for further proceedings consistent with the Ninth Circuit's order rejecting Bank of America's preemption defense. [Dkt. 47] On November 21, 2018, this case was reassigned to this Court, in light of Judge King's retirement while the case was on appeal. [Dk. 48]

On December 21, 2018, Bank of America filed its Answer to Plaintiff's FAC [Dkt. 57].

In its statement below, Bank of America does not deny that it has failed to pay Plaintiff and numerous other customers the interest required by California law, or that it sent customers notices affirmatively, and falsely, telling them that Bank of America was not legally required to pay them this interest. Nor does the Bank deny that it has the records to identify which California customers had escrow accounts but did not receive the interest in question. Instead, Bank of America previews a laundry list of arguments that it apparently intends to raise to try to dodge liability, and various reasons why class action treatment in this case supposedly will be difficult or inappropriate. None of the Bank's previewed arguments have any merit. Plaintiff looks forward to briefing them in detail if and when they are actually raised by the Bank in the litigation.

For the time being, Plaintiff notes that the "notice-and-cure" argument mentioned by the Bank below was recently rejected by another federal court,[1] and also ignores, *inter alia*, that the Bank affirmatively told Plaintiff and the other customers that the Bank was not legally required to pay the interest. Nor are the claims here barred by the statute of limitations, as the Bank's violations of Section 2954.8(a) have occurred up to and beyond the filing of this case, and in fact have continued through the present. If anything, the statute of limitations here extends beyond the otherwise-applicable four year period, given the Bank's affirmative misrepresentations to Plaintiff and other customers that the Bank was not legally required to pay the interest in question.

Bank of America's arguments regarding class certification likewise lack merit. The Bank's apparent goal of slicing and dicing the putative class here cannot be squared with the objective language of Section 2954.8(a) or with the Ninth Circuit's ruling in this case. Moreover, the Bank's suggestion that a portion of the putative class here may be subject to HOLA preemption standards is directly contrary to this Court's ruling in

---

[1] *McShannock v. JP Morgan Chase Bank N.A.*, 2018 WL 6439128 (N.D. Cal. Dec. 7, 2018).

*Grigsby v. Wells Fargo Bank, N.A.*, 2018 WL 1779338, *7-8 (C.D. Cal. Apr. 12, 2018). The Bank has the records to identify the putative class members and to calculate damages (i.e., the unpaid interest amounts) on a class-wide basis. The Bank has identified no meritorious arguments for why class treatment in this case would be problematic or inappropriate.

**Defendant's Statement**

Bank of America is a national bank chartered under the National Bank Act. For years, Bank of America had concluded that Cal. Civ. Code § 2954.8's requirement to pay 2 percent interest on mortgage escrow accounts was preempted by the National Bank Act. This conclusion was supported by regulations promulgated by the OCC, which state that national banks "may make real estate loans . . . without regarding to state law limitations concerning . . . [t]he terms of credit . . . [and] [e]scrow accounts." 12 C.F.R. § 34.4(a)(4), (6). In fact, the OCC recently confirmed its view that laws like Section 2954.8 are preempted as applied to national banks. OCC Amicus Brief, 2018 WL 3702582 (filed Apr. 23, 2018). The district court therefore was correct to dismiss Plaintiff's claims. The Ninth Circuit, however, disagreed and held that Cal. Civ. Code § 2954.8 is not preempted as applied to national banks. *See Lusnak v. Bank of America, N.A.*, 883 F.3d 1185 (9th Cir. 2018).

The Ninth Circuit's decision does not end this case.[2] Plaintiff has not yet demonstrated he is entitled to prevail on the merits of his own claims, including that his mortgage account is subject to any requirement imposed by Cal. Civ. Code § 2954.8 or 15 U.S.C. § 1639d to pay interest. Plaintiff did not comply with the notice-and-cure provisions in his mortgage agreement before filing this lawsuit, a fact that another court recently relied on to dismiss claims for violations of Section 2954.8. *See Smith v. Flagstar Bank, FSB*, 2018 WL 3995922 (N.D. Cal. Aug. 21, 2018). Plaintiff's claims

---

[2] In urging the Supreme Court to deny certiorari, Plaintiff argued that the Ninth Circuit's decision was "interlocutory." Br. in Opp., No. 18-212, at 9 (filed Oct. 17, 2018).

also are barred by the statute of limitations, because Plaintiff waited more than four years after his obtained a mortgage loan to bring this lawsuit.

