MARK W. MOSIER (*pro hac vice*)
Email: mmosier@cov.com
ANDREW SOUKUP (*pro hac vice*)
Email: asoukup@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street
Washington, D.C. 20001-4956
Telephone: +1 (202) 662-5066
Facsimile: + 1 (202) 778-5066

ASHLEY SIMONSEN (SBN 275203)
Email: asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

DAVID L. PERMUT (*pro hac vice*)
Email: DPermut@goodwinlaw.com
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, D.C. 20001
Telephone: + 1 (202) 346-4000

Attorneys for BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. LUSNAK, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:14-CV-01855-GW(GJSx)<br><br>**[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Hearing Date: November 14, 2019<br>Hearing Time: 8:30 a.m.<br>Judge:      Hon. George Wu |

---

BANK OF AMERICA, N.A.'S [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW / Civil Case No. 2:14-cv-01855-GW

Pursuant to Local Rule 56-1, Bank of America hereby lodges this proposed Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment.

**Statement of Uncontroverted Facts**

1. In March 2009, Countrywide Bank, F.S.B. was a federal savings bank chartered under the Home Owners' Loan Act. *See* Declaration of Nicole Patterson ("Patterson Decl.") ¶ 7; Request for Judicial Notice, Ex. G.

2. On March 25, 2009, Donald M. Lusnak ("Plaintiff") executed a Deed of Trust and Promissory Note, which identified Countrywide Bank, F.S.B. as the entity that originated Plaintiff's loan. *See* Patterson Decl. ¶ 7 & Exs. C, D.

3. Bank of America subsequently acquired Plaintiff's mortgage. *See* Patterson Decl. ¶ 8.

4. Plaintiff was in default on his loan from November 2009 until March 2011. *See* Patterson Decl. ¶ 11 & Ex. E (explaining that Plaintiff failed to make a payment in November 2009, made a late payment in April 2010, made a late payment in May 2010, failed to make a payment in June 2010, made a late payment in August 2010, failed to make a payment in September of 2010, and failed to make a payment in December of 2010); Lusnak Dep. 72:3–5.

5. Bank of America made $3,321.98 in payments for county taxes and hazard insurance on Plaintiff's behalf during the period of delinquency that started in November 2009 and ran until March 2011, and Plaintiff's escrow account had a negative balance on multiple occasions during this time period. *See* Patterson Decl. ¶ 13 & Ex. F; Lusnak Dep. 73:2–5.

6. On February 3, 2011, Plaintiff signed a Commitment to Modify Mortgage ("Commitment") and an Amended and Restated Note. *See* Patterson Decl. ¶ 12 & Exs. G, H; Lusnak Dep. 74:19–75:2.

7. In this Commitment, Plaintiff agreed (i) he had failed to pay his mortgage in

accordance with its terms and was in default on his mortgage, and (ii) that as of March 1, 2011, he owed $3,698.02 in delinquent interest and $1,516.73 in delinquent escrow. *See* Patterson Decl. ¶ 12 & Exs. G, H; Lusnak Dep. 75:21–77:5.

8.  Under the 2011 mortgage modification, Plaintiff's principal and monthly payment increased, but all other material terms remained the same. *See* Patterson Decl. ¶ 12 & Ex. H; Lusnak Dep. 77:6–11.

9.  Plaintiff was in default on his loan from May 2012 until May 2013. *See* Patterson Decl. ¶ 14 & Ex. E; Lusnak Dep. 82:16–18.

10.  During his default, Plaintiff continued to live in his home. *See* Lusnak Dep. 82:19–22.

11.  From May 2012 through May 2013, Plaintiff made no payments to Bank of America. *See* Patterson Decl. ¶ 14 & Exs. E, I; Lusnak Dep. 82:6–18.

12.  As of May 1, 2013, Plaintiff was in arrears in the amounts of $13,372.58 in principal and interest, $3,424.32 in escrow payments, and $216.43 in late fees and other charges, for a total of $17,013.33. *See* Patterson Decl. ¶ 14 & Ex. I.

