MARK W. MOSIER (*pro hac vice*)
Email: mmosier@cov.com
ANDREW SOUKUP (*pro hac vice*)
Email: asoukup@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street
Washington, D.C. 20001-4956
Telephone: +1 (202) 662-5066
Facsimile: + 1 (202) 778-5066

ASHLEY SIMONSEN (SBN 275203)
Email: asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

DAVID L. PERMUT (*pro hac vice*)
Email: DPermut@goodwinlaw.com
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, D.C. 20001
Telephone: + 1 (202) 346-4000

Attorneys for BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. LUSNAK, on behalf of himself and all others similarly situated, | Case No.: 2:14-CV-01855-GW(GJSx) |
| Plaintiffs, | **BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS** |
| v. | |
| BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive, | Hearing Date: November 14, 2019 |
| Defendants. | Hearing Time: 8:30 a.m. |
| | Judge: Hon. George Wu |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on November 14, 2019 at 8:30 a.m., or as soon thereafter as counsel may be heard by the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant Bank of America, N.A. will and hereby does move the Court for an Order staying all proceedings in this action until the United States Court of Appeals for the Ninth Circuit enters a final decision in the matter *McShannock v. JP Morgan Chase Bank N.A.*, No. 19-15899 (9th Cir. 2019). The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and papers on file herein, and any evidence and argument presented to the Court in the event there is a hearing.

Defendant respectfully requests an Order staying all proceedings in this action until the United States Court of Appeals for the Ninth Circuit enters a final decision in *McShannock v. JP Morgan Chase Bank N.A.*, No. 19-15899 (9th Cir. 2019).

## LOCAL RULE 7-3 STATEMENT

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 20, 2019.

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................ 1

BACKGROUND .............................................................................. 2

    A.    HOLA Provides Expansive Field Preemption. ...................................... 2

    B.    Plaintiff's Claims Raise HOLA Preemption Questions........................... 3

    C.    Related Cases Raise Similar Questions About HOLA Preemption............ 4

PROCEDURAL STANDARD ........................................................... 5

ARGUMENT .................................................................................. 5

I.    THE COURT SHOULD STAY THIS CASE UNTIL THE NINTH CIRCUIT
DECIDES *MCSHANNOCK*............................................................... 5

    A.    Plaintiff And The Putative Class Would Not Be Prejudiced By A Stay..... 6

    B.    Bank Of America Faces Real And Immediate Hardship From No Stay..... 7

    C.    *McShannock* Is Likely To Simplify Issues In This Case. ....................... 9

CONCLUSION...............................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                                              Page(s)

*Altumura v. L'Oreal, USA, Inc.*,
  2013 WL 4537175 (C.D. Cal. Aug. 26, 2013) ...................................................... 9

*Andrews v. Plains All American Pipeline, L.P.*,
  2018 WL 4191409 (C.D. Cal. Aug. 28, 2018) ...................................................... 7

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ...................................................................................... 8

*Brown v. Wal-Mart Stores, Inc.*,
  2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) .................................................... 8

*Campidoglio LLC v. Wells Fargo & Co.*,
  870 F.3d 963 (9th Cir. 2017) ................................................................... 1, 10

*Castillo v. Wells Fargo Bank, N.A.*,
  2016 WL 7479403 (C.D. Cal. May 12, 2016) .................................................... 2

*Cmty. House, Inc. v. City of Boise*,
  490 F.3d 1041 (9th Cir. 2007) ........................................................................10

*Conference of Fed. Sav. & Loan Assocs. v. Stein*,
  604 F.2d 1256 (9th Cir. 1979) ......................................................................... 2

*Douglas v. Cal. Dep't of Youth Auth.*,
  271 F.3d 812 (9th Cir. 2001) ..........................................................................10

*Duran v. Ocwen Mortg. Servicing, Inc.*,
  2017 WL 10526138 (C.D. Cal. Aug. 21, 2017) ................................................ 6

*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*,
  458 U.S. 141 (1982) ...................................................................................... 2

*Finder v. Leprino Foods Co.*,
  2017 WL 1355104 (E.D. Cal. Jan. 20, 2017) .................................................... 8

*Flagg v. Yonkers Sav. & Loan Ass'n*,
  396 F.3d 178 (2d Cir. 2005) ..........................................................................10