This case also is unsuitable for class-action treatment. On some mortgage loans, including those originated by state-chartered financial institutions that did not enjoy the benefit of National Bank Act preemption, Bank of America has paid interest on mortgage escrow accounts. Furthermore, some loans at issue were originated by federal savings associations, and therefore are entitled to preemption under the Home Owners' Loan Act, which the Ninth Circuit recognized is broader than National Bank Act preemption. *See Lusnak*, 883 F.3d at 1196. Even for loans that are not subject to preemption, under the Ninth Circuit's reasoning, Section 2954.8 can only apply to the limited category of loans set forth in 15 U.S.C. § 1639d(b)(1)-(4). And few class members complied with the notice-and-cure provision, and therefore are barred from joining this class action until they do so. These issues, among others (including damages), can only be resolved through a burdensome, loan-by-loan review, making this case unsuitable for class-wide treatment. In addition, Plaintiff has repeatedly defaulted on his mortgage obligations (including his obligation to make payments into his mortgage escrow accounts) and is in bankruptcy proceedings, rendering him an atypical and unsuitable class representative.

Furthermore, even after the Ninth Circuit's ruling, it remains an open question whether Section 2954.8 applies to national banks like Bank of America. The Ninth Circuit expressly permitted Bank of America to challenge Section 2954.8's on the grounds that the 2 percent interest rate is "punitive," *Lusnak*, 883 F.3d at 1195 n.7 and Bank of America intends to demonstrate that the law has such an impact because Section 2954.8's 2 percent interest rate significantly exceeded the market interest rate during the class period. In addition, Plaintiff is incorrect to assert that Bank of America can and does use any funds for its own benefits.

## Remaining Pre-Trial Issues

**Plaintiff's Statement**

Given that Bank of America admittedly has not followed Section 2954.8(a), and the Ninth Circuit's order held that Bank of America was required to do so, Plaintiff believes that the remaining pre-trial issues in this case should be modest compared to most class actions. Bank of America filed its Answer to Plaintiff's FAC on December 21, 2018. [Dkt. 57] Plaintiff plans to move for class certification promptly, following a brief period for discovery as discussed below. Plaintiff also expects to file a motion for summary judgment, likely following the close of discovery.

**Defendant's Statement**

Bank of America agrees that, compared to the typical class action, the scope of discovery and the remaining pre-trial issues in this case will likely be not as burdensome as many other class actions. Bank of America anticipates it will oppose Plaintiff's class certification motion and that it will seek summary judgment at an appropriate stage of this case.

## Discovery

Though this case is more than four years old, there has been no discovery to date due to the ruling on Bank of America's motion to dismiss and the subsequent appeal regarding same.

*Discovery Subjects*

Plaintiff expects the discovery necessary for class certification to be fairly limited, focused on the following (without limitation):

- The universe of California Bank of America customers who had mortgage escrow accounts that fit the objective description of Section 2954.8(a).
- The relevant forms of contracts.
- The documents and data that Bank of America maintains regarding these customers' mortgages and escrow accounts

- Confirming which of these customers were not paid interest on the balances in their mortgage escrow accounts.
- The programs and methodologies used by Bank of America to calculate and pay escrow interest in the limited instances where such interest was supposedly paid.
- Ascertaining the date when Bank of America began providing customers a "Notice Concerning Your Escrow Account" document that incorrectly stated that the Bank was not required to pay interest on these mortgage escrow accounts.

Plaintiff further anticipates taking additional class discovery after class certification, the scope of which will depend largely on the scope of class data that Bank of America produces prior to class certification.

Bank of America anticipates that it will need discovery into Plaintiff's experience with Bank of America, as well as issues relevant to Plaintiff's suitability to serve as a class representative.

*Discovery Schedule and Phasing*

The parties have agreed that discovery shall commence on January 2, 2019, and that they will exchange Rule 26(a) Initial Disclosures by January 31, 2019. The parties also have agreed on a proposed schedule for class-certification briefing, with Plaintiff's class certification motion due July 1, 2019.

The parties have proposed a relatively modest, approximately six-month window for completing discovery relevant to class certification. Plaintiff does not believe that discovery should be formally bifurcated between class certification and merits, but that the parties should focus discovery on issues relevant to class certification prior to certification of a class. Bank of America believes that fact discovery should be completely stayed from the time Plaintiff files his motion for class certification until there is a ruling on class certification. Plaintiff does not agree that a complete stay

during that time is necessary or appropriate, and that such a stay would potentially delay the trial in this case.

The parties disagree on the proposed schedule following a ruling on class certification. Plaintiff's proposed schedule is set forth below. Bank of America requests that this Court set a status conference following a ruling on class certification.