13.  During the period of delinquency that ran from May 2012 until May 2013, Bank of America incurred costs conducting inspections of the property that secured the mortgage loan. To recover these costs, Bank of America assessed 11 property inspection fees, for a total of $165.00. *See* Patterson Decl. ¶ 15 & Ex. I.

14.  Plaintiff did not pay any of these $165 in property inspection costs. *See* Patterson Decl. ¶ 16 & Ex. I.

15.  During the period of delinquency that ran from May 2012 to May 2013, Bank of America assessed $463.43 in late fees against Plaintiff. *See* Patterson Decl. ¶¶ 17–18 & Ex. I.

16.  Plaintiff did not pay any of these $463.43 in late fees. *See* Patterson Decl. ¶ 18 & Ex. I.

17.  Bank of America advanced $3,305.62 worth of county taxes and hazard

insurance on Plaintiff's behalf during the period of delinquency that ran from May 2012 to May 2013. Specifically, Bank of America advanced a hazard insurance payment of $300 on June 13, 2012, county tax payments each worth $1,333.81 on November 9, 2012, and March 7, 2013, and another hazard insurance payment of $338.00 on May 2, 2013. Accordingly, Plaintiff's escrow account had a negative balance from June 13, 2012, until May 22, 2013, at which time the account had a negative balance of $3,046.41. *See* Patterson Decl. ¶ 20 & Ex. F.

18. On May 29, 2013, Plaintiff signed an Agreement for Modification of a Mortgage. *See* Patterson Decl. ¶ 19 & Ex. J; Lusnak Dep. 84:19–86:10.

19. Under his 2013 modification agreement, Plaintiff's principal balance was reduced from $199,366.56 to $120,591.65 after the state Housing Finance Agency paid an award of federal Hardest Hit Funds to Plaintiff's mortgage account. Plaintiff's monthly payments were also reduced. *See* Patterson Decl. ¶ 19 & Ex. J; Lusnak Dep. 86:11–16.

20. All remaining terms of Plaintiff's mortgage stayed the same. *See* Patterson Decl. ¶ 19 & Ex. J; Lusnak Dep. 86:17–19.

21. After May 2013, Bank of America continued to make county tax and hazard insurance payments on Plaintiff's behalf, which resulted in Plaintiff's escrow account's having a negative balance on multiple occasions. *See* Patterson Decl. ¶ 21 & Ex. F.

22. For 22 of the 28 tax and insurance payments Bank of America made on Plaintiff's behalf from March 2010 to December 2018, there was not enough money in Plaintiff's escrow account to cover the payment. As a result, Plaintiff's escrow account balance was negative after these payments were made, reflecting that Bank of America advanced funds on Plaintiff's behalf for those payments. *See* Patterson Decl. ¶ 22.

23. The costs Bank of America incurred in connection with Plaintiff's default—which include $165 in unpaid property inspection fees, $463.43 in unpaid late fees, and $44.36 reflecting a 2% rate of interest on the balance of Plaintiff's escrow account