*Grigsby v. Wells Fargo Bank, N.A.*,
  2018 WL 1779338 (C.D. Cal. Apr. 12, 2018) ................................................... 1

*Hangarter v. Provident Life & Acc. Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) .......................................................................... 6

*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
  571 F.3d 672 (7th Cir. 2009) .......................................................................... 8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ...................................................................................... 5

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005).................................................................. 5, 6, 9

*Lusnak v. Bank of Am.*,
  883 F.3d 1185 (9th Cir. 2018)...................................................................... 4

*McShannock v. JP Morgan Chase Bank N.A.*,
  2019 WL 955289 (N.D. Cal. Feb. 27, 2019)................................................ 5

*McShannock v. JP Morgan Chase Bank N.A.*,
  354 F. Supp. 3d 1063 (N.D. Cal. 2018) ...................................................... 4

*SEC v. Jasper*,
  678 F.3d 1116 (9th Cir. 2012)....................................................................10

*Silvas v. E*Trade Mortg. Corp.*,
  514 F.3d 1001 (9th Cir. 2008)...................................................................... 3

*Simmons v. Wells Fargo Bank, N.A.*,
  2018 WL 5858615 (C.D. Cal. Nov. 5, 2018)........................................... 2, 10

*Simonoff v. Expedia, Inc.*,
  643 F.3d 1202 (9th Cir. 2011).....................................................................10

*Willcox v. Lloyds TSB Bank, PLC*,
  2016 WL 917893 (D. Haw. Mar. 7, 2016) .................................................. 8

STATUTES

12 U.S.C. § 1465(b) ..................................................................................... 3

12 U.S.C. § 5553 .......................................................................................... 3

Cal. Civ. Code § 2954.8............................................................... 1, 3, 4, 5, 9, 11

REGULATIONS

12 C.F.R. § 560.2.................................................................................... 2, 3, 9

OTHER AUTHORITIES

Office of the Clerk, United States Court of Appeals for the Ninth Circuit
  Frequently Asked Questions, *available at*
  https://www.ca9.uscourts.gov/content/faq.php (last visited Sept. 25,
  2019)............................................................................................................ 6

Ninth Circuit General Order 4.3...................................................................10

OCC Amicus Br., *Lusnak v. Bank of Am.*, No. 14-56755, 2018 WL
  3702582 (filed Apr. 23, 2018)...................................................................... 9

OTS, *Preemption of New York Laws Purporting to Regulate Escrow
  Accounts*, 2003 WL 24040106 (Oct. 6, 2003)............................................10

# INTRODUCTION

In this putative class action, Plaintiff Donald Lusnak alleges that Bank of America failed to pay him interest on the funds held in his mortgage escrow account, as he claims Cal. Civ. Code § 2954.8(a) requires.  But Plaintiff—along with hundreds of thousands of members of the putative class Plaintiff seeks to represent—originally entered into a loan agreement with Countrywide Bank, F.S.B. ("Countrywide Bank"), a federal savings association.  The Home Owners' Loan Act ("HOLA") and its implementing regulations therefore preempt the field of state laws that purport to regulate Plaintiff's loan and other loans originated by federal savings associations, including laws like Section 2954.8.  This remains true even after Bank of America acquired Plaintiff's mortgage.

If the Court has any doubts about this defense, however, then it should stay this case pending a ruling from the Ninth Circuit, which is poised to resolve this exact issue in another case involving alleged violations of Section 2954.8.  After the district court denied a motion to dismiss on a HOLA preemption argument indistinguishable from the one Bank of America makes here, the Ninth Circuit recently accepted an interlocutory appeal on this precise question.  *See McShannock v. JP Morgan Chase Bank, N.A.*, No. 19-80030, Dkt. 15 (9th Cir. April 23, 2019).  Briefing is well underway: Chase filed its opening brief on August 5, three entities filed an amicus brief in support of HOLA preemption on August 12, and the opposition brief is due on October 7.  *See id.*, No. 19-15899, Dkts. 14, 19, 27.

The question presented in *McShannock* and in this case has been heavily litigated in the district courts, but is a question of first impression for the Ninth Circuit.  *See Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 970–71 (9th Cir. 2017) ("Whether, and to what extent, HOLA applies to claims against a national bank when that bank has acquired a loan executed by a federal savings association is an open question" in the Ninth Circuit.).  This Court has itself issued dueling decisions on this issue.  *Compare Grigsby v. Wells Fargo Bank, N.A.*, 2018 WL 1779338, at *7–8 (C.D.