### *ESI/Preservation*

Both parties confirm that potentially relevant documents and information are being preserved, and that they are not aware of any issues regarding preservation or the accessibility of potentially relevant documents or information.

The parties disagree regarding the need for an order governing the parties' preservation and production of electronically-stored information (ESI). Plaintiff believes that an ESI Order should be entered, and has provided a draft proposed ESI Order to Bank of America. Plaintiff proposes that the parties be directed to submit a joint proposed ESI Order (or separate proposed ESI Orders, if agreement cannot be reached) by January 31, 2019. Bank of America does not believe that an ESI Order is necessary and believes that these issues should be addressed by the parties through the discovery process without an order.

### *Protective Order*

The parties filed a joint proposed protective order(s), addressing confidential information and privilege issues. *See* Dkt. 60.

### *Discovery Limits*

The parties are not proposing any changes to the presumptive discovery limits at this time, however the parties reserve their rights to seek adjustments to such limits, as may be appropriate, at a later time.

## **Complex Cases**

The parties do not have any particular proposals at this time regarding the utilization of, or changes to, to the procedures of the Manual for Complex Litigation, but may make such proposals at a later time.

### ADR Procedure Selection

Pursuant to Civil Local Rule 16-15, the parties have selected private mediation as the ADR procedure for this case. The parties believe that an initial mediation session should occur within six (6) months.

### Trial Estimate

The parties respectfully submit that it is premature to estimate the length of trial at this time.

### Additional Parties

Plaintiff reserves the right to add additional parties, subject to court approval if necessary. It is not known at this time whether additional parties will be added.

### Expert Witnesses

The parties have proposed dates for expert disclosures, in connection with class certification and trial. These proposed dates are set forth below under Proposed Pre-Trial Schedule.

### Proposed Pre-Trial Schedule

Pre-class certification schedule: The parties have reached agreement on the following proposed schedule to govern the case prior to a ruling on Plaintiff's class certification motion.

| Event | Proposed Dates |
|---|---|
| Discovery Open Pursuant to Rule 26 | January 2, 2019 |
| Parties to file a joint proposed Protective Order or, if agreement cannot be reached, separate proposed Protective Orders outlining the area(s) of disagreement | January 17, 2019 |
| Parties to serve Rule 26(a) Initial Disclosures | January 31, 2019 |
| Plaintiff to Serve Expert Reports in Support of Class Certification | July 1, 2019 |
| Plaintiff to File Motion for Class | July 1, 2019 |

| | |
|---|---|
| Certification | |
| Plaintiff to Make Class Certification Expert(s) Available for Deposition By | September 1, 2019 |
| Defendant to Serve Expert Reports in Opposition to Class Certification | September 27, 2019. |
| Defendant to File Opposition to Class Certification | September 27, 2019. |
| Defendant to Make Class Certification Expert(s) Available for Deposition By | October 25, 2019 |
| Plaintiff to File Reply in Support of Class Certification | November 19, 2019 |

Post-class certification schedule: The parties disagree about the post-class certification schedule. Plaintiff proposes the schedule set forth below. Bank of America requests that the Court set a status conference within 14 days after making a class certification ruling for purposes of setting a pre-trial schedule for the remainder of the case.

| Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Fact Discovery Deadline | February 1, 2020 | 60 days after a class certification ruling |
| Plaintiff Trial Expert Reports Deadline | February 14, 2020 | 60 days after a class certification ruling. |
| Defendant Trial Expert Reports Deadline | March 16, 2020 | 90 days after a class certification ruling. |
| Plaintiff Rebuttal Reports Deadline | April 16, 2020 | 120 days after a class certification ruling. |
| Dispositive Motion Filing Deadline | May 1, 2020 | 135 days after a class certification ruling. |

| | Pre-Trial and Trial Date | TBD | TBD |
|---|---|---|---|

Dated:  January 14, 2019

Respectfully submitted,

McCUNE WRIGHT AREVALO LLP

By:   /s/ Richard D. McCune
          Richard D. McCune


LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:   /s/ Roger N. Heller
          Roger N. Heller


*Attorneys for Plaintiff and the Proposed Class*


COVINGTON & BURLING LLP

By:   /s/ Andrew Soukup

Mark Mosier (admitted pro hac vice)
Andrew Soukup (admitted pro hac vice)
Ashley M. Simonsen

*Attorneys for Defendant*

**ATTESTATION**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I, Roger N. Heller, attest that concurrence in the filing of this document has been obtain from each of the other signatories.

DATED: January 14, 2019 /s/ Roger N. Heller