1   when that account balance was negative—exceed $74.73.  *See* Patterson Decl. ¶¶ 15,
2   18; Skanderson Report ¶ 54.
3       24.  The value of any benefit that Bank of America conferred on Plaintiff during his
4   default—████████████████████████████████████████████████████
5   ████ and allowing Plaintiff to remain in his home during default—exceeds $74.73.
6   *See* Skanderson Report ¶ 54; Lusnak Dep. 72:21–73:1, 82:19–22, 104:15–17.
7       25.  In 2018, Plaintiff sold his home, paid off his mortgage, and ended his
8   relationship with Bank of America.  *See* Lusnak Dep. 96:6–97:13.
9       26.  Plaintiff does not have a current relationship with Bank of America.  *See*
10  Lusnak Dep. 13:17–22.
11      27.  In 2018, Plaintiff moved to France, and he does not intend to live in, or
12  purchase property in, the United States in the future.  *See* Lusnak Dep. 22:11–12, 23:9–
13  11, 23:18–20.
14      28.  There is a "[z]ero percent" chance that Plaintiff will apply for a mortgage from
15  Bank of America in the future.  Lusnak Dep. 24:3–5.
16      29.  On August 22, 2011, Plaintiff filed for Chapter 7 bankruptcy in the Central
17  District of California.  *See* Request for Judicial Notice, Ex. A; Lusnak Dep. 78:17–22.
18      30.  Plaintiff's Chapter 7 bankruptcy petition did not list any accrued causes of
19  action against Bank of America.  *See* Request for Judicial Notice, Ex. A; Lusnak Dep.
20  136:22–137:3.
21      31.  Plaintiff realized that California law required certain entities to pay interest on
22  escrowed funds by at least January 2011, before he filed for Chapter 7 bankruptcy.  *See*
23  Lusnak Dep. 112:6–12.
24      32.  Plaintiff realized that Bank of America had not paid him any interest on
25  escrowed funds by at least the time at which he filed for Chapter 7 bankruptcy.  *See*
26  Lusnak Dep. 136:22–138:10.
27      33.  Plaintiff first contacted Bank of America to complain about Bank of America's
28

failure to pay interest on escrowed funds on December 27, 2011, the same day the bankruptcy court granted him a bankruptcy discharge. *See* Patterson Decl. ¶ 23 & Ex. K; Lusnak Dep. 110:16–112:21; Request for Judicial Notice, Ex. B.

## Conclusions of Law

### Procedural Standard

1. Summary judgment is warranted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2. Where "the case turns on a mixed question of fact and law and the only disputes relate to the legal significance of undisputed facts, the controversy collapses into a question of law suitable to disposition on summary judgment." *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Savs. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003).

### HOLA Preemption

3. Plaintiff's March 25, 2009 Deed of Trust and Note with Countrywide Bank, F.S.B. were subject to preemption under the Home Owners' Loan Act and its implementing regulations (collectively, "HOLA"). *See* 12 U.S.C. § 1464; 12 C.F.R. § 560.2.

4. Plaintiff's March 25, 2009 Deed of Trust and Note remain subject to the same preemption under HOLA as existed when the Deed of Trust and Note were executed. *See* 12 U.S.C. § 5553.

5. HOLA preempts California Civil Code § 2954.8 and other state law requirements to pay interest on mortgage escrow accounts, as applied to loans originated by federal savings associations, like Plaintiff's. *See* 12 U.S.C. § 1464; 12 C.F.R. § 560.2.

6. HOLA continues to preempt California Civil Code § 2954.8 and other state law requirements to pay interest on mortgage escrow accounts as applied to loans originated by federal savings associations even when such loans are sold or transferred to national banks or other financial institutions that are not federal savings associations. *See* 12 U.S.C. § 1464; 12 C.F.R. § 560.2; *Metzger v. Wells Fargo Bank, N.A.*, 2014 WL

1689278, *4 (C.D. Cal. 2014).

**Breach of Contract**

7. The elements of a breach of contract claim under California law are (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *See Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1005 (2016).

8. Plaintiff's March 25, 2009 Deed of Trust required the payment of interest on Plaintiff's mortgage escrow account only if required by "Applicable Law," which included HOLA. *See* Patterson Decl., Ex. C, § 3.

9. Because HOLA preempted California Civil Code § 2954.8 and other state law requirements to pay interest on mortgage escrow accounts as applied to Plaintiff's loan for the duration of that loan's life, Bank of America's failure to credit Plaintiff's mortgage escrow account with interest on the funds held therein was not a breach of Plaintiff's March 25, 2009 Deed of Trust. *See* 12 U.S.C. § 1464; 12 C.F.R. § 560.2.

10. The March 25, 2009 Deed of Trust obligated Plaintiff to "pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note" and to make monthly payments into his escrow account. *See* Patterson Decl., Ex. C, §§ 1, 3.