1    Cal. Apr. 12, 2018) (Wu, J.) (holding that HOLA preemption does not transfer when
2    loan is acquired by a national bank) *with Castillo v. Wells Fargo Bank, N.A.*, 2016 WL
3    7479403, at *3 n.3 (C.D. Cal. May 12, 2016) (Wu, J.) (holding that HOLA preemption
4    survives assignment to a national bank).  A "majority of cases," however, "have
5    concluded that HOLA preemption continues to apply to conduct related to loans
6    originated by a federally-chartered savings association even after those banks are
7    merged into national banking associations." *Simmons v. Wells Fargo Bank, N.A.*, 2018
8    WL 5858615, at *4 (C.D. Cal. Nov. 5, 2018).

9        A stay is therefore warranted pending the Ninth Circuit's ruling in *McShannock*.
10   The Ninth Circuit is likely to side with the "majority" of courts holding that national
11   banks are entitled to HOLA preemption when they acquire loans originated by federal
12   savings associations.  If it does so, then Plaintiff's claims—and the claims of many
13   class members—will fail.  Plaintiff, who seeks to recover only $74.73, will suffer no
14   prejudice from a stay pending the Ninth Circuit's decision.  Bank of America, by
15   contrast, will incur significant expense if this Court certifies a class and directs notice to
16   be provided to the putative class.  A stay will also allow for the efficient allocation of
17   judicial resources: This Court need not duplicate the Ninth Circuit's efforts in
18   connection with the pending class certification and summary judgment briefing that
19   raise HOLA preemption issues, and instead can simply await the Ninth Circuit's final
20   answer to the same issues that Bank of America raises here.

21                                **BACKGROUND**
22       **A.    HOLA Provides Expansive Field Preemption.**
23       HOLA was "a radical and comprehensive response" to Congress's
24   "dissatisfaction with state law and practice in the financing of home construction"
25   during the Great Depression.  *Conference of Fed. Sav. & Loan Assocs. v. Stein*, 604
26   F.2d 1256, 1257 (9th Cir. 1979).  Through HOLA, Congress created a system of
27   federally-charted savings associations governed by federal regulators rather than by
28   individual states.  *See Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141,

1  161 (1982).  From 1996 through 2011, federal law "occupie[d] the entire field of

2  lending regulation for federal savings associations."  12 C.F.R. § 560.2(a).  The federal

3  regulations governing these banks had "no less preemptive effect than federal statutes"

4  and left "no room for state regulatory control."  *Silvas v. E\*Trade Mortg. Corp.*, 514

5  F.3d 1001, 1004–05 (9th Cir. 2008).

6      Loans originated by federal savings associations between 1996 and 2011 were

7  expressly exempt from state laws regarding (i) escrow accounts; (ii) terms of credit; (iii)

8  loan-related fees; (iv) the servicing, sale or purchase of, or investment in mortgages;

9  and more.  *See* 12 C.F.R. § 560.2(b).  Indeed, any state law that "affect[ed] lending" by

10 federal savings associations was presumptively preempted unless it fit into a narrow

11 category of generally applicable laws with only incidental effects on federal banking

12 power.  *Silvas*, 514 F.3d at 1005.[1]

13      **B.    Plaintiff's Claims Raise HOLA Preemption Questions.**

14      Plaintiff received a mortgage loan from Countrywide Bank, a federal savings

15 association, in 2009.  ECF No. 83-6, Patterson Decl. ¶ 7.  Bank of America, a national

16 bank, subsequently acquired Plaintiff's loan when it acquired the parent of Countrywide

17 Bank.  *See id.* ¶ 8.

18      Plaintiff filed this putative class action in 2014, alleging that Bank of America

19 violated California law and the terms of Plaintiff's deed of trust by failing to pay

20 interest on the funds in his mortgage escrow account.  *See* ECF No. 1.  Plaintiff's

21 claims rest on the premise that California law requires Bank of America to pay interest

22 on the funds held in certain mortgage escrow accounts.  Although a California statute

23 purports to impose that requirement on all financial institutions, *see* Cal. Civ. Code

24 § 2954.8, federal law preempts the state law requirement in many instances.