11. Through his defaults on the March 25, 2009 Deed of Trust and Note, Plaintiff failed to perform his obligations under the contract, without excuse for such nonperformance, and therefore cannot establish an element of breach of contract. *See Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1005 (2016).

**California Unfair Competition Law**

12. To bring a claim under California's Unfair Competition Law, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising. *See* Cal. Bus. & Prof. Code § 17200; *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2003).

13. California's Unfair Competition Law limits its remedies to injunctive relief and restitution, which are equitable and dependent on the equities between the parties. *See Clark v. Superior Court*, 50 Cal. 4th 605, 610 (2010); *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 179–81 (2000).

14. Because HOLA preempted California Civil Code § 2954.8 and other state law requirements to pay interest on mortgage escrow accounts as applied to Plaintiff's loan for the duration of that loan's life, Bank of America's failure to credit Plaintiff's mortgage escrow account with interest on escrowed funds was not an unfair, unlawful, or fraudulent business act or practice for purposes of California Business & Professions Code § 17200.

15. Through his defaults on the March 25, 2009 Deed of Trust and Note, and Bank of America's advancement of funds on his behalf, Plaintiff obtained benefits from Bank of America and imposed costs on Bank of America that exceed the $74.73 that his expert witness claims he is owed on his escrowed funds from 2010 to the present, which renders restitution unwarranted on the equities of this case. *See, e.g.*, *Corvello v. Wells Fargo Bank N.A.*, 2017 WL 3449072, at *2–3 (N.D. Cal. May 4, 2017); *Chowning v. Kohl's Dept. Stores, Inc.*, 2016 WL 1072129, at *7 (C.D. Cal. Mar. 15, 2016).

### Judicial Estoppel and Prudential Standing

16. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

17. Plaintiff failed to disclose his claims against Bank of America in his Chapter 7 bankruptcy petition filed on August 22, 2011, which violated his obligations under federal bankruptcy law and allowed him to derive a benefit in federal bankruptcy court. *See* 11 U.S.C. § 521(a)(1)(B)(i); *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001). Plaintiff is judicially estopped from recovering restitution or damages from Bank of

America because Plaintiff failed to disclose his accrued claims against Bank of America in his Chapter 7 bankruptcy petition filed on August 22, 2011. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

18. Alternatively, Plaintiff lacks prudential standing to recover restitution or damages from Bank of America because the bankruptcy estate is the real party in interest for those claims. *See Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004); *In re IndyMac Bancorp, Inc.*, 2012 WL 1037481, at *12 (Bkrtcy. C.D. Cal. 2012).

**Article III Standing**

19. Plaintiff lacks Article III standing to seek injunctive relief against Bank of America under California Business & Professions Code §§ 17200 *et seq*. because Plaintiff does not have a current Bank of America mortgage or escrow account and will not have any such account in the future, and therefore is not at risk of suffering any present or future harm warranting the entry of injunctive relief. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

DATED: September 27, 2019           Respectfully submitted,

By:  */s/ Ashley Simonsen*
     MARK W. MOSIER
     ANDREW SOUKUP
     ASHLEY SIMONSEN
     COVINGTON & BURLING LLP

     DAVID L. PERMUT
     GOODWIN PROCTER LLP

     *Attorneys for Defendant*
     BANK OF AMERICA, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I caused a true and correct copy of Defendant Bank of America, N.A.'s [Proposed] Statement of Uncontroverted Facts and Conclusions of Law to be filed through the Court's CM/ECF system, which caused a true and correct copy of the same to be served on all counsel registered to receive electronic notices.

DATED: September 27, 2019           By:   */s/ Ashley Simonsen*
                                                                 ASHLEY SIMONSEN
                                                                 COVINGTON & BURLING LLP

                                                                 *Attorney for Defendant*
                                                                BANK OF AMERICA, N.A.

BANK OF AMERICA, N.A.'S [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW / Civil Case No. 2:14-cv-01855-GW