25      Bank of America moved to dismiss the lawsuit on federal preemption grounds.

26

27 [1] Although Congress has since diminished HOLA's preemptive effect by eliminating
HOLA field preemption, *see* 12 U.S.C. § 1465(b), that change does not apply "to any
contract entered into on or before July 21, 2010, by . . . Federal savings associations,"
28 such as Plaintiff's mortgage loan, *id.* § 5553.

*See* ECF No. 26.  This Court agreed with Bank of America's National Bank Act preemption arguments and dismissed the Amended Complaint in October 2014.  *See* ECF No. 33.

The Ninth Circuit reversed, holding that the National Bank Act does not preempt Section 2954.8 as applied to Plaintiff's loan.  *See Lusnak v. Bank of Am.*, 883 F.3d 1185 (9th Cir. 2018).  However, the Court did not consider, or resolve, any questions about HOLA preemption.  *See id.* at 1190 (describing National Bank Act preemption as the "central question" on appeal).  In fact, the Ninth Circuit declared "inapposite" the abundant authority holding that HOLA and its regulations preempt laws like Section 2954.8.  *Id.* at 1196.

On remand, Bank of America has presented its HOLA preemption argument as applied to Plaintiff's loan and to the loans of other putative class members whose mortgages were originated by federal savings associations.  *See, e.g.*, ECF No. 57, Tenth Affirmative Defense; ECF No. 61, at 5; ECF No. 83-1, at 4–16; ECF No. 84, at 7–10.  As Bank of America has argued, HOLA preemption means both that Plaintiff's individual claim fails and that class certification is inappropriate.  ECF No. 83-1, at 4–16; ECF No. 84, at 7–10.

## C.    Related Cases Raise Similar Questions About HOLA Preemption.

In the wake of the Ninth Circuit's ruling in this case, several putative class actions have been brought against other lenders alleging violations of Section 2954.8.  One of those cases is *McShannock v. JP Morgan Chase Bank N.A.*, No. 3:18-cv-01873 (N.D. Cal. 2018).  Like Bank of America, Chase is a national bank chartered under the National Bank Act and regulated by the Office of the Comptroller of the Currency ("OCC").  Also like Bank of America, Chase owns and services many mortgages originated by federal savings associations chartered under HOLA.  *See McShannock v. JP Morgan Chase Bank N.A.*, 354 F. Supp. 3d 1063, 1067 (N.D. Cal. 2018).  The *McShannock* plaintiffs seek to represent a class of California borrowers in a lawsuit against Chase premised on essentially the same theory that Plaintiff asserts here.  *See id.*

at 1067–68. And Chase has raised similar defenses, including that the *McShannock* plaintiffs' claims are preempted under HOLA because their loans were originated by a federal savings association. *See id.* at 1072–77.

Chase moved to dismiss *McShannock* on the ground of HOLA preemption, and the district court denied the motion. *See id.* But recognizing that "the controlling law is unclear," the district court certified its order for interlocutory appeal. *McShannock v. JP Morgan Chase Bank N.A.*, 2019 WL 955289, at *2 (N.D. Cal. Feb. 27, 2019). The Ninth Circuit then granted Chase's petition to appeal. *McShannock v. JP Morgan Chase Bank, N.A.*, No. 19-80030, Dkt. 15 (9th Cir. April 23, 2019). Proceedings in the district court in *McShannock* have been stayed pending a ruling from the Ninth Circuit. *See McShannock*, 2019 WL 955289, at *2.

## PROCEDURAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). This includes the power to stay proceedings in a case. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). When considering a motion to stay in this context, courts weigh competing interests, including (1) "the possible damage that may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110.

## ARGUMENT

### I. THE COURT SHOULD STAY THIS CASE UNTIL THE NINTH CIRCUIT DECIDES *McSHANNOCK*.

A stay is warranted here for at least three reasons. *First*, Plaintiff and the putative class would not be prejudiced by a stay. *Second*, the hardships and inequities for Bank of America will be serious and immediate if a class is certified and the case

proceeds.  *Third*, the Ninth Circuit's *McShannock* decision will resolve a likely dispositive question of law:  whether HOLA preempts Section 2954.8 as applied to loans originated by federal savings associations but sold or transferred to other types of lenders or investors.  A stay will also promote the public interest by efficiently allocating judicial resources and eliminating the need for this Court and the Ninth Circuit to simultaneously grapple with Bank of America's HOLA preemption arguments.

### A.    Plaintiff And The Putative Class Would Not Be Prejudiced By A Stay.

A stay would not prejudice any parties.  The parties appear to agree that the significant discovery work is done:  Bank of America has moved for summary judgment on Plaintiff's individual claims, ECF No. 83, and Plaintiff believes that his claims and the claims of the putative class could "be adjudicated on a motion for summary judgment," ECF No. 76, at 24.  Plaintiff also has not identified any further data, documents, or deposition testimony necessary to make his—and the putative class's—claims in court.  *See id.*, at 2–3.  As a result, neither party stands to suffer prejudice from lost or stale evidence.  *Cf. Duran v. Ocwen Mortg. Servicing, Inc.*, 2017 WL 10526138, at *2 (C.D. Cal. Aug. 21, 2017) (Wu, J.) (finding only "slight-to-nonexistent" harm where there was no substantial likelihood of "a potential loss of evidence").

Instead, any damage here will simply be a delay in final resolution of the merits.  But where a plaintiff seeks "only damages" and alleges "no continuing harm," a stay of proceedings will "result, at worst, in a delay in its monetary recovery."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  That minimal damage cannot outweigh other factors, such as significant potential prejudice to a defendant, or "considerable assistance" to be gained from the resolution of a different proceeding.  *See id.*

It is undisputed that Plaintiff no longer has a loan with Bank of America.  *See* ECF No. 83-2, Statement of Uncontroverted Facts ¶ 26.  He therefore lacks Article III

1    standing to seek any purely prospective injunctive relief.  *See Hangarter v. Provident*

2    *Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); ECF No. 83-1, at 22.  Rather,

3    Plaintiff's only realistic recovery would be a monetary award—and a very small one,

4    which his expert calculates to be $74.73.  *See* ECF No. 76, at 7.

5            Nor is the delay likely to be long.  According to the Ninth Circuit, civil appeals

6    are generally argued within 9 to 12 months of completed briefing, with a decision

7    issuing within 3 to 12 months thereafter.  *See* Office of the Clerk, <u>United States Court</u>

8    <u>of Appeals for the Ninth Circuit Frequently Asked Questions</u>, *available at*

9    https://www.ca9.uscourts.gov/content/faq.php (last visited Sept. 25, 2019).  On those

10   timelines, a decision in *McShannock* may well issue before the end of 2020.  A short

11   delay of a small monetary recovery is entitled to little weight.

12           **B.    Bank Of America Faces Real And Immediate Hardship From No Stay.**

13           The potential costs to Bank of America from proceeding while *McShannock* is

14   pending are likely significant.

15           *First*, if a class is certified, Bank of America will incur significant costs

16   identifying and providing notice to the class.  "'Ordinarily, notice to class members

17   should be given promptly after the certification order is issued.'"  *Andrews v. Plains All*

18   *American Pipeline, L.P.*, 2018 WL 4191409, at *2 (C.D. Cal. Aug. 28, 2018) (quoting

19   *Manual for Complex Litigation* (Fourth) § 21.311 (2004)).  If the case proceeds and a

20   class is certified, Bank of America may need to provide notice to hundreds of thousands

21   of potential class members.  *See* ECF No. 76, at 3 (Plaintiff's estimated class size).

22   That will impose significant costs on Bank of America.

23           The difficulty and expense of providing notice will be magnified because

24   Plaintiff's expert has admitted that he cannot systematically determine who is in the

25   proposed class.  As Plaintiff's expert admitted at his deposition, Plaintiff cannot easily

26   differentiate loans that were made or purchased by Bank of America (and therefore are

27   included in the putative class) from those Bank of America merely serviced (and

28   therefore fall outside of the proposed class).  ECF No. 84-4, Olsen Dep. 79:21–83:24.

1    Nor can Plaintiff's expert identify which customers might actually have received all
2    required interest, but whose interest payments were coded as miscellaneous
3    transactions. *Id.* 109:25–110:9, 114:13–115:2.  Instead, a burdensome loan-by-loan
4    review of 2.1 million loan files will be needed to identify who is in the class. *See* ECF
5    No. 84, at 21.
6        The burden of ascertaining and notifying putative class members is a significant
7    cost consideration.  Indeed, courts have stayed proceedings where much smaller classes
8    could have imposed "class notice" and "litigation costs and fees" that would be
9    "significant."  *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4 (N.D. Cal.
10   Nov. 15, 2012) (entering a stay pending appeal of a class of 22,000 persons); *see also,*
11   *e.g.*, *Finder v. Leprino Foods Co.*, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017)
12   ("time to be expended on resolving questions of certification" and "giving putative class
13   members notice of claims" justified a stay where the claims "may be mooted by
14   resolution of the appeal").  Worse, Bank of America will be defending against a class
15   representative who may not even have a viable individual claim because his loan is
16   subject to HOLA preemption.  *See* ECF No. 83-1, at 4–16.
17       *Second*, class certification orders contribute to "'in terrorem' settlements" in
18   which defendants settle even "questionable claims" to avoid the risk of a "devastating
19   loss."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011).  If a class is
20   certified that includes individuals whose loans are subject to HOLA preemption, like
21   Plaintiff, the class will have inflated bargaining power *even though* the Ninth Circuit
22   will likely soon hold that "a great many persons" in the class "have suffered no injury."
23   *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) (discussing the *in*
24   *terrorem* effects of class actions).  The costs associated with "settlement discussions"
25   that follow from an order certifying a class are a factor courts can consider when
26   determining whether a stay is warranted.  *See Finder*, 2017 WL 1355104, at *4.  That
27   concern is especially acute here, because HOLA preemption means that Plaintiff will
28   have no viable claim and the putative class will have no representative.

1    *Finally*, Bank of America also faces reputational harm.  If class notice proceeds,

2    and if customers with loans subject to HOLA preemption are included, then many

3    customers with respect to whom Bank of America acted lawfully will instead be

4    advised that Bank of America potentially violated state law.  It would be prejudicial to

5    Bank of America to convey a message that customers were mistreated, when in fact

6    many customers were not entitled to interest on their escrowed funds due to HOLA

7    preemption.  *Cf., e.g.*, *Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893, at *7 (D.

8    Haw. Mar. 7, 2016) (finding that premature notice would damage bank's reputation *and*

9    potentially harm class members who "hire attorneys to assist them in making a decision

10   whether or not to opt out of the class" only to be later excluded from class); *Altumura v.

11   L'Oreal, USA, Inc.*, 2013 WL 4537175, at *2–3 (C.D. Cal. Aug. 26, 2013) (finding that

12   a stay of proceedings was warranted because premature class notice might

13   "unnecessarily damage [the defendant's] reputation if the . . . class is decertified on

14   appeal").  This reputational harm is especially acute on the facts of this case:  When

15   Bank of America did not pay interest, it did so because its regulators have taken (and

16   continue to take) the position that national banks and federal savings associations have

17   no obligation to comply with laws like Section 2954.8.  *See* 12 C.F.R. § 560.2(b)(6)

18   (HOLA preemption); *id*. § 34.4(a)(6) (National Bank Act preemption); OCC Amicus

19   Br., *Lusnak v. Bank of Am.*, No. 14-56755 (filed Apr. 23, 2018), 2018 WL 3702582, at

20   *9 (reaffirming the OCC's view that Section 2954.8 is preempted).  In fact, Bank of

21   America has been focused on creating a positive customer experience by ensuring that

22   customers who previously received interest on escrow before Bank of America became

23   involved with their loan continued to receive such payments, even when federal

24   preemption was otherwise available.  *See* ECF No. 84-7, Orriss Decl. ¶ 8.

25       As between Plaintiff and Bank of America, the balance of hardships tips sharply

26   in Bank of America's favor.

27   **C.    *McShannock* Is Likely To Simplify Issues In This Case.**

28       Finally, awaiting a ruling in *McShannock* would promote "the orderly course of

9

justice." *Lockyer*, 398 F.3d at 1109.  *McShannock* will be of "considerable assistance," *id.*, because it is likely to resolve a key legal issue central to Plaintiff's case.  Thus, a stay pending resolution of *McShannock* will most efficiently allocate judicial resources.

*McShannock* squarely presents a potentially dispositive question that the Ninth Circuit has already said requires an answer:  "Whether, and to what extent, HOLA applies to claims against a national bank when that bank has acquired a loan executed by a federal savings association." *Campidoglio LLC*, 870 F.3d at 970–71.  If HOLA preemption applies to such loans, then the great weight of judicial and regulatory authority holds that Plaintiff's claims are preempted.  *See, e.g.*, 12 C.F.R. § 560.2(b)(6) (HOLA preempts state laws purporting to regulate "escrow accounts"); *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 184 (2d Cir. 2005) (holding that HOLA preempts New York's state law requirement to pay interest on mortgage escrow accounts); OTS, *Preemption of New York Laws Purporting to Regulate Escrow Accounts*, 2003 WL 24040106, at *2–3 (Oct. 6, 2003) (reaching the same conclusion). Because the question is "open" in the Ninth Circuit, *Campidoglio LLC*, 870 F.3d at 970–71, a published and precedential disposition is likely.  *See* Ninth Circuit General Order 4.3 ("an opinion for publication . . . is designed to clarify the law of the circuit" and "should be written if at least one member of the panel deciding the case specifically determines that a published decision is necessary").

Moreover, the Ninth Circuit is likely to conclude that HOLA preemption in fact applies in the circumstances of this case:  a sale or transfer of a mortgage loan from a federal savings association originator to a national bank.  Those are the facts of *McShannock*, and they are the facts here.  A "majority of cases" have taken this position, *Simmons*, 2018 WL 5858615, at *4, and the Ninth Circuit often follows the "majority of district courts" on unsettled issues.  *See, e.g.*, *SEC v. Jasper*, 678 F.3d 1116, 1123 (9th Cir. 2012); *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1210 (9th Cir. 2011); *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1050 & n.5 (9th Cir. 2007); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 820 (9th Cir. 2001).  The majority

position is also correct.  As more fully set out in Bank of America's Motion for Summary Judgment, the majority approach is consistent with applicable preemption principles, with the terms of the deeds of trust, and with well-established contract law principles.  *See* ECF No. 83-1, at 4–16.

A precedential decision in *McShannock* that applies HOLA preemption to facts analogous to Plaintiff's will end this case.  There is only one named plaintiff in this case, and he has no viable individual claims because HOLA preempts Section 2954.8 as applied to his loan.  *See id.*  Even if a new plaintiff were added at this late stage whose claims were not preempted by HOLA, the answer *McShannock* will provide about whether HOLA preemption applies to many (but not all) of the loans in the proposed class—*i.e.*, those that Bank of America acquired from federal savings associations like Countrywide Bank—will inform the Court's understanding of commonality and predominance issues in class certification.  *See* ECF No. 84, at 7–10.

A stay will also serve the public interest more broadly, as it will efficiently allocate judicial resources.  A Ninth Circuit panel is already poised to consider and decide the same HOLA preemption questions applicable to this case.  Rather than duplicate that work, a stay will allow the Court to delay its decisions on class certification and summary judgment here to ensure that they accurately reflect governing circuit precedent, thereby obviating concerns about a further appeal to the Ninth Circuit on these same issues.

## CONCLUSION

If the Court is not prepared to enter summary judgment for Bank of America on Plaintiff's individual claim, then the Court should grant this motion and stay further proceedings pending the Ninth Circuit's disposition in *McShannock v. JP Morgan Chase Bank N.A.*, No. 19-15899 (9th Cir. 2019).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  September 27, 2019          Respectfully submitted,

By:    */s/ Ashley Simonsen*
_____
MARK W. MOSIER
ANDREW SOUKUP
ASHLEY SIMONSEN
COVINGTON & BURLING LLP

DAVID L. PERMUT
GOODWIN PROCTER LLP

*Attorneys for Defendant*
BANK OF AMERICA, N.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I caused a true and correct copy of the foregoing to be filed through the Court's CM/ECF system, which caused a true and correct copy of the same to be served on all counsel registered to receive electronic notices.

DATED:  September 27, 2019          By:    */s/ Ashley Simonsen*
                                                         ASHLEY SIMONSEN
                                                         COVINGTON & BURLING LLP

                                                         *Attorney for Defendant*
                                                         BANK OF AMERICA, N.A.