# EXHIBIT 1

## TO THE

## JOINT DECLARATION OF ROGER N. HELLER AND RICHARD D. MCCUNE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E)

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*") is entered into by and between Plaintiff Donald Lusnak ("*Settlement Class Representative*"), on behalf of himself and the putative Settlement Class (as defined below), on the one hand, and Defendant Bank of America, N.A. ("*Bank of America*") (collectively referred to as the "*Parties*").  This Settlement Agreement is conditioned upon and subject to approval of the Court as required by Rule 23 of the Federal Rules of Civil Procedure.  Settlement Class Counsel (as defined below) and the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the Effective Date (as defined below), the Lawsuit (as defined below) and all Released Claims (as defined below) shall be finally and fully settled, compromised, and released, on the following terms and conditions:

## RECITALS

**1.**     WHEREAS, on March 12, 2014, Plaintiff filed a putative class action lawsuit in the United States District Court for the Central District of California, styled *Lusnak v. Bank of America, N.A.*, Case No. 2:14-CV-1855 ("*Lawsuit*");

**2.**     WHEREAS, the Lawsuit alleged that Bank of America failed to comply with California Civil Code § 2954.8(a) by not paying interest on funds held in certain California mortgage escrow accounts;

**3.**     WHEREAS, Bank of America denies that it has engaged in any wrongdoing and denies all claims asserted by Plaintiff in the Lawsuit;

**4.**     WHEREAS, the Parties desire to resolve all claims that are asserted or could have been asserted in the Lawsuit relating to Bank of America's alleged failure to comply with California Civil Code § 2954.8(a) by not paying interest on funds held in certain California mortgage escrow accounts;

**5.**     WHEREAS, in light of the Ninth Circuit's decision in this Lawsuit, Bank of America has modified its policies and practices with respect to the payment of interest on funds held in California mortgage escrow accounts, such that beginning in 2019, Bank of America will pay interest on the funds in all such mortgage escrow accounts;

**6.**     WHEREAS, on October 28, 2019, the Parties and their respective counsel participated in a full-day mediation in Boston, Massachusetts with mediator Eric Green, at which, after extensive arms-length negotiations, the Parties reached an agreement in principle to settle on the terms and conditions embodied in this Settlement Agreement;

**7.**     WHEREAS, Settlement Class Counsel has conducted discovery relating to the Lawsuit, has analyzed the legal issues in the case, and has engaged in motion practice in connection with the Lawsuit, and Settlement Class Counsel believes that the proposed settlement of the Lawsuit, as set forth herein, is fair, reasonable, and adequate, and in the best interests of the putative Settlement Class and that this Settlement Agreement should be approved by the Court under Federal Rule of Civil Procedure 23(e);

**8.**     WHEREAS, Bank of America is entering into this Settlement Agreement to avoid the costs and uncertainties of continued litigation of the Lawsuit, and Bank of America also believes that the Settlement Agreement is fair, reasonable, and adequate, and that the Settlement Agreement should be approved by the Court under Federal Rule of Civil Procedure 23(e);

**9.**     WHEREAS, the Settlement Agreement resolves the Lawsuit in its entirety, without any admission of liability, and the Parties intend this Settlement Agreement to bind the Parties and all Settlement Class Members who have not timely and validly excluded themselves, as provided herein, from the Settlement Class.

**1.**     **Definitions.**

Unless otherwise indicated, the following shall be defined terms for purposes of this Settlement Agreement.  Some of the definitions in this Section use terms that are defined later in the Section.  All defined terms are italicized and listed in alphabetical order:

**1.1.**     As used herein, the term "***Bank of America's Counsel***" means the law firms of Covington & Burling LLP and Goodwin Procter LLP.

**1.2.**     As used herein, the term "***Calculation Advisor***" means Arthur Olsen of Cassis Technology, LLC (subject to Court approval), who shall assist in compiling the Preliminary Settlement Class Member List and calculating the Settlement Payment amounts for the Settlement Class Members, as set forth in Sections 3.4 and 4.2 herein.  The fees and costs of the Calculation Advisor shall be paid by Settlement Class Counsel, subject to reimbursement as part of Settlement Class Counsel's request for attorneys' fees and expenses.

**1.3.**     As used herein, the term "***Claims***" means any and all actual or potential claims, counterclaims, actions, causes of action, suits, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, nominal, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, discovered or undiscovered, whether asserted in federal court, state court, arbitration, or otherwise, whether asserted in an individual action, a class action, a *parens patriae* action, or a representative action, and whether triable before a judge or jury or otherwise.

**1.4.**     As used herein, the term "***Court***" means the United States District Court for the Central District of California.

**1.5.**     As used herein, the term "***Effective Date***" means the date on which all of the following events have occurred: (a) the Court has entered a final judgment approving this Settlement Agreement and dismissing the Lawsuit; <u>and</u> (b) either: (i) the time to appeal from the Court's final judgment approving this Settlement Agreement, including the Court's ruling on attorneys' fees and service awards, has expired and no appeal has been taken; or (ii) if a timely appeal of the Court's final judgment approving this Settlement Agreement is taken, the date on which the final judgment and/or ruling on attorneys' fees and service awards are no longer

2

subject to further direct appellate review if the final judgment (other than as to attorneys' fees, costs, or service award) has not been reversed in any way.

**1.6.** As used herein, the term "***Email Notice***" means the notice of the terms of the proposed Settlement that shall be provided to Settlement Class Members in the manner contemplated by Section 4.2(a) herein. The Email Notice shall be substantially in the form attached as Exhibit D hereto.

**1.7.** As used herein, the term "***Exclusion/Objection Deadline***" means sixty (60) days after the Notice Date.

**1.8.** As used herein, the term "***Fee, Cost, and Service Award Order***" means order(s) by which the Court approves (or disapproves in whole or part) any Settlement Class Counsel Attorneys' Fee and Cost Award and any Settlement Class Representative Service Award.

**1.9.** As used herein, the term "***Final Approval Hearing***" means the hearing the Court will conduct to consider whether to grant final approval to this Settlement Agreement. The Final Approval Hearing shall be held at a time, date, and location that will be stated in the Notice and the Preliminary Approval Order.

**1.10.** As used herein, the term "***Final Order and Judgment***" means the final order and judgment, substantially in the form of Exhibit B hereto, by which the Court finally approves this Settlement Agreement and directs its consummation pursuant to its terms and conditions, approves the Releases and dismisses the Claims asserted in the Lawsuit with prejudice, enters a final judgment in accordance with this Settlement Agreement, and makes such other final rulings as are contemplated by this Settlement Agreement.

**1.11.** As used herein, the term "***Lawsuit***" means the civil action styled *Lusnak v. Bank of America, N.A.*, Case No. 2:14-CV-1855, currently pending in the United States District Court for the Central District of California.

**1.12.** As used herein, the term "***Mortgage Escrow List***" means a list provided by Bank of America to the Calculation Advisor of all mortgage loan customers of Bank of America—including any customers whose loans were originated by Bank of America, whose loans Bank of America later acquired an ownership interest in, or whose loans Bank of America serviced—who: (i) are or were borrowers on a mortgage loan for a one- to four-family residence located in California, (ii) who paid Bank of America money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and (iii) whose payments were held in an escrow account by Bank of America at any time from July 1, 2008 to December 31, 2018. ("Bank of America" as used in this definition includes Bank of America Corp., Bank of America, N.A., and their subsidiaries or predecessors.). The Mortgage Escrow List shall include the transactional history for each mortgage escrow account,[1] a unique identification number, and other information that Bank of America and Settlement Class Counsel

---

[1] Bank of America previously produced in discovery the transactional history data and mortgage loan data for the period January 1, 2010 through February 19, 2019.

may mutually agree shall be provided to the Calculation Advisor to enable him to perform his duties under this Settlement Agreement (including information the Calculation Advisor needs to prepare the Preliminary Settlement Class Member List and/or determine the Settlement Payment amount for each Settlement Class Member).  The Mortgage Escrow List shall be provided by Bank of America to the Calculation Advisor in the form of an Excel spreadsheet or spreadsheets.

  **1.13.** As used herein, the term "***Net Settlement Amount***" means the Settlement Consideration *minus*: (a) all Notice and Settlement Administration Costs (including the Notice and Settlement Administration Costs Advance, but excluding any administrative costs associated with distributing any residual Settlement Payment funds as contemplated by Section 3.5(c) herein); (b) any Court-approved Settlement Class Counsel Attorneys' Fee and Cost Award; (c) any Court-approved Settlement Class Representative Service Award; and (d) any and all other costs, expenses, and other payments (besides the Settlement Payments) that are expressly contemplated under this Settlement Agreement as being paid from the Settlement Consideration.

  **1.14.** As used herein, the term "***Notice***" means the notice of the terms of the proposed Settlement contemplated by Section 4.2 of this Settlement Agreement, and shall include the Settlement Website, the Website Notice, the Email Notice, the Postcard Notice, and the Publication Notice.

  **1.15.** As used herein, the term "***Notice and Settlement Administration Costs***" means all fees, costs, and other expenses of the Settlement Administrator related to the implementation and administration of the Settlement as set forth in this Settlement Agreement.

  **1.16.** As used herein, the term "***Notice and Settlement Administration Costs Advance***" means an advance on the Notice and Settlement Administration Costs in the amount of $335,000 to be paid to the Settlement Administrator by Bank of America within 30 days of the entry date of the Preliminary Approval Order.

  **1.17.** As used herein, the term ***"Notice Date"*** means ninety (90) days after entry of the Preliminary Approval Order.

  **1.18.** As used herein, the term "***Postcard Notice***" means the notice of the terms of the proposed Settlement that shall be provided to Settlement Class Members in the manner contemplated by Section 4.2(b) herein.  The Postcard Notice shall be substantially in the form attached as Exhibit E hereto.

  **1.19.** As used herein, the term "***Preliminary Approval Order***" means the order, substantially in the form of Exhibit A hereto, by which the Court preliminarily approves this Settlement Agreement; certifies, for settlement purposes only, a Rule 23(b)(3) Settlement Class (as defined herein); stays further proceedings in the Lawsuit and stays any litigation of the Released Claims by any Settlement Class Member pending final settlement approval; authorizes the sending of class notice; and contains such additional terms as are common in such orders and are reasonably requested by a Party.

  **1.20.** As used herein, the term "***Preliminary Settlement Class Member List***" means the list, to be provided to Bank of America and Settlement Class Counsel by the Calculation Advisor, of loans on the Mortgage Escrow List that the Calculation Advisor determines, based

on his analysis of the transactional data provided by Bank of America in the Mortgage Escrow List, are within the Settlement Class definition (i.e., they did not receive at least 2 percent simple interest per annum on the amounts held by Bank of America from July 1, 2008 to December 31, 2018 for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property).  In making this determination, the Calculation Advisor shall use the transactional data provided by Bank of America in the Mortgage Escrow List and the same methodology described in Section 3.4(d)(i) herein.  The Preliminary Settlement Class Member List shall be provided in the form of an Excel spreadsheet or spreadsheets or in a similar format.

**1.21.**   As used herein, the term "***Publication Notice***" means the notice of the terms of the proposed Settlement in the manner contemplated by Section 4.2(c) herein.  The Publication Notice shall be substantially in the form attached as Exhibit F hereto.

**1.22.**   As used herein, the term "***Releases***" means the releases and covenants not to sue granted pursuant to Section 3.8(a), Section 3.8(b), and Section 3.8(c) herein.

**1.23.**   As used herein, the term "***Released Claims***" means any Claims, related to mortgage loans secured by 1-4 family residences located in California, which the Plaintiff or any Settlement Class Member ever had, now have, or may have in the future, arising out of or in any way relating to conduct that occurred as of the date of this Settlement Agreement relating to (a) any alleged failure to pay interest on funds held in mortgage escrow accounts; (b) any acts or omissions that were raised or could have been raised in the Lawsuit regarding non-payment of interest on funds held in mortgage escrow accounts; or (c) any claim related in any way to any claimed violation of 15 U.S.C. § 1639d(g)(3) or California Civil Code § 2954.8(a).

**1.24.**   As used herein, the term "***Released Parties***" means Bank of America, N.A., together with its predecessors, successors (including, without limitation, acquirers of all or substantially all of its assets, stock or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents (including, but not limited to holding companies and Bank of America Corp.), subsidiaries and affiliates of any of the above (including Bank of America Home Loans Servicing, L.P.); any entity for whom any of the above is servicing a mortgage loan on behalf of any Bank of America entity; any entity for whom any Bank of America entity is servicing a mortgage loan; and the past, present, and future principals, trustees, partners (including, without limitation, affinity, agent bank, and private label and co-brand partners), officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock, or other ownership interests), assigns, representatives, heirs, executors, and administrators of any of the above.

**1.25.**   As used herein, the term "***Releasing Parties***" means Plaintiff and each and every Settlement Class Member, on behalf of themselves and their respective predecessors, successors, assigns, and any person claiming by, for, or through them.  Releasing Parties shall not include any persons within the Settlement Class definition who submit a timely and valid Request for Exclusion pursuant to Section 4.3 herein.

5

**1.26.** As used herein, the terms "***Request for Exclusion***" or "***Requests for Exclusion***" means the process by which persons within the Settlement Class definition may exclude themselves from the Settlement Class, as contemplated in Section 4.3 herein.

**1.27.** As used herein, the term "***Settlement***" means the full and final resolution of the Lawsuit and related claims effectuated by this Settlement Agreement.

**1.28.** As used herein, the term "***Settlement Agreement***" means this Class Action Settlement Agreement and Release.

**1.29.** As used herein, the term "***Settlement Administrator***" means Epiq Class Action & Claims Solutions, Inc. (subject to Court approval), which shall perform the administrative services described in this Settlement Agreement and such other reasonable services to effectuate this Settlement Agreement, as required by law, with the consent of both Settlement Class Counsel and Bank of America's Counsel, or as approved by the Court.

**1.30.** As used herein, the term "***Settlement Class***" means:

> All mortgage loan customers of Bank of America—including any customers whose loans were originated by Bank of America, whose loans Bank of America later acquired an ownership interest in, or whose loans Bank of America serviced—whose mortgage loan is or was for a one- to four-family residence located in California, and who paid Bank of America money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and did not receive at least 2 percent simple interest per annum on the amounts so held by Bank of America from July 1, 2008 to December 31, 2018. "Bank of America" as used in this definition includes Bank of America Corp., Bank of America, N.A., and their subsidiaries or predecessors.

**1.31.** As used herein, the term "***Settlement Class Counsel***" means the law firms of McCune Wright Arevalo, LLP and Lieff Cabraser Heimann & Bernstein, LLP.

**1.32.** As used herein, the term "***Settlement Class Counsel Attorneys' Fee and Cost Award***" means such amount of attorneys' fees and costs, not to exceed $8,750,000, awarded by the Court to Settlement Class Counsel, to be paid from the Settlement Consideration.

**1.33.** As used herein, the term "***Settlement Class Member***" means any person who is within the Settlement Class definition and who has not submitted a timely and valid Request for Exclusion pursuant to Section 4.3 herein. For the purposes of this definition, co-borrowers on a single mortgage are treated as a single Settlement Class Member.

**1.34.** As used herein, the term "***Settlement Class Member List***" means the list, to be provided to the Settlement Administrator by Bank of America, of individuals on the Preliminary Settlement Class Member List with additional information added as set forth in this paragraph. All individuals or loans listed on the Mortgage Escrow List shall be included on the Settlement Class Member List, unless the Calculation Advisor determines that the mortgage loan customer received at least 2 percent simple interest per annum on the amounts held by Bank of America

6

from July 1, 2008 to December 31, 2018 for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property.  The Settlement Class Member List shall consist of all of the unique identification numbers from the Preliminary Settlement Class Member List matched with the name and contact information of the corresponding borrower(s), including such borrower(s)' names, last-known email address according to Bank of America's electronic records (to the extent any email address exists in Bank of America's reasonably accessible records), their last-known mailing address according to Bank of America's electronic records, and other information that Bank of America and Settlement Class Counsel may mutually agree shall be provided to the Settlement Administrator to enable it to perform its duties under this Settlement Agreement.  The Settlement Class Member List shall be provided by Bank of America to the Settlement Administrator in the form of an Excel spreadsheet or spreadsheets.

 **1.35.** As used herein, the terms "***Settlement Class Representative***" and ***"Plaintiff"*** mean Plaintiff Donald Lusnak.

 **1.36.** As used herein, the term "***Settlement Class Representative Service Award***" means an amount, not to exceed $10,000, awarded at the discretion of the Court, intended to compensate Plaintiff for his commitment in the Lawsuit and his work done on behalf of the Settlement Class, to be paid to Plaintiff from the Settlement Consideration.

 **1.37.** As used herein, the term "***Settlement Consideration***" means the total cash consideration of thirty-five million dollars ($35,000,000.00) to be paid by Bank of America under the Settlement Agreement.

 **1.38.** As used herein, the term "***Settlement Fund Escrow Account***" means the interest-bearing account at an FDIC-insured financial institution holding the Settlement Consideration, to be maintained by the Settlement Administrator pursuant to the terms of any escrow agreement established between Bank of America and Settlement Class Counsel.

 **1.39.** As used herein, the term "***Settlement Payment(s)***" means the payments to be made to Settlement Class Members as set forth in Sections 3.4 and 3.5 of this Settlement Agreement.

 **1.40.** As used herein, the term "***Settlement Payment List***" means the list, to be provided to Bank of America, Settlement Class Counsel, and the Settlement Administrator by the Calculation Advisor, which shall be a supplement to the Preliminary Settlement Class Member List previously provided by the Calculation Advisor, including additional columns for each Settlement Class Member on such list, with the following information: (a) the calculated amount of their Unpaid IOE (defined herein); and (b) the calculated amount of their Settlement Payment, as calculated pursuant to the methodology set forth at Section 3.4(d) of this Settlement Agreement.  The Settlement Payment List shall be provided in the form of an Excel spreadsheet or spreadsheets or in a similar format.

 **1.41.** As used herein, the term "***Settlement Website***" means the website, at the URL www.EscrowInterestSettlement.com, that shall be established by the Settlement Administrator, as described in Section 4.2(d) herein.

**1.42.** As used herein, the term "*Updated Settlement Class Member List*" means the list, to be provided to the Settlement Administrator by Bank of America, consisting of the unique identification numbers for all Settlement Class Members listed on the Settlement Class Member List who are still current mortgage customers of Bank of America as of the time the Updated Settlement Class Member List is generated matched with: the name of the corresponding borrower(s); their last-known mailing addresses (as updated) according to Bank of America's electronic records; and other information that Bank of America and Settlement Class Counsel may mutually agree shall be provided to the Settlement Administrator to enable it to perform its duties under this Settlement Agreement. The Updated Settlement Class Member List shall be provided in the form of an Excel spreadsheet or spreadsheets or in a similar format.

**1.43.** As used herein, the term "*Website Notice*" means the notice of the terms of the proposed Settlement that shall be provided to Settlement Class Members in the manner contemplated by Section 4.2(d) herein and that shall appear on the Settlement Website. The Website Notice shall be substantially in the form attached as Exhibit C hereto.

**2.** S~ETTLEMENT~ A~DMINISTRATION~.

**2.1.** **Settlement Administrator.** The Settlement Administrator shall administer various aspects of the proposed Settlement as described in the next sections hereafter and as specified elsewhere in this Settlement Agreement, including without limitation providing Notice to Settlement Class Members as described in Section 4.2 herein, establishing and maintaining the Settlement Website, administering the Request for Exclusion process, distributing the Settlement Consideration, and returning the remainder of the Settlement Consideration to Bank of America in the event the Effective Date does not occur for any reason. The Settlement Administrator shall make all reasonable efforts to administer the Settlement efficiently and to avoid unnecessary administration expenses. As soon as work commences, the Settlement Administrator shall provide a detailed written accounting of all administration expenses on a regular basis to Settlement Class Counsel and Bank of America's Counsel, and shall respond promptly to inquiries by Settlement Class Counsel and Bank of America's Counsel concerning the administration and Notice fees and expenses. The Parties are entitled to observe and monitor the performance of the Settlement Administrator to assure compliance with this Settlement Agreement. The Settlement Administrator shall promptly respond to all Settlement Class Member inquiries, and also provide a complete response and/or any and all materials in its possession following an inquiry and request for information made by Bank of America, Bank of America's Counsel, or Settlement Class Counsel.

**2.2.** **Duties of Settlement Administrator**. The duties of the Settlement Administrator, in addition to any other responsibilities that are described in this Settlement Agreement, shall include:

    (a) Serving the CAFA notice required under 28 U.S.C. § 1715 within 10 days of Plaintiff's filing of the motion for preliminary approval;

    (b) Providing all information to Bank of America that Bank of America deems necessary before it can perform any of its obligations under this

Settlement, including any obligations to transfer funds to the Settlement Administrator;

(c)     Providing Notice to Settlement Class Members as set forth in this Settlement Agreement;

(d)     Establishing and maintaining the Settlement Website as a means for Settlement Class Members to obtain Notice and information about the Settlement;

(e)     Establishing a toll-free voice response unit with message and interactive voice response (IVR) capabilities to which Settlement Class Members may refer for information about the Lawsuit and the Settlement;

(f)     Responding to any inquiries from Settlement Class Members;

(g)     Keeping a clear and careful record of all communications with Settlement Class Members and all administration expenses;

(h)     Establishing and maintaining a post office box for mailed Requests for Exclusion from Settlement Class Members;

(i)     Processing and determining the validity of any Requests for Exclusion by Settlement Class Members;

(j)     Providing interim reports on request, and, within ten (10) days after the Exclusion/Objection Deadline (as defined in Section 4.3 herein), a final report to Settlement Class Counsel and Bank of America's Counsel summarizing the number of Requests for Exclusion received during that period, the total number of Requests for Exclusion received to date, the names and addresses of persons in the Settlement Class who submitted a Request for Exclusion, and any other pertinent information requested by Settlement Class Counsel or Bank of America's Counsel;

(k)     In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court affirming its compliance with the Notice (including CAFA) and settlement administration provisions of this Settlement Agreement, and identifying any persons in the Settlement Class who submitted timely and valid Requests for Exclusion;

(l)     Processing and transmitting distributions from the Settlement Consideration as provided in this Settlement Agreement;

(m)     Paying any invoices, expenses, taxes, fees, and other costs associated with administration of this Settlement as contemplated by this Settlement Agreement or required by law; and

9

(n)     Performing any other settlement administration-related functions reasonably necessary to effectuate this Settlement Agreement, with the consent of both Settlement Class Counsel and Bank of America's Counsel, or as approved by the Court.

**2.3.     Confidentiality.**  The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement or by court order.

**2.4.     Payment of Notice and Settlement Administration Costs**.  All Notice and Settlement Administration Costs shall be paid from the Settlement Consideration prior to distribution to the Settlement Class (except administrative costs of any distribution of residual Settlement Payment funds as contemplated by Section 3.5(c) herein), and shall not increase Bank of America's monetary obligation under this Settlement Agreement.  An advance on the Notice and Settlement Administration Costs shall be paid by Bank of America to the Settlement Administrator in an amount of $335,000 (the "Notice and Settlement Administration Costs Advance"), within 30 days of the entry date of the Preliminary Approval Order.

**2.5.     Effect of Failure of Settlement**.  In the event this Settlement Agreement is not approved or is terminated, or the Effective Date otherwise fails to occur for any reason, including without limitation if the Final Order and Judgment is reversed, vacated or materially modified following any appeal taken therefrom, the Settlement Administrator shall return to Bank of America the Notice and Settlement Administration Costs Advance, less notice and settlement administration costs actually incurred.

**3.     SETTLEMENT TERMS.**

**3.1.     Certification of the Settlement Class**.

(a)     Only for the purposes of Settlement and the proceedings contemplated herein for effectuating the Settlement, Settlement Class Counsel shall move the Court to provisionally certify the Settlement Class (as defined herein) pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

(b)     For the purposes of settlement only, Settlement Class Counsel shall move for the appointment of Plaintiff as the Settlement Class Representative and the following attorneys as Settlement Class Counsel: Richard D. McCune and Elaine Kusel of McCune Wright Arevalo; and Roger N. Heller and Michael W. Sobol of Lieff Cabraser Heimann & Bernstein LLP.

(c)     Bank of America does not oppose certification of the Settlement Class, or the appointments of the Settlement Class Representative and Settlement Class Counsel, for purposes of settlement only. If the Effective Date of the Settlement does not occur for any reason, certification of the Settlement Class, and any Settlement Class Representative or Settlement Class

Counsel appointments shall be deemed void and vacated; any preliminary or final order certifying a class for settlement purposes only shall be deemed void and vacated; nothing related to the Settlement or negotiations shall be admissible in connection with a contested class certification motion, or otherwise; and each Party shall retain all of their respective rights as they existed prior to execution of this Settlement Agreement. By entering into this Settlement Agreement, Bank of America does not waive its right to challenge or contest the maintenance of any lawsuit against it as a class action or to oppose certification of any class other than the Settlement Class in connection with the settlement memorialized in this Settlement Agreement.

3.2.   **Settlement Consideration**.   In consideration for the complete and final settlement of the Lawsuit, the Releases, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Bank of America agrees to pay the Settlement Consideration of thirty-five million dollars ($35,000,000.00).   The Settlement Consideration will be paid by Bank of America on a non-reversionary basis and will cover: all Settlement Payments to Settlement Class Members, all Notice and Settlement Administration Costs, any Settlement Class Counsel Attorneys' Fee and Cost Awards, any Settlement Class Representative Service Award, and any other costs or amounts contemplated by this Settlement Agreement as being paid from the Settlement Consideration.   In no event shall Bank of America be required to pay more than thirty-five million dollars ($35,000,000.00) under this Settlement Agreement.   Other than payment of this Settlement Consideration, Bank of America shall have no other monetary obligation under this Settlement Agreement.

3.3.   **Establishment of Settlement Fund Escrow Account.**   Within thirty (30) days after the Court's entry of both the Final Order and Judgment and the Fee, Cost, and Service Award Order contemplated by this Settlement Agreement, Bank of America shall transfer by wire into an interest-bearing account held by an FDIC-insured financial institution (the "Settlement Fund Escrow Account"), funds equal to the Settlement Consideration, less the Notice and Settlement Administration Costs Advance.   Settlement Class Counsel and Bank of America shall agree on the FDIC-insured financial institution at which the Settlement Fund Escrow Account shall be established.   Any escrow agreement in connection with the Settlement Fund Escrow Account shall prohibit the distribution of any funds from the Settlement Fund Escrow Account absent a court order and the consent of Settlement Class Counsel and Bank of America's Counsel that a distribution is authorized by that court order. The Settlement Fund Escrow Account shall be maintained by the Settlement Administrator as a Court-approved Qualified Settlement Fund pursuant to Section 1-468B-1 *et seq*. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by or in connection with the Settlement Fund Escrow Account, including any taxes or tax detriments that may be imposed upon Settlement Class Counsel, Bank of America, or Bank of America's Counsel with respect to income earned by the Settlement Fund Escrow Account for any period during which the Settlement Fund Escrow Account does not qualify as a Qualified Settlement Fund for purposes of federal or state income taxes or otherwise, shall be paid out of the Settlement Fund Escrow Account.   The Settlement Class Representative and Settlement Class Counsel, and Bank of America and Bank of America's Counsel, shall have

11

no liability or responsibility for any taxes arising with respect to the Settlement Fund Escrow Account.  Any bank fees associated with the Settlement Fund Escrow Account shall be paid by the Settlement Administrator from the Settlement Fund Escrow Account.

    **3.4.    Calculation of Net Settlement Amount and Settlement Payments**.

    (a)    Within fourteen (14) days after the Effective Date, the Settlement Administrator shall determine the Net Settlement Amount (and provide that information to Bank of America's Counsel, Settlement Class Counsel, and the Calculation Advisor) by deducting from the Settlement Consideration:

        i)    The amount of any Court-approved Settlement Class Counsel Attorneys' Fee and Cost Award;

        ii)    The amount of any Court-approved Settlement Class Representative Service Award;

        iii)    The Notice and Settlement Administration Costs (including both costs already incurred and a prediction of future costs necessary to effectuate this Settlement Agreement), which shall include the Notice and Settlement Administration Costs Advance previously paid by Bank of America pursuant to Section 2.4 herein, but shall not include any administrative costs associated with distribution of residual Settlement Payment funds as contemplated by Section 3.5(c) herein; and

        iv)    The amount of any and all other costs, expenses, and other payments (other than the Settlement Payments) not specifically enumerated in subsections (i) through (iii) of this Section 3.4 that are expressly contemplated as being paid from the Settlement Consideration under this Settlement Agreement.

    (b)    Within fourteen (14) days after the Effective Date, the Settlement Administrator shall provide to the Calculation Advisor a complete list of persons who submitted timely and valid Requests for Exclusion, including the corresponding unique identifying numbers for such persons as listed in the Preliminary Settlement Class Member List.

    (c)    Within twenty-one (21) days after the Effective Date, the Calculation Advisor shall provide to Settlement Class Counsel, Bank of America's Counsel, and the Settlement Administrator, in spreadsheet format, a "Settlement Payment List."  The Settlement Payment List shall be a supplement to the Preliminary Settlement Class Member List previously provided by the Calculation Advisor, adding columns, for each Settlement Class Member on such list, with the following information: (a) the calculated amount of their Unpaid IOE (defined below); and (b) the calculated amount of their Settlement Payment, as calculated pursuant to

the methodology set forth at Section 3.4(d) of this Settlement Agreement. Individuals on the Settlement Class Member List who have submitted a timely and valid Request for Exclusion are not Settlement Class Members and shall be excluded from the Settlement Payment List.

(d)     The Settlement Payment for each Settlement Class Member shall be calculated as follows:

i)  First, the Calculation Advisor shall calculate the amount of escrow interest that the Settlement Class Member is alleged to have been entitled to receive under Cal. Civ. Code § 2954.8(a), but did not receive, from July 1, 2008 to December 31, 2018 ("Unpaid IOE").  In calculating Settlement Class Members' Unpaid IOE, the Calculation Advisor shall use the class loan and transactional data to be provided by Bank of America (which data shall be provided by Bank of America to the Calculation Advisor in the Mortgage Escrow List) and the following methodology:  For each escrow account, the Calculation Advisor will calculate the escrow interest, if any, that would have been credited to the account each year had Bank of America credited interest at a rate of 2% per annum.  The Calculation Advisor will then add up the results for each year for that account.  The Calculation Advisor will then compare that total figure (i.e., for all years) to the escrow interest, if any, that Bank of America credited to that account during the full time period according to Bank of America's data. If the first number exceeds the second number, then the difference will be the Unpaid IOE calculated for that account.

ii)   Second, the Calculation Advisor shall calculate a "Share Factor" for each Settlement Class Member, which shall be calculated as follows: (a) the Settlement Class Member's Unpaid IOE; divided by (b) the total, aggregate Unpaid IOEs for all Settlement Class Members on the Settlement Payment List.

iii)  Third, the Calculation Advisor shall assign a "Minimum Payment" of five dollars ($5.00) for each Settlement Class Member.  The aggregate total of all Minimum Payments, for all Settlement Class Members, shall be called the "Total Minimum Payments."

iv)  Fourth, the Calculation Advisor shall calculate the "Additional Distribution Funds," which shall be calculated as follows:  (a) the Net Settlement Amount; minus (b) the Total Minimum Payments.

v)  Fifth, the Calculation Advisor shall calculate the "Additional Distribution Amount" for each Settlement Class Member as follows:  (a) the Settlement Class Member's Share Factor; multiplied by (b) the Additional Distribution Funds.

13

vi) <u>Sixth</u>, the Calculation Advisor shall calculate the Settlement Payment for each Settlement Class Member as follows: (a) the Settlement Class Member's Minimum Payment; <u>plus</u> (b) the Settlement Class Member's Additional Distribution Amount (if any).

### 3.5.   Distribution of Settlement Payments

(a)   <u>Updated Settlement Class Member List</u>:  Within thirty (30) days after the Effective Date, Bank of America shall provide the Settlement Administrator with the Updated Settlement Class Member List.

(b)   <u>Distribution of Settlement Payments</u>:   Settlement Payments shall be distributed by mailed check, drawn from the Settlement Fund Escrow Account.   Within forty-five (45) days after the Effective Date, the Settlement Administrator shall mail the checks, in the amounts identified on the Settlement Payment List.  The checks shall be mailed to the last known mailing addresses listed in the Updated Settlement Class Member List (where applicable) and the Settlement Class Member List, as updated by the Settlement Administrator through the Postcard Notice mailing process (as applicable) and the U.S. Postal Service National Change of Address Database.  Settlement Payment checks shall be valid for 180 days.  For Settlement Payment checks that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-send the check to the new address indicated.  For Settlement Payment checks that are returned undeliverable without forwarding address information, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, to try to identify an updated address and will re-send the check if updated address information is identified.

(c)   <u>Residual Settlement Payment Funds</u>.  For any Settlement Payment funds which remain in the Settlement Fund Escrow Account one year after the Settlement Payment checks are initially mailed—consisting of checks that were successfully delivered but not timely negotiated, and checks deemed undeliverable by the Settlement Administrator (collectively, "Residual Funds")—such Residual Funds shall be treated as unclaimed property of the corresponding Settlement Class Members, subject to applicable state unclaimed property procedures; provided that any administrative costs of the Settlement Administrator in connection with the distribution of the Residual Funds pursuant to this Section 3.5(c) shall be paid from the Residual Funds, shall not increase Bank of America's monetary obligation under this Settlement Agreement, and shall reduce *pro rata* the respective unclaimed property amounts for the Settlement Class Members with uncashed or undeliverable Settlement Payment checks.  Nothing contained in this Section 3.5(c) shall impose any obligations on Bank of America, and the Settlement Administrator shall be responsible for performing any

and all obligations that may be required by any state's unclaimed property laws and procedures in connection with any Residual Funds.

(d)    No Settlement Class Member, person or entity shall have any claim against the Parties, any of the Released Parties, the Parties' counsel, the Settlement Administrator, the Calculation Advisor, or any of their agents arising out of any distributions or lack thereof made in accordance with the terms of this Settlement Agreement, as approved by the Court, or orders of the Court.

**3.6.    Settlement Class Representative Service Award**.

(a)    No later than fifteen (15) after the Notice Date, Settlement Class Counsel will file a motion with the Court requesting payment from the Settlement Consideration to Plaintiff of a Settlement Class Representative Service Award not to exceed $10,000.00. Any motion for a Settlement Class Representative Service Award will be based on Plaintiff's time and commitment in the Lawsuit, and will not be based or conditioned upon Plaintiff's support for the Settlement. Any such motion shall be posted on the Settlement Website promptly after the motion has been filed with the Court.

(b)    The Settlement Class Representative's entitlement, if any, to a Settlement Class Representative Service Award will be determined by the Court. The Settlement shall not be conditioned on Court approval of a Settlement Class Representative Service Award for the Settlement Class Representative. In the event the Court declines any request or awards less than the amount sought, but otherwise approves the Settlement contemplated by this Settlement Agreement, the remaining provisions of this Settlement Agreement will continue to be effective and enforceable by the Parties.

(c)    Any Settlement Class Representative Service Award granted shall be paid from the Settlement Consideration and shall not increase Bank of America's monetary obligation under this Settlement Agreement.

(d)    Within seven (7) days after the later of (a) the Effective Date, and (b) the date on which the Settlement Administrator receives all information from Plaintiff necessary to process any payment, including payment instructions and, as necessary, W-9s, the Settlement Administrator shall pay any Settlement Class Representative Service Award as approved by the Fee, Cost, and Service Award Order to the Settlement Class Representative, drawn from the Settlement Fund Escrow Account.

**3.7.    Settlement Class Counsel Attorneys' Fee and Costs**.

(a)    No later than fifteen (15) after the Notice Date, Settlement Class Counsel will file a motion with the Court requesting an award of attorneys' fees

and costs, not to exceed $8,750,000 (*i.e.*, 25% of the Settlement Consideration), payable from the Settlement Consideration. Any such motion shall be posted on the Settlement Website promptly after the motion has been filed with the Court.

(b)   Settlement Class Counsel's entitlement to a Settlement Class Counsel Attorneys' Fee and Cost Award will be determined by the Court. The Settlement shall not be conditioned on Court approval of an award of attorneys' fees and costs. In the event the Court declines any request or awards less than the amounts sought, but otherwise approves the Settlement, the remaining provision of this Settlement Agreement will continue to be effective and enforceable by the Parties.

(c)   Any Settlement Class Counsel Attorneys' Fee and Cost Award granted shall be paid from the Settlement Consideration and shall not increase Bank of America's monetary obligation under this Settlement Agreement.

(d)   Settlement Class Counsel shall have the sole and absolute discretion to allocate the Settlement Class Counsel Attorneys' Fee and Cost Award. Bank of America shall have no liability or other responsibility for allocation of any such fees and costs awarded, and, in the event that any dispute arises relating to the allocation of fees, Settlement Class Counsel agree to hold Bank of America harmless from any and all such liabilities, costs, and expenses of such dispute.

(e)   Within seven (7) days after the later of: (a) the Effective Date; and (b) the date on which the Settlement Administrator receives from Settlement Class Counsel all information necessary to process any payment, including payment instructions and W-9s, the Settlement Administrator shall pay any Settlement Class Counsel Attorneys' Fee and Cost Award approved by the Fee, Cost, and Service Award Order to Settlement Class Counsel, drawn from the Settlement Fund Escrow Account.

### 3.8.   Releases and Waivers of Rights

(a)   **Release by Releasing Parties**. Upon the occurrence of the Effective Date, and in addition to and not in lieu of the preclusive effect of the dismissal of the Lawsuit with prejudice, the Releasing Parties shall have released, relinquished, and forever discharged each of the Released Parties from any and all Released Claims. The Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, against any of the Released Parties.

(b)   **Releases Relating To Litigation Conduct.** The Settlement Class Representative, Settlement Class Counsel, Bank of America, and Bank of America's Counsel agree to release each other from any and all Claims relating in any way to any Party or counsel's conduct in this Lawsuit, including but not limited to any Claims of abuse of process, malicious

prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Lawsuit. The list of Claims released by this Section 3.8(b) includes, but is not limited to, Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section 3.7.

(c)     **Waiver of Rights.**  The Settlement Class Representative, on behalf of himself and each Settlement Class Member, fully understands that the facts upon which this Settlement Agreement is executed may be found hereafter to be other than or different from the facts now believed by the Settlement Class Representative, the Settlement Class Members and Settlement Class Counsel to be true and expressly accepts and assumes the risk of such possible differences in facts and agrees that the Settlement Agreement shall remain effective notwithstanding any such difference in facts. The Notice shall expressly advise Settlement Class Members of this waiver.

Upon the occurrence of the Effective Date, the Settlement Class Representative and each and every other Settlement Class Member hereby expressly waive and relinquish the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits of any similar, comparable, or equivalent state, federal, or other law, rule or regulation or the common law or equity. The Settlement Class Representative and each Settlement Class Member may hereafter discover facts other than, different from, or in addition to those that he or she knows or believes to be true with respect to the Released Claims, but the Settlement Class Representative and each Settlement Class Member hereby expressly waives and fully, finally and forever settles, releases and discharges any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different or additional facts. The Settlement Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the waivers in this Section 3.8(c) were separately bargained for and are a material element of this Settlement Agreement.

(d)     **Additional Representation by Settlement Class Representative.**  Other than the release provided in Section 3.8(a), the Settlement Class Representative represents, warrants, and agrees that he has no additional Claims against Bank of America.

## 4.     CLASS SETTLEMENT PROCEDURES.

**4.1.     Preliminary Approval**.  Promptly upon full execution of this Settlement Agreement, and no later than any applicable deadline set by the Court, Plaintiff shall move the

17

Court for entry of the Preliminary Approval Order substantially in the form of Exhibit A hereto
for the purposes of, among other things: (a) preliminarily approving the Settlement memorialized
in this Settlement Agreement such that Notice should be provided in accordance with the terms
of this Settlement Agreement; (b) finding that the requirements for provisional certification of
the Settlement Class have been satisfied; (c) certifying the Settlement Class as defined herein; (d)
setting a date for a Final Approval Hearing; (e) approving the proposed Notice described in
Section 4.2 herein, and directing its dissemination to Settlement Class Members in accordance
with the terms of this Settlement Agreement; (f) determining that the Notice of the Settlement
and of the Final Approval Hearing, as set forth in this Settlement Agreement, complies with all
legal requirements, including but not limited to the Due Process Clause of the United States
Constitution; (g) providing that any objections by any Settlement Class Member to the proposed
Settlement contained in this Settlement Agreement, the entry of the Final Order and Judgment, or
to Settlement Class Counsel's request for attorneys' fees, costs, or service award, shall be heard
and any papers submitted in support of said objections shall be considered by the Court at the
Final Approval Hearing only if, on or before the date(s) specified in the Notice and Preliminary
Approval Order, such objector submits to the Court a written objection, and otherwise complies
with the requirements for objections set forth in Section 4.6 of this Settlement Agreement; (h)
establishing dates by which Settlement Class Counsel shall file and serve all papers in support of
final approval of the Settlement and in support of their application for attorneys' fees, costs, and
service award, and by which the Parties shall file and serve all papers in response to any
objections; (i) providing that all Settlement Class Members will be bound by the Final Approval
Order; (j) providing that persons within the Settlement Class definition wishing to exclude
themselves from the Settlement Class will have until the date specified in the Notice and the
Preliminary Approval Order to submit a valid written Request for Exclusion to the Settlement
Administrator; (k) providing a procedure for persons in the Settlement Class to request exclusion
from the Settlement Class; (l) directing the Parties, pursuant to the terms and conditions of this
Settlement Agreement, to take all necessary and appropriate steps to establish the means
necessary to implement the Settlement; (m) setting deadlines consistent with this Settlement
Agreement for dissemination of the Notice, requesting exclusion from the Settlement Class or
objecting to the Settlement, and filing papers in connection with the Final Approval Hearing; (n)
appointing the Settlement Class Representative and Settlement Class Counsel; (o) approving the
appointment of the Settlement Administrator and the Calculation Advisor; and (p) enjoining the
litigation or prosecution of all claims that will be released by the Settlement.  For purposes of
Settlement only, Bank of America will not oppose the Preliminary Approval Order or the
certification, pursuant to Federal Rule of Civil Procedure 23(b)(3), of the Settlement Class.
Plaintiff and Settlement Class Counsel shall submit this Settlement Agreement to the Court and
request entry of the Preliminary Approval Order.   Entry of the material terms of the proposed
Preliminary Approval Order set forth in Exhibit A is a material term of this Settlement
Agreement.

      **4.2.   Settlement Class Notice**.

      Subject to Court approval, the Parties agree that as soon as practicable, and no later than
thirty (30) days after entry of the Preliminary Approval Order, Bank of America will provide the
Mortgage Escrow List (defined above) to the Calculation Advisor.  The Mortgage Escrow List
and its contents shall be used by the Calculation Advisor solely for the purposes of performing
his obligations under this Settlement Agreement and shall not be used for any other purpose at

any time.  Neither the Mortgage Escrow List, nor the information contained in it, shall be reproduced, copied, stored, or distributed in any form, electronic or otherwise, unless called for by the terms of this Settlement Agreement.  The Mortgage Escrow List shall be subject to return or destruction pursuant to Section 6.4 of this Settlement Agreement.

Subject to Court approval, the Parties agree that as soon as practicable, and no later than fifty (50) days after entry of the Preliminary Approval Order, the Calculation Advisor will provide the Preliminary Settlement Class Member List (defined above) to Bank of America and Settlement Class Counsel.  Bank of America shall match the unique identification numbers on the Preliminary Settlement Class Member List with the name and contact information of the corresponding Settlement Class Members, to create the Settlement Class Member List.

Subject to Court approval, the Parties agree that as soon as practicable, and no later than seventy (70) days after entry of the Preliminary Approval Order, Bank of America will provide the Settlement Class Member List (defined above) to the Settlement Administrator.  The Settlement Class Member List and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time.  Neither the Settlement Class Member List, nor the information contained in it, shall be reproduced, copied, stored, or distributed in any form, electronic or otherwise, and shall be subject to return or destruction pursuant to Section 6.4 of this Settlement Agreement.

No later than ninety (90) days after entry of the Preliminary Approval Order (the "Notice Date"), the Settlement Administrator shall disseminate Notice of the proposed Settlement by the following methods:

> (a) <u>Email Notice</u>.  By no later than the Notice Date, the Settlement Administrator shall send the Email Notice to Settlement Class Members who have an email address listed in the Settlement Class Member List;

> (b) <u>Mailed Notice</u>.  By no later than the Notice Date, the Settlement Administrator shall send the Postcard Notice via first-class U.S. mail to all Settlement Class Members on the Settlement Class Member List.  The Settlement Administrator shall use the mailing address included in the Settlement Class Member List, after updating the mailing address through the U.S. Postal Service National Change of Address database.  For Postcard Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-send the Postcard Notice to the new address indicated within seven (7) days of receiving the returned Postcard Notice.  For Postcard Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, to try to identify an updated address and shall re-send the Postcard Notice if updated address information is identified.

19

(c)     Publication Notice.  By no later than the Notice Date, the Settlement Administrator shall cause the Publication Notice to be published once (no smaller than 1/4 page advertisements) in each of the following publications:  San Francisco Chronicle, Sacramento Bee, Los Angeles Times, and San Diego Union-Tribune.

(d)     Settlement Website.  The Settlement Administrator shall establish a Settlement Website, at the URL www.EscrowInterestSettlement.com, dedicated to the Settlement.  The Settlement Website shall contain the Website Notice, as well as the Settlement Agreement, the Court's Preliminary Approval Order, Settlement Class Counsel's motion for attorneys' fees, costs, and service award (after it is filed), and other appropriate documents and/or information about the Settlement as agreed to by the Parties or ordered by the Court.  The Settlement Website shall not include any advertising, and shall not bear or include Bank of America's logo or trademarks. The Settlement Website shall be operational by no later than the day before the first day the Settlement Administrator sends an Email Notice or a Postcard Notice to any Settlement Class Member, and the Settlement Administrator shall maintain the Settlement Website until one year after the Effective Date or such later date as agreed to by the Parties.  The Settlement Website shall be optimized for mobile device use.

(e)     Toll-Free Number.  The Settlement Administrator shall also establish a toll-free telephone number, with message and interactive voice response (IVR) capabilities, which Settlement Class Members may refer to for information about the Lawsuit and the Settlement.  The toll-free number shall be operational by no later than the day before the first day the Settlement Administrator sends an Email Notice or a Postcard Notice to any Settlement Class Member, and the Settlement Administrator shall maintain the toll-free number until one year after the Effective Date or such later date as agreed to by the Parties.

Court approval of the Notice program substantially as set forth in this Section 4.2 is a material term of this Settlement Agreement.  No later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall file (or provide to Settlement Class Counsel for filing) a declaration confirming that Notice has been implemented in accordance with this Settlement Agreement (including CAFA notice) and providing a final list of persons who submitted timely and valid Requests for Exclusion.

    4.3.    Requests for Exclusion.  Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than sixty (60) days after the Notice Date (the "Exclusion/Objection Deadline").  To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, telephone number, mailing address, and email address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name and case number of the Lawsuit: "*Lusnak v. Bank of America,*

*N.A.*, Case No. 2:14-CV-1855"; and (d) the Settlement Class Member's signature or a signature of an individual authorized to act on the Settlement Class Member's behalf. Requests for Exclusion must be specific to individual Settlement Class Members, and Settlement Class Members cannot request exclusion as a class or group. Any Request for Exclusion from a Settlement Class Member that is a co-borrower on a mortgage must be signed by all co-borrowers on that mortgage, otherwise the Request for Exclusion is invalid for that mortgage. Upon the Settlement Administrator's receipt of a timely and valid Request for Exclusion, the Settlement Class Member shall be deemed excluded from the Settlement Class, shall not be considered a Settlement Class Member, and shall not be entitled to any benefits from this Settlement. Any person in the Settlement Class who submits a timely and valid Request for Exclusion is foreclosed from objecting to the Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service award. If a Settlement Class Member submits both a timely and valid Request for Exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a Request for Exclusion. The Settlement Administrator shall provide copies of all timely and valid Requests for Exclusion to Settlement Class Counsel and Bank of America's Counsel. A list of the persons in the Settlement Class who have submitted timely and valid Requests for Exclusion pursuant to this section shall be attached to the Final Order and Judgment or otherwise recorded by the Court.

      **4.4.** **Challenging Requests for Exclusion**. Bank of America or Settlement Class Counsel may dispute any Request for Exclusion, including any attempt to request exclusion for a group or class, within thirty (30) days of the postmarking of the Request for Exclusion, or by the date of the Final Approval Hearing, whichever occurs later. Unless and until the dispute is overruled by the Court or withdrawn, disputed Requests for Exclusion shall not be considered validly executed.

      **4.5.** **Bank of America's Right to Terminate Based on Exclusions.** Bank of America may terminate and rescind this Settlement Agreement and void the Settlement, at its own discretion (which shall not be subject to any challenge by the Settlement Class Counsel, Settlement Class Representative, or any other Settlement Class Member), if more than 0.5% of Settlement Class Members submit valid and timely Requests for Exclusion. Bank of America may exercise this right by mailing, within ten (10) days after receiving notice that more than 0.5% of Settlement Class Members have timely submitted valid Requests for Exclusion, written notice to Settlement Class Counsel that, pursuant to this Section 4.5, Bank of America is terminating and rescinding this Settlement Agreement and voiding the Settlement *ab initio*.

      **4.6.** **Objections.** Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, costs, or service award, only by complying with the objection provisions set forth in this Section 4.6. Settlement Class Members who object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, costs, and service award shall remain Settlement Class Members and shall be subject to the Releases set forth in this Settlement Agreement if this Settlement is approved by the Court and becomes effective. To be considered valid, an objection must be in writing, must be filed with or mailed to the Court, and mailed to the Settlement Administrator at the addresses listed in the Website Notice, postmarked or filed no later than sixty (60) days after the Notice Date (the "Exclusion/Objection Deadline"), and must include the following: (a)

21

the name and case number of the Lawsuit: "*Lusnak v. Bank of America, N.A.*, Case No. 2:14-CV-1855"; (b) the full name, mailing address, telephone number, and email address of the objector; (c) the objector's signature or the signature of an individual authorized to act on his or her behalf; (d) a description of the specific reasons for the objection; (e) the name, address, bar number and telephone number of counsel for the objector, if the objector is represented by an attorney; and (f) state whether the objector intends to appear at the Final Approval Hearing either in person or through counsel.  Any Settlement Class Member who does not timely submit an objection in accordance with this section, shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service award.

      **4.7.   Finality of Settlement.**  The Settlement shall become final and effective on the Effective Date.

      **4.8.   CAFA Notice.**  Within ten (10) days of Plaintiff's filing of the preliminary approval motion with the Court, Bank of America (or the Settlement Administrator at Bank of America's direction) shall serve a notice of the proposed Settlement, in accordance with 28 U.S.C. § 1715, upon (i) the appropriate State official of each State in which a Settlement Class Member may reside and, (ii) the appropriate Federal official, which may include the United States Attorney General and/or the person who has the primary Federal regulatory or supervisory responsibility with respect to Bank of America.  Bank of America shall provide a copy of such notice to Settlement Class Counsel.

**5.   FINAL JUDGMENT AND RELEASES.**

      **5.1.   Approval of this Agreement**.  Settlement Class Counsel agree to use their best efforts to obtain approval of the Settlement and entry of the orders contemplated herein, including, without limitation, filing papers seeking certification of the Settlement Class for settlement purposes only and papers seeking entry of preliminary and final approval orders, and shall do nothing inconsistent therewith.  Settlement Class Counsel shall prepare and file motions seeking preliminary and final approval.  Bank of America may, but is not required to, submit a memorandum regarding preliminary or final approval.

      **5.2.**  By no later than fifteen (15) days after the Notice Date, Plaintiff and Settlement Class Counsel shall file a motion for final approval of the Settlement, requesting entry of the Final Order and Judgment substantially in the form of Exhibit B hereto, which shall specifically include provisions: (a) stating that the Court has personal jurisdiction over all Settlement Class Members, has subject matter jurisdiction over the claims asserted in the Lawsuit, and that venue is proper; (b) finally approving the Settlement pursuant to Federal Rule of Civil Procedure 23, and directing the Parties and Settlement Administrator to implement the Settlement pursuant to its terms, including distributing Settlement Payments to Settlement Class Members and making such other disbursements from the Settlement Consideration as provided by the Settlement Agreement; (c) finding that the Notice as distributed was the best notice practicable and fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23; (d) finding that the Notice provided to government entities under CAFA complied with 28 U.S.C. § 1715; (e) finally certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3); (f) confirming that the Settlement Class Representative and the Settlement Class

22

Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; (g) retaining jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Settlement Agreement, the Final Approval Order, the Fee, Cost, and Service Award Order, and for any other necessary purpose; and (h) entering a judgment that dismisses the Lawsuit with prejudice, without costs to any Party, except as provided in this Settlement Agreement, and subject to the Court's continuing jurisdiction over the Parties and the Settlement Consideration for the purpose of enforcement of the terms of this Settlement Agreement.  Bank of America will not oppose the motion for final approval, unless to enforce its termination rights under this Settlement Agreement.  Entry by the Court of the material terms of the proposed Final Approval Order and Judgment set forth in Exhibit B is a material term of this Settlement Agreement.

      **5.3.**    By no later than fourteen (14) days before the Final Approval Hearing, the Parties shall file any responses to any Settlement Class Member objections, and any reply papers in support of the motion for final approval of the Settlement and/or in support of Settlement Class Counsel's motion for attorneys' fees, costs, and service award.

      **5.4.**    **Effect of Agreement if Settlement is not Approved**.  This Settlement Agreement is entered into only for the purpose of Settlement. If the Settlement is not approved, or is terminated, cancelled, or fails to become effective for any reason, including without limitation in the event the Final Approval Order and Judgment is reversed or vacated following any appeal taken therefrom, then this Settlement shall be void *ab initio*, shall have no force or effect, and shall impose no obligations on the Parties except as stated herein regarding the Notice and Settlement Administration Costs Advance.  The intent of the previous sentence is that, in the event that a necessary approval is denied, the Parties will revert to their positions immediately prior to October 28, 2019, and the Lawsuit will resume without prejudice to any party.  In the event of such a reversion, the Parties agree that the proposed or actual certification of the Settlement Class will be deemed void will not be urged or considered as a factor in any further proceeding.

      **5.5.**    **Dismissal**.  Upon the occurrence of the Effective Date, all Claims in the operative Complaint in the Lawsuit shall be dismissed with prejudice as to Bank of America.  Dismissal of the Lawsuit with prejudice is a material term of this Settlement Agreement.

**6.**    **Additional Provisions**

      **6.1.**    **No Admission of Liability or Wrongdoing**.  Bank of America expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Bank of America of any liability or wrongdoing by Bank of America or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the payment of interest on mortgage escrow accounts, or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to Bank of America's payment of interest on mortgage escrow accounts.  Bank of America may file this Settlement

23

Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**6.2.    Termination.**  This Settlement may be terminated by either Plaintiff or Bank of America by serving on counsel for the opposing party and filing with the Court a written notice of termination within 10 days (or such longer time as may be agreed between Settlement Class Counsel and Bank of America) after any of the following occurrences:

(a)    the Court rejects, materially modifies, or materially amends or changes the Settlement (with the exception of any provision of the Settlement relating to the Settlement Class Representative Service Award or the Settlement Class Counsel Attorneys' Fee and Cost Award);

(b)    the Court declines to enter without material change the material terms in the proposed Preliminary Approval Order or the Final Order and Judgment;

(c)    an appellate court reverses the Final Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

(d)    more than 0.5% of Settlement Class Members submit timely and valid Requests for Exclusion, as discussed in Section 4.5 herein; or

(e)    the Effective Date does not occur;

In the event of a termination pursuant to this Section 6.2, this Settlement Agreement shall become null and void *ab initio* without prejudice to the *status quo ante* rights, positions and privileges of the Parties, except as otherwise expressly provided herein.  In the event of any such termination, the Parties will bear their own costs and fees with regard to their efforts to implement the Settlement Agreement.  In the event of a termination pursuant to this Section 6.2, this Settlement Agreement shall have no force or effect and the Parties will return to the *status quo ante* in the Lawsuit as it existed prior to October 28, 2019.  The Parties will also be prohibited from using this Settlement and any settlement or mediation communications as evidence in the Lawsuit.  The Parties further agree to cooperate in asking the Court to set a reasonable schedule for the resumption of the Lawsuit.

**6.3.    Public Statements and Non-Disparagement**.   No press release or press communication concerning the Settlement shall be initiated by any Party or counsel.  The Parties and their counsel may respond as appropriate to any Settlement Class Member inquiries and any media inquiries that they receive regarding the Settlement.  In responding to any media inquiries, neither Party shall disparage the other Party in any such communications or public statements

**6.4.    Confidentiality**. It is agreed that until the filing of the Preliminary Approval Motion, the Settlement Agreement and its terms and the Settlement Class Member List shall be confidential and shall not be disclosed to any person unless required by applicable disclosure laws, required to be disclosed to auditors or attorneys, or agreed to by the Parties. All agreements made and orders entered during the course of the Lawsuit relating to the confidentiality of

information shall survive this Settlement Agreement. Pursuant to the stipulated protective order entered in the Lawsuit, within sixty (60) days after the Effective Date, any person in possession of Confidential or Highly Confidential Discovery Material (as defined in the stipulated protective order) must either return such materials and copies thereof to the Disclosing Party or destroy such materials and certify that fact. Counsel for each Party may, however, maintain in its files copies of all pleadings, motion papers, legal memoranda, correspondence, attorney work product, and consultation and expert work product even if such materials contain Confidential or Highly Confidential Discovery Material.

**6.5.    Fair, Adequate and Reasonable Settlement**.  The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Lawsuit and have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after hard-fought, arms-length negotiations that included a day-long mediation conducted by Eric Green.

**6.6.    Stay and Bar of Other Proceedings**. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Lawsuit, and no Settlement Class Member, either directly, on a representative basis, or in any other capacity, will commence or prosecute any action or proceeding against any of the Released Parties asserting any of the Released Claims, pending final approval of the Settlement.

**6.7.    Real Parties in Interest**.  In executing this Settlement Agreement, Plaintiff, on behalf of himself and the Settlement Class, represents and warrants that, as far as he is aware, Settlement Class Members are the only persons having any interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Lawsuit, and, except as provided herein, he is unaware of said claims or any part thereof having been assigned, granted or transferred in any way to any other person, firm or entity.

**6.8.    Voluntary Agreement**.  This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm or entity.

**6.9.    Binding On Successors**.  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**6.10.    Parties Represented by Counsel**.  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**6.11.    Authorization**.  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**6.12.    Construction and Interpretation**.  Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

**6.13.    Headings**.  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.

**6.14.    Exhibits**.  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement.

**6.15.    Effect of Weekends and Holidays**.  If any date or deadline in this Settlement Agreement falls on a Saturday, Sunday, or federal holiday, the next business day following the date or deadline shall be the operative date.

**6.16.    Merger and Integration**.  This Settlement Agreement—including the Recitals to this Settlement Agreement, which are contractual in nature and form a material part of this Settlement Agreement—contains an entire, complete, and integrated statement of each and every term and condition agreed to by and among the Parties, is not subject to any term or condition not provided for herein, and supersedes, extinguishes, and replaces the Parties' agreement in principle.  The exhibits to this Settlement Agreement constitute material parts of this Settlement Agreement and are incorporated by reference herein.  This Settlement Agreement shall not be modified in any respect except by a writing executed by duly authorized representatives of all the Parties hereto.  In entering into this Settlement Agreement, no Party has made or relied on any warranty or representation not specifically set forth herein.  There shall be no waiver of any term or condition absent an express writing to that effect by the Party to be charged with that waiver. No waiver of any term or condition in this Settlement Agreement by any Party shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

**6.17.    Modifications and Amendments**.   No amendment, change or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by the Parties.

**6.18.    Governing Law**.  This Settlement Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with the laws of the State of California, without regard to its conflict of law principles.

**6.19.    Further Assurances**.  Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**6.20.    Execution Date**.  This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

26

**6.21. Continuing Jurisdiction**. The Parties to this Settlement Agreement stipulate that the Court shall retain personal and subject matter jurisdiction over the implementation and enforcement of this Settlement Agreement, the Preliminary Approval Order, the Final Order and Judgment, and the Fee, Cost, and Service Award Order.

**6.22. Counterparts**. This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

**6.23. Notices**. Notices to counsel for the Parties required under this Settlement Agreement shall be sent by email and first-class mail to:

Richard D. McCune                    Mark Mosier
McCune Wright Arevalo, LLP           Andrew Soukup
3281 East Guasti Road, Suite 100     Covington & Burling LLP
Ontario, CA 91761                    850 10th Street NW
rdm@mccunewright.com                 Washington DC 20001
                                     mmosier@cov.com
                                     asoukup@cov.com


Elaine S. Kusel
McCune Wright Arevalo, LLP           David Permut
One Gateway Center, 2600             Goodwin Procter LLP
Newark, NJ 07102                     1900 N Street, NW
esk@mccunewright.com                 Washington DC 20036
                                     DPermut@goodwinlaw.com


Roger N. Heller
Michael W. Sobol
Lieff Cabraser Heimann & Bernstein, LLP     *Bank of America's Counsel*
275 Battery Street, 29th Floor
San Francisco, CA 94111
rheller@lchb.com
msobol@lchb.com

*Settlement Class Counsel*

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Agreement.

Agreed to by:

27

12/27/19

_Donald Lusnak_

Donald Lusnak                          Date
*Plaintiff and Settlement Class Representative*

_____          Date
Kathryn Martin
*Senior Vice President, Mortgage Servicing Operations - Bank of America*

_____          Date
Richard D. McCune
*Counsel for Plaintiff and the Settlement Class*

_____          Date
Andrew Soukup
*Counsel for Bank of America*

_____          Date
Elaine S. Kusel
*Counsel for Plaintiff and the Settlement Class*

_____          Date
Mark Mosier
*Counsel for Bank of America*

_____          Date
Roger N. Heller
*Counsel for Plaintiff and the Settlement Class*

_____          Date
David Permut
*Counsel for Bank of America*

_____          Date
Michael W. Sobol
*Counsel for Plaintiff and the*

_____     _____
Donald Lusnak                    Date
*Plaintiff and Settlement Class Representative*

_____     _____
Kathryn Martin                   Date
*Senior Vice President, Mortgage Servicing Operations - Bank of America*

*Rich D. McCune*  12/27/19
_____     _____
Richard D. McCune                Date
*Counsel for Plaintiff and the Settlement Class*

_____     _____
Andrew Soukup                    Date
*Counsel for Bank of America*

_____     _____
Elaine S. Kusel                  Date
*Counsel for Plaintiff and the Settlement Class*

_____     _____
Mark Mosier                      Date
*Counsel for Bank of America*

_____     _____
Roger N. Heller                  Date
*Counsel for Plaintiff and the Settlement Class*

_____     _____
David Permut                     Date
*Counsel for Bank of America*

_____
Michael W. Sobol                 Date
*Counsel for Plaintiff and the*

28

Donald Lusnak                               Date
*Plaintiff and Settlement Class Representative*

Kathryn Martin                              Date
*Senior Vice President, Mortgage Servicing Operations - Bank of America*


Richard D. McCune                           Date
*Counsel for Plaintiff and the Settlement Class*

Andrew Soukup                               Date
*Counsel for Bank of America*


*[signature]*                    12/27/19
Elaine S. Kusel                             Date
*Counsel for Plaintiff and the Settlement Class*

Mark Mosier                                 Date
*Counsel for Bank of America*


Roger N. Heller                             Date
*Counsel for Plaintiff and the Settlement Class*

David Permut                                Date
*Counsel for Bank of America*


Michael W. Sobol                            Date
*Counsel for Plaintiff and the*


28

_____     _____
Donald Lusnak                Date      Kathryn Martin                Date
*Plaintiff and Settlement Class Representative*      *Senior Vice President, Mortgage Servicing Operations - Bank of America*


_____     _____
Richard D. McCune            Date      Andrew Soukup                Date
*Counsel for Plaintiff and the*      *Counsel for Bank of America*
*Settlement Class*


_____     _____
Elaine S. Kusel              Date      Mark Mosier                  Date
*Counsel for Plaintiff and the*      *Counsel for Bank of America*
*Settlement Class*


_____  12/27/19    _____
Roger N. Heller              Date      David Permut                 Date
*Counsel for Plaintiff and the*      *Counsel for Bank of America*
*Settlement Class*


_____
Michael W. Sobol             Date
*Counsel for Plaintiff and the*

28

_____
Donald Lusnak                          Date
*Plaintiff and Settlement Class Representative*

_____
Kathryn Martin                          Date
*Senior Vice President, Mortgage Servicing Operations - Bank of America*

_____
Richard D. McCune                       Date
*Counsel for Plaintiff and the Settlement Class*

_____
Andrew Soukup                           Date
*Counsel for Bank of America*

_____
Elaine S. Kusel                         Date
*Counsel for Plaintiff and the Settlement Class*

_____
Mark Mosier                             Date
*Counsel for Bank of America*

_____
Roger N. Heller                         Date
*Counsel for Plaintiff and the Settlement Class*

_____
David Permut                            Date
*Counsel for Bank of America*

_____
Michael W. Sobol              12/27/19  Date
*Counsel for Plaintiff and the Settlement Class*

28

rdm@mccunewright.com

Washington DC 20001
mmosier@cov.com
asoukup@cov.com

Elaine S. Kusel
McCune Wright Arevalo, LLP
One Gateway Center, 2600
Newark, NJ 07102
esk@mccunewright.com

David Permut
Goodwin Procter LLP
1900 N Street, NW
Washington DC 20036
DPermut@goodwinlaw.com

Roger N. Heller
Michael W. Sobol
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
rheller@lchb.com
msobol@lchb.com

*Bank of America's Counsel*

*Settlement Class Counsel*

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Agreement.

Agreed to by:

_____
Donald Lusnak                    Date
*Plaintiff and Settlement Class Representative*

_____
Kathryn Martin                    Date
*Senior Vice President, Mortgage Servicing Operations - Bank of America*

_____
Richard D. McCune                Date
*Counsel for Plaintiff and the Settlement Class*

_____
Andrew Soukup                    Date
*Counsel for Bank of America*

_____
Elaine S. Kusel                  Date
*Counsel for Plaintiff and the*

_____
Mark Mosier                      Date
*Counsel for Bank of America*

27

_____
Donald Lusnak                    Date
*Plaintiff and Settlement Class Representative*

_____
Kathryn Martin                    Date
*Senior Vice President, Mortgage Servicing
Operations - Bank of America*


_____
Richard D. McCune                Date
*Counsel for Plaintiff and the
Settlement Class*

_____
Andrew Soukup                    Date
*Counsel for Bank of America*

12/27/19


_____
Elaine S. Kusel                  Date
*Counsel for Plaintiff and the
Settlement Class*

_____
Mark Mosier                      Date
*Counsel for Bank of America*


_____
Roger N. Heller                  Date
*Counsel for Plaintiff and the
Settlement Class*

_____
David Permut                     Date
*Counsel for Bank of America*


_____
Michael W. Sobol                 Date
*Counsel for Plaintiff and the*


28

_____
Donald Lusnak                              Date
*Plaintiff and Settlement Class Representative*

_____
Kathryn Martin                              Date
*Senior Vice President, Mortgage Servicing Operations - Bank of America*


_____
Richard D. McCune                          Date
*Counsel for Plaintiff and the Settlement Class*

_____
Andrew Soukup                               Date
*Counsel for Bank of America*


_____
Elaine S. Kusel                            Date
*Counsel for Plaintiff and the Settlement Class*

_____
Mark Mosier                                 Date
*Counsel for Bank of America*


_____
Roger N. Heller                            Date
*Counsel for Plaintiff and the Settlement Class*

_____
David Permut                                Date
*Counsel for Bank of America*


_____
Michael W. Sobol                           Date
*Counsel for Plaintiff and the*

28

Donald Lusnak             Date
*Plaintiff and Settlement Class Representative*

Kathryn Martin        Date
*Senior Vice President, Mortgage Servicing*
*Operations - Bank of America*

Richard D. McCune      Date
*Counsel for Plaintiff and the*
*Settlement Class*

Andrew Soukup       Date
*Counsel for Bank of America*

Elaine S. Kusel        Date
*Counsel for Plaintiff and the*
*Settlement Class*

Mark Mosier          Date
*Counsel for Bank of America*

*David L. Permut*    12/27/19

Roger N. Heller       Date
*Counsel for Plaintiff and the*
*Settlement Class*

David Permut         Date
*Counsel for Bank of America*

Michael W. Sobol      Date
*Counsel for Plaintiff and the*

Exhibit A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. LUSNAK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:14-cv-01855-GW (GJSx)<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E)**<br><br>Judge: Hon. George Wu |

Before the Court is Plaintiff Donald M. Lusnak's ("Plaintiff") Unopposed Motion for Preliminary Approval of Class Settlement and Direction of Notice Under Rule 23(e) ("Motion"). Plaintiff and Defendant Bank of America, N.A. ("Bank of America") have entered into a Class Action Settlement Agreement and Release, dated December 27, 2019 ("Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1.    Capitalized terms not otherwise defined herein have the meanings set

1    forth in the Settlement Agreement.

2         2.    This Court has subject matter jurisdiction over this matter pursuant to

3    28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the

4    Settlement Class Members.  Venue is proper in this District.

5         3.    The Motion is GRANTED.

6         4.    The Court hereby preliminarily approves the Settlement Agreement

7    and the terms embodied therein pursuant to Rule 23(e)(1).  The Court finds that it

8    will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to

9    certify the Settlement Class for purposes of judgment on the proposed Settlement.

10   The Court preliminarily finds that the Settlement is fair, reasonable, and adequate

11   as to the Settlement Class Members under the relevant considerations.  The Court

12   finds that Plaintiff and proposed Settlement Class Counsel have adequately

13   represented, and will continue to adequately represent, the Settlement Class.  The

14   Court further finds that the Settlement Agreement is the product of arm's length

15   negotiations by the Parties through an experienced mediator, Eric Green of

16   Resolutions LLC, and comes after years of litigation, significant discovery, and full

17   briefing on class certification.  The Court preliminarily finds that the relief

18   provided—a non-reversionary common settlement fund of $35 million, which

19   Plaintiff estimates represents approximately 75% of the alleged class damages—is

20   adequate taking into account, *inter alia*, the costs, risks, and delay of trial and

21   appeal and the proposed method of distributing payments to the Settlement Class

22   (i.e., direct payments by check with no need for Settlement Class Members to

23   submit a claim).  The Court further finds that the Settlement Agreement treats the

24   Settlement Class Members equitably relative to each other.  Under the terms of the

25   Settlement Agreement, Settlement Class Members will be sent a settlement

26   payment, which will be based on the unpaid escrow interest each of them is

27   allegedly owed.  Specifically, each Settlement Class Member will receive a

28   minimum payment of $5.00, plus a portion of remaining settlement payment funds

- 2 -

1    (after payment of attorney's fees and costs, service award, and notice and

2    settlement administration costs) in amounts directly proportionate to the alleged

3    unpaid escrow interest for their loan.  The Court will fully assess any request for

4    attorneys' fees and litigation expenses after receiving a motion from Settlement

5    Class Counsel supporting such request.  At this stage, the Court finds that the plan

6    to request fees and litigation expenses to be paid from the common settlement fund

7    creates no reason not to direct notice to the Settlement Class; should this Court find

8    any aspect of the requested attorneys' fees or expenses unsupported or unwarranted,

9    such funds will not revert to Bank of America.

10        5.      The Court hereby provisionally certifies, for settlement purposes only,

11   a "Settlement Class," pursuant to Rule 23(a) and Rule 23(b)(3), consisting of:

12            All mortgage loan customers of Bank of America—including any

13            customers whose loans were originated by Bank of America, whose

14            loans Bank of America later acquired an ownership interest in, or

15            whose loans Bank of America serviced—whose mortgage loan is for

16            a one- to four-family residence located in California, and who paid

17            Bank of America money in advance for payment of taxes and

18            assessments on the property, for insurance, or for other purposes

19            relating to the property, and did not receive at least 2 percent simple

20            interest per annum on the amounts so held by Bank of America from

21            July 1, 2008 to December 31, 2018.  "Bank of America" as used in

22            this definition includes Bank of America Corp., Bank of America,

23            N.A., and their subsidiaries or predecessors.  Excluded from the

24            Settlement Class will be those persons who submit a timely and valid

25            Request for Exclusion in accordance with the procedures set forth in

26            the Settlement Agreement and in this Preliminary Approval Order.

27        6.      The Court finds that, for settlement purposes only, the Settlement

28   Class, as defined above, meets the requirements for class certification under Federal

Rules of Civil Procedure 23(a) and 23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiff's claims are typical of those of the Settlement Class Members; (4) Plaintiff and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

7.  Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

8.  The Court hereby appoints Plaintiff Donald M. Lusnak as Settlement Class Representative to represent the Settlement Class.

9.  The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class:  McCune Wright Arevalo LLP (Richard D. McCune and Elaine Kusel) and Lieff Cabraser Heimann & Bernstein, LLP (Roger N. Heller and Michael W. Sobol).

10.  The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Administrator and directs Epiq to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

11.  The Court hereby appoints Arthur Olsen of Cassis Technologies, LLC as Calculation Advisor and directs Mr. Olsen to carry out all of the duties and responsibilities of the Calculation Advisor as specified in the Settlement Agreement and herein.

Notice Program

12.  Pursuant to Rule 23(e)(1) and Rule 23(c)(2)(B), the Court approves the

1 proposed Notice program set forth at Section 4.2 of the Settlement Agreement,
2 including the form and content of the proposed forms of class notice attached as
3 Exhibits C through F to the Settlement Agreement. The Court finds that the
4 proposed Notice program meets the requirements of due process under the U.S.
5 Constitution and Rule 23; and that such Notice program, which includes individual
6 direct email/mail notice to Settlement Class Members, publication notice, and the
7 establishment of a Settlement Website, is the best notice practicable under the
8 circumstances and shall constitute due and sufficient notice to all persons entitled
9 thereto. The Court further finds that the proposed form and content of the forms of
10 the Notice are adequate and will give the Settlement Class Members sufficient
11 information to enable them to make informed decisions as to the Settlement Class,
12 the right to object or opt out, and the proposed Settlement and its terms. The Court
13 finds that the Notice clearly and concisely states in plain, easily understood
14 language, *inter alia*: (i) the nature of the Lawsuit; (ii) the definition of the
15 Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class
16 Member may enter an appearance through an attorney if the member so desires; (v)
17 that the Court will exclude from the Settlement Class any member who timely and
18 validly requests exclusion; (vi) the time and manner for requesting exclusion; and
19 (vii) the binding effect of a class judgment on Settlement Class Members
20 under Rule 23(c)(3).

21     13. The Court directs the Settlement Administrator and the Parties to
22 implement the Notice program as set forth in the Settlement Agreement.

23     14. <u>Mortgage Escrow List</u>: No later than thirty (30) days after entry of this
24 Preliminary Approval Order, Bank of America shall provide the Mortgage Escrow
25 List to the Calculation Advisor, including all of the information specified for such
26 list in the Settlement Agreement or as otherwise mutually agreed to by Bank of
27 America and Settlement Class Counsel.

28     15. <u>Preliminary Settlement Class Member List</u>: As soon as practicable,

and no later than fifty (50) days after entry of this Preliminary Approval Order, the Calculation Advisor shall provide the Preliminary Settlement Class Member List to Bank of America and Settlement Class Counsel, including all of the information specified for such list in the Settlement Agreement or as otherwise mutually agreed to by Bank of America and Settlement Class Counsel.

16.    <u>Settlement Class Member List</u>:  As soon as practicable, and no later than seventy (70) days after entry of this Preliminary Approval Order, Bank of America shall provide the Settlement Administrator with the Settlement Class Member List, including all of the information specified for such list in the Settlement Agreement or as otherwise mutually agreed to by Bank of America and Settlement Class Counsel.

17.    <u>Email Notice</u>:   By no later than ninety (90) days after entry of this Preliminary Approval Order (hereinafter, the "Notice Date"), the Settlement Administrator shall send the Email Notice, substantially in the form attached as Exhibit D to the Settlement Agreement, to the Settlement Class Members who have an email address listed in the Settlement Class Member List.

18.    <u>Mail Notice</u>:  By no later than the Notice Date the Settlement Administrator shall send to all Settlement Class Members, via first class U.S. Mail, the Postcard Notice, substantially in the form attached as Exhibit E to the Settlement Agreement.  Before sending the Postcard Notice, the Settlement Administrator shall update each Settlement Class Member's mailing address through the U.S. Postal Service National Change of Address database and use the mailing address as updated.  For Postcard Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-send the Postcard Notice to the new address indicated within seven (7) days of receiving the returned Postcard Notice.  For Postcard Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator

1  customarily performs skip traces, to try to identify an updated address and shall re-

2  send the Postcard Notice if updated address information is identified.

3      19.   Publication Notice:  By no later than the Notice Date, the Settlement

4  Administrator shall cause the Publication Notice, substantially in the form attached

5  as Exhibit F to the Settlement Agreement, to be published once (no smaller than 1/4

6  page advertisements) in each of the following publications:  San Francisco

7  Chronicle, Sacramento Bee, Los Angeles Times, and San Diego Union-Tribune.

8      20.   Settlement Website:  The Settlement Administrator shall establish a

9  Settlement Website, at the URL www.EscrowInterestSettlement.com, dedicated to

10  the Settlement.  The Settlement Website shall contain the Website Notice

11  (substantially in the form attached as Exhibit C to the Settlement Agreement), as

12  well as the Settlement Agreement, this Order, Settlement Class Counsel's motion

13  for attorneys' fees, expenses, and service award (after it is filed), and other

14  appropriate documents and/or information as agreed to by the Parties or further

15  ordered by the Court.  The Settlement Website shall not include any advertising,

16  and shall not bear or include Bank of America's logo or trademarks.  The

17  Settlement Website shall be operational by no later than the day before the first day

18  the Settlement Administrator sends an Email Notice or a Postcard Notice to any

19  Settlement Class Member, and the Settlement Administrator shall maintain the

20  Settlement Website until one year after the Effective Date or such later date as

21  agreed to by the Parties.  The Settlement Website shall be optimized for mobile

22  device use.

23      21.   Toll-Free Number:  The Settlement Administrator shall also establish a

24  toll-free telephone number, with message and interactive voice response (IVR)

25  capabilities, which Settlement Class Members can refer to for information about the

26  Lawsuit and the Settlement.  The toll-free number shall be operational by no later

27  than the day before the first day the Settlement Administrator sends an Email

28  Notice or a Postcard Notice to any Settlement Class Member, and the Settlement

1    Administrator shall maintain the toll-free number until one year after the Effective

2    Date or such later date as agreed to by the Parties.

3         22.    Within 30 days of entry of this Preliminary Approval Order, Bank of

4    America shall pay the Notice and Administration Costs Advance to the Settlement

5    Administration in an amount of $335,000.

6         23.    By no later than fourteen (14) days before the Final Approval Hearing,

7    the Settlement Administrator shall file (or provide to Settlement Class Counsel for

8    filing) a declaration confirming that Notice program has been implemented in

9    accordance with the Settlement Agreement and this Order (including CAFA notice)

10   and providing a final list of persons who submitted timely and valid Requests for

11   Exclusion from the Settlement Class.

12   Opt-Out and Objection Procedures

13        24.    Settlement Class Members may exclude themselves from the

14   Settlement Class by mailing to the Settlement Administrator a written Request for

15   Exclusion that is postmarked no later than sixty (60) days after the Notice Date (the

16   "Exclusion/Objection Deadline").  To be effective, the Request for Exclusion must

17   include (a) the Settlement Class Member's full name, telephone number, mailing

18   address, and email address; (b) a clear and unequivocal statement that the

19   Settlement Class Member wishes to be excluded from the Settlement Class; (c) the

20   name and case number of the Lawsuit: "*Lusnak v. Bank of America, N.A.*, Case No.

21   2:14-CV-1855"; and (d) the Settlement Class Member's signature or a signature of

22   an individual authorized to act on the Settlement Class Member's behalf.  Requests

23   for Exclusion must be specific to individual Settlement Class Members, and

24   Settlement Class Members cannot request exclusion as a class or group.  Any

25   Request for Exclusion from a Settlement Class Member that is a co-borrower on a

26   mortgage must be signed by all co-borrowers on that mortgage.  Upon the

27   Settlement Administrator's receipt of a timely and valid Request for Exclusion, the

28   Settlement Class Member shall be deemed excluded from the Settlement Class,

1    shall not be considered a Settlement Class Member, and shall not be entitled to any

2    benefits from this Settlement.  Any person in the Settlement Class who submits a

3    timely and valid Request for Exclusion is foreclosed from objecting to the

4    Settlement or to Settlement Class Counsel's motion for attorneys' fees, expenses,

5    and service award.   If a Settlement Class Member submits both a timely and valid

6    Request for Exclusion and an objection, the Settlement Class Member shall be

7    treated as if they had only submitted a Request for Exclusion. Any Settlement Class

8    Member who does not submit a timely and valid Request for Exclusion in

9    accordance with this paragraph shall be bound by the Final Order and Judgment if

10   and when it is entered.  The Settlement Administrator shall provide copies of all

11   timely and valid Requests for Exclusion to Settlement Class Counsel and Bank of

12   America's Counsel.

13        25.    Any Settlement Class Member who does not submit a timely and valid

14   Request for Exclusion may object to the proposed Settlement and/or to Settlement

15   Class Counsel's motion for attorneys' fees, expenses, or service award.  To be

16   considered valid, an objection must be in writing, must be filed with or mailed to

17   the Court, and mailed to the Settlement Administrator at the addresses listed in the

18   Website Notice, postmarked or filed no later than sixty (60) days after the Notice

19   Date (the "Exclusion/Objection Deadline"), and must include the following: (a) the

20   name and case number of the Lawsuit: "*Lusnak v. Bank of America, N.A.*, Case No.

21   2:14-CV-1855"; (b) the full name, mailing address, telephone number, and email

22   address of the objector; (c) the objector's signature or the signature of an individual

23   authorized to act on his or her behalf; (d) a description of the specific reasons for

24   the objection; (e) the name, address, bar number and telephone number of counsel

25   for the objector, if the objector is represented by an attorney; and (f) state whether

26   the objector intends to appear at the Final Approval Hearing either in person or

27   through counsel.  Only objections that are submitted in accordance with this

28   paragraph shall be heard by the Court.  Any Settlement Class Member who does

1   not timely submit an objection in accordance with this paragraph, shall waive the

2   right to object or to be heard at the Final Approval Hearing and shall be forever

3   barred from making any objection to the proposed Settlement or to Settlement Class

4   Counsel's motion for attorneys' fees, expenses, and service award.

5   **Final Approval Hearing**

6        22.    The Court will hold a Final Approval Hearing on _____, 2020 at

7   _____ a.m./p.m, in the United States District Court for the Central District of

8   California, Courtroom 9D, 350 West 1st Street, Los Angeles, CA, 90012.  The

9   purposes of the Final Approval Hearing will be to: (i) determine whether the

10   proposed Settlement Agreement should be finally approved by the Court as fair,

11   reasonable, adequate, and in the best interests of the Settlement Class; (ii)

12   determine whether judgment should be entered pursuant to the Settlement

13   Agreement, dismissing the Lawsuit with prejudice and releasing all Released

14   Claims; (iii) determine whether the Settlement Class should be finally certified; (iv)

15   rule on Settlement Class Counsel's motion for attorneys' fees, expenses and

16   service awards; (v) consider any properly filed objections; and (vi) consider any

17   other matters necessary in connection with the final approval of the Settlement.

18   Agreement

19        23.    By no later than fifteen (15) days after the Notice Date, Settlement

20   Class Counsel shall file their: (a) motion for final approval of the Settlement

21   Agreement; and (b) motion for attorneys' fees, expenses and service awards.

22   Promptly after they are filed, these documents shall be posted on the Settlement

23   Website.

24        24.    By no later than fourteen (14) days before the Final Approval Hearing,

25   the Parties shall file any responses to any Settlement Class Member objections and

26   any replies in support of final settlement approval and/or Settlement Class

27   Counsel's motion for attorneys' fees, expenses and service awards.

28        25.    The Court may, in its discretion, modify the date and/or time of the

1   Final Approval Hearing.  In the event the Court changes the date and/or time of the

2   Final Approval Hearing, the new date and time shall be posted on the Settlement

3   Website.

4        26.    Only Settlement Class Members who have submitted timely and valid

5   objections, in accordance with the requirements of this Preliminary Approval

6   Order, may be heard at the Final Approval Hearing.

7        27.    If the Settlement Agreement, including any amendment made in

8   accordance therewith, is not approved by the Court or shall not become effective

9   for any reason whatsoever, the Settlement Agreement and any actions taken or to be

10  taken in connection therewith (including this Preliminary Approval Order and any

11  judgment entered herein), shall be terminated and shall become null and void and of

12  no further force and effect except for (i) any obligations to pay for any expense

13  incurred in connection with Notice and administration as set forth in the Settlement

14  Agreement, and (ii) any other obligations or provisions that are expressly

15  designated in the Settlement Agreement to survive the termination of the Settlement

16  Agreement.

17       28.    Other than such proceedings as may be necessary to carry out the

18  terms and conditions of the Settlement Agreement, including matters relating to

19  Settlement Class Counsel's motion for attorneys' fees, expenses and service award,

20  all proceedings in the Lawsuit are hereby stayed and suspended until further order

21  of this Court.

22       29.    Pending final determination of whether the Settlement Agreement

23  should be finally approved, Plaintiff and all Settlement Class Members are barred

24  and enjoined from filing, commencing, prosecuting, or enforcing any action against

25  the Released Parties insofar as such action asserts Released Claims, directly or

26  indirectly, in any judicial, administrative, arbitral, or other forum.  This bar and

27  injunction is necessary to protect and effectuate the Settlement Agreement and this

28  Preliminary Approval Order, and this Court's authority to effectuate the Settlement,

and is ordered in aid of this Court's jurisdiction.

30.   This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Bank of America or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiff in the Lawsuit; (b) any liability, negligence, fault, or wrongdoing of Bank of America or the Released Parties; or (c) that this Lawsuit or any other action may be properly certified as a class action for litigation, non-settlement purposes.

31.   The Court retains jurisdiction over this Lawsuit to consider all further matters arising out of or connected with the Settlement, including enforcement of the Releases provided for in the Settlement Agreement.

32.   The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

33.   The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

34.   The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Last day for Bank of America to provide the Mortgage Escrow List to the Calculation Advisor | **30 days after entry of Preliminary Approval Order** |
| Last day for the Calculation Advisor to provide the Preliminary Settlement Class Member List to Bank of America and | **50 days after entry of Preliminary Approval Order** |

| | |
|---|---|
| Settlement Class Counsel | |
| Last day for Bank of America to provide the Settlement Class Member List to the Settlement Administrator | **70 days after entry of Preliminary Approval Order** |
| Notice Date | **90 days after entry of the Preliminary Approval Order** |
| Last day for Settlement Class Counsel to file motion for final approval of the Settlement, and motion for attorneys' fees, expenses and service award | **15 days after Notice Date** |
| Exclusion/Objection Deadline | **60 days after Notice Date** |
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Settlement Class Counsel's application for attorneys' fees, expenses and service awards | **14 days before Final Approval Hearing** |
| Final Approval Hearing | **[TBD]** |

**IT IS SO ORDERED.**

DATED: _____.


_____

Hon. George H. Wu

United States District Judge

Exhibit B

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11    DONALD M. LUSNAK, on behalf          Case No. 2:14-cv-01855-GW (GJSx)
      of himself and all others similarly
12    situated,                            **[PROPOSED] ORDER AND FINAL
                                           JUDGMENT GRANTING FINAL**
13                      Plaintiff,         **APPROVAL OF CLASS
                                           SETTLEMENT**
14    v.
                                           Judge: Hon. George Wu
15    BANK OF AMERICA, N.A.; and
      DOES 1 through 10, inclusive,
16
                        Defendant.
17

18

19          This matter came before the Court for hearing on _____, 2020, pursuant

20    to the Court's Preliminary Approval Order dated _____ (Dkt. No. ____), and on

21    the motion ("Motion") for final approval of the Class Action Settlement Agreement

22    and Release, dated December 27, 2019 entered into by the Parties (the "Settlement

23    Agreement"), as well as Settlement Class Counsel's motion for an award of

24    attorneys' fees and expenses and for a Plaintiff service award.  Due and adequate

25    notice having been given to the Settlement Class Members of the proposed

26    Settlement and the pending motions, as directed by the Court's Preliminary

27    Approval Order, and upon consideration of all papers filed and proceedings had

28    herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED**

**AND DECREED** as follows:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members.  Venue is proper in this District.

3. The "Settlement Class" for purposes of this Final Order and Judgment means:

> All mortgage loan customers of Bank of America—including any customers whose loans were originated by Bank of America, whose loans Bank of America later acquired an ownership interest in, or whose loans Bank of America serviced—whose mortgage loan is for a one- to four-family residence located in California, and who paid Bank of America money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and did not receive at least 2 percent simple interest per annum on the amounts so held by Bank of America from July 1, 2008 to December 31, 2018.  "Bank of America" as used in this definition includes Bank of America Corp., Bank of America, N.A., and their subsidiaries or predecessors.  Excluded from the Settlement Class will be those persons who submitted a timely and valid Request for Exclusion in accordance with the procedures set forth in the Settlement Agreement and in this Court's Preliminary Approval Order.

4. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

5. The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously

1    approved and directed by the Court, has been implemented by the Settlement

2    Administrator and the Parties.  The Court finds that such Notice program, including

3    the approved forms of notice: (a) constituted the best notice that is practicable under

4    the circumstances; (b) included direct individual notice to all Settlement Class

5    Members who could be identified through reasonable effort; (c) constituted notice

6    that was reasonably calculated, under the circumstances, to apprise Settlement

7    Class Members of the nature of the Lawsuit, the definition of the Settlement Class

8    certified, the class claims and issues, the opportunity to enter an appearance through

9    an attorney if the member so desires; the opportunity, the time, and manner for

10   requesting exclusion from the Settlement Class, and the binding effect of a class

11   judgment; (d) constituted due, adequate and sufficient notice to all persons entitled

12   to notice; and (e) met all applicable requirements of Federal Rule of Civil

13   Procedure 23, due process under the U.S. Constitution, and any other applicable

14   law.

15        6.     The Court hereby finds that all Settlement Class Members and all persons

16   who fall within the definition of the Settlement Class have been adequately provided

17   with an opportunity to exclude themselves from the Settlement Class by submitting a

18   Request for Exclusion in conformance with the terms of the Settlement Agreement and

19   this Court's Preliminary Approval Order.  All persons who submitted timely and valid

20   Requests for Exclusion are not bound by this Final Order and Judgment.  A list of those

21   persons who submitted timely and valid Requests for Exclusion is attached hereto.  All

22   other persons who fall within the definition of the Settlement Class are Settlement Class

23   Members and part of the Settlement Class, and shall be bound by this Final Order and

24   Judgment and the Settlement Agreement.

25        7.     The Court reaffirms that this Lawsuit is properly maintained as a class

26   action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure

27   23(a) and 23(b)(3).

28        8.     [Findings regarding class certification]

9.      The Court reaffirms its appointment of Plaintiff Donald M. Lusnak as
Settlement Class Representative to represent the Settlement Class, and reaffirms its
appointment of Settlement Class Counsel to represent the Settlement Class.

10.     The Court finds that the Settlement Agreement warrants final
approval pursuant to Rule 23(e)(2) because, the Court finds, the Settlement
Agreement is fair, reasonable, and adequate and is in the best interest of the
Settlement Class, after weighing the relevant considerations.  First, the Court finds
that Plaintiff and Settlement Class Counsel have adequately represented the
Settlement Class, and will continue to do so through settlement implementation.
Second, the proposed Settlement Agreement was reached as a result of arms-length
negotiations through an experienced mediator, Eric Green of Resolutions LLC, and
comes after years of litigation, significant discovery, and full briefing on class
certification.  Third, the Court finds that the relief proposed to be provided for the
Settlement Class is fair, reasonable, and adequate, taking into account: (i) the costs,
risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of
distributing relief to the Settlement Class, which, under the Settlement Agreement,
will occur via direct distribution without the need for Settlement Class Members to
submit claims; and (iii) the terms of the requested award of attorneys' fees and
costs.  Fourth, the Court finds that the Settlement Agreement treats Settlement
Class Members equitably relative to each other.  Under the terms of the Settlement
Agreement, Settlement Class Members will be sent a settlement payment, which
will be based on the unpaid escrow interest each of them is allegedly owed.
Specifically, each Settlement Class Member will receive a minimum payment of
$5.00, plus a portion of remaining settlement payment funds (after payment of
attorney's fees and costs, service award, and notice and administration costs) in
amounts directly proportionate to the alleged unpaid escrow interest for their loan.

11.     In granting final approval of the Settlement Agreement, the Court has
also considered the factors that courts in this Circuit consider in evaluating

1    proposed class settlements, which overlap considerably with the factors to be

2    considered under Rule 23(e)(2).  *See Churchill Village LLC v. General Electric*

3    *Corp.*, 361 F.3d 566, 575 (9th Cir. 2004).

4            12.    [Address *Churchill Village* factors].

5            13.    [Address any objections].  All timely objections submitted by

6    Settlement Class Members have been fully considered by the Court and are

7    overruled.

8            14.    The Motion is hereby GRANTED, and the Settlement Agreement and

9    its terms are hereby found to be and APPROVED as fair, reasonable, and adequate

10   and in the best interest of the Settlement Class.  The Parties and Settlement

11   Administrator are directed to consummate and implement the Settlement

12   Agreement in accordance with its terms, including distributing settlement payments

13   to the Settlement Class Members and other disbursements from the Settlement

14   Consideration as provided by the Settlement Agreement.

15           15.    The Lawsuit is hereby dismissed with prejudice and without costs to

16   any Party, other than as specified in the Settlement Agreement, this Final Order and

17   Judgment, and any order(s) by this Court regarding Settlement Class Counsel's

18   motion for attorneys' fees, expenses, and service award.

19           16.    In consideration of the benefits provided under the Settlement

20   Agreement, and for other good and valuable consideration set forth in the

21   Settlement Agreement, each of the Settlement Class Members and Releasing Parties

22   shall, by operation of this Final Order and Judgment, have fully, finally, and forever

23   released, relinquished, acquitted, and discharged all Released Claims against all

24   Released Parties in accordance with Section 3.8 of the Settlement, the terms of

25   which section are incorporated herein by reference.  The terms of the Settlement

26   Agreement, which are incorporated by reference into this Order, shall have *res*

27   *judicata* and other preclusive effects as to the Released Claims as against the

28   Released Parties.  The Released Parties may file the Settlement Agreement and/or

this Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

17.    All Settlement Class Members and Releasing Parties have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

18.    Pursuant to the terms of the Settlement Agreement, Plaintiff, Settlement Class Counsel, Bank of America, and Bank of America's Counsel have, and shall be deemed to have, released each other from any and all Claims relating in any way to any Party or counsel's conduct in this Lawsuit, including but not limited to any Claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Lawsuit, including Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section 3.7 of the Settlement Agreement.

19.    This Final Judgment and Order is the final, appealable judgment in the Lawsuit as to all Released Claims.

20.    Without affecting the finality of this Final Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for attorneys' fees, expenses, and service award; (c) distribution of the Settlement Consideration, Settlement Class Counsel attorneys' fees and expenses, and any Plaintiff service award; and (d) all other proceedings related to

the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement.  The time to appeal from this Final Order and Judgment shall commence upon its entry.

21.    In the event that the Settlement Agreement Effective Date does not occur, this Final Order and Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, Settlement Class Members, and Bank of America.

22.    This Final Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Bank of America or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiff in the Lawsuit; (b) any liability, negligence, fault, or wrongdoing of Bank of America or the Released Parties; or (c) that this Lawsuit or any other action may be properly certified as a class action for litigation, non-settlement purposes.

23.    [To the extent this Order does not address Settlement Class Counsel's motion for attorneys' fees, expenses and service awards, such motion will be addressed in a separate order.]

24.    Pursuant to Rule 54, the Court finds that there is no just reason for delay and expressly directs this Final Order and Judgment and immediate entry by the Clerk of the Court.




**IT IS SO ORDERED.**

DATED: _____.

1

2

3    _____

4    Hon. George H. Wu

5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit C

United States District Court for the Central District of California

# Notice of Proposed Class Action Settlement

**The Court authorized this notice.  This is not a solicitation from a lawyer.
You are not being sued.  Please do not contact the Court.**

## 1.       Background & Introduction

This notice summarizes your rights under the proposed settlement of a class action lawsuit, as described below. You are eligible to receive a payment if you are a member of the Settlement Class as set forth below.

The lawsuit concerns mortgages, for California 1- to 4-family residential properties, that were originated, acquired, or serviced by Bank of America.  Some customers for these mortgages paid money in advance to be held by Bank of America in escrow or impound accounts for purposes relating to the property, such as the payment of property taxes or homeowners' insurance.  The lawsuit alleges that California law requires payment of at least 2% interest per year on the balances held in these mortgage escrow accounts, and that Bank of America did not pay interest on certain mortgage escrow account balances in accordance with California law between July 2008 and December 2018.  Bank of America denies that it did anything wrong, and further denies that any Settlement Class Member is entitled to any relief and, other than for settlement purposes, that this lawsuit is appropriate for certification as a class action.  The parties in this lawsuit have agreed to a settlement to resolve this lawsuit on a class action basis, as described below.

Any questions?  Read below or visit www.EscrowInterestSettlement.com or call [####] for more information.

| Your legal rights and options in this lawsuit | |
|---|---|
| Your legal rights are affected, and you have a choice to make.  Your options are explained here. | |
| **Option 1:**<br>**Do nothing,**<br>**receive**<br>**payment, give**<br>**up right to sue** | If you do nothing and the settlement becomes final, you will be issued a settlement payment if you are a Settlement Class Member.  You will give up your right to bring your own lawsuit about the issues in this lawsuit.  See Questions 5-7, 11, 14 for details. |
| **Option 2:**<br>**Opt out,**<br>**receive no**<br>**payment,**<br>**retain right to**<br>**sue** | If you exclude yourself from the Settlement Class (also called "opting out"), you will give up your right to receive a settlement payment, but will retain any rights you may have to bring your own lawsuit about the issues in this lawsuit. See Question 12 for more information.  The deadline to exclude yourself is **[DATE]**. |
| **Option 3:**<br>**Object or** | If you do not exclude yourself from the Settlement Class, you may object to, or comment on, the settlement and/or Settlement Class Counsel's request for |

- 1 -

| Comment | attorneys' fees, expenses, and a service award to the plaintiff who brought this lawsuit on behalf of the Settlement class.  See Question 13 for more information.  The deadline for submitting objections or comments is **[DATE]** |
|---------|---------|

# Basic information about the class action

**2.      What is this lawsuit about?**

The lawsuit concerns escrow accounts in connection with mortgages, for California 1- to 4-family residential properties, that were originated, acquired, or serviced by Bank of America. Some customers for these mortgages paid money in advance to be held by Bank of America in escrow or impound accounts for purposes relating to the property, such as the payment of property taxes or homeowners' insurance.  The lawsuit alleges that California law requires payment of at least 2% interest per year on the balances held in these mortgage escrow accounts, and that Bank of America did not pay interest on certain mortgage escrow account balances in accordance with California law between July 2008 and December 2018.

Plaintiff Donald Lusnak filed a class action lawsuit against Bank of America about these issues.  The complaint in this case is available at www.EscrowInterestSettlement.com.   Bank of America denies that it did anything wrong.

Plaintiff and Bank of America have now agreed to a settlement to resolve this lawsuit, as described below.  The Court has not decided whether Plaintiff or Bank of America is correct.  By agreeing to the settlement, neither Bank of America nor Plaintiff make any admissions regarding the merits of the allegations, claims, or defenses in this case.

The United States District Court for the Central District of California is overseeing this class action lawsuit.  The lawsuit is known as *Lusnak v. Bank of America*, Case No. 2:14-CV-01855-GW-GJSx.

**3.      Why is this a class action?**

In a class action, one or more people sue on behalf of themselves and other people with similar claims. All of these people together make up the Settlement Class and are Settlement Class Members.  One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**4.      Who is in the Settlement Class?**

The "Settlement Class" is defined as:

All mortgage loan customers of Bank of America—including any customers whose loans were originated by Bank of America, whose loans Bank of America later acquired an ownership interest in, or whose loans Bank of America serviced—whose mortgage loan is for a one- to four-family residence located in California, and who paid Bank of America money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and did not receive at least 2 percent simple interest per annum on the amounts so held by Bank of America from July 1, 2008 to December 31, 2018.  "Bank of America" as used in this definition includes Bank of America Corp., Bank of America, N.A., and their subsidiaries

or predecessors.

If you received a notice of this settlement in the mail or by email, Bank of America's records indicate that you are in the Settlement Class.

People in the Settlement Class are called "Settlement Class Members."  Co-borrowers on a single mortgage are treated as a single Settlement Class Member.

The final Settlement Class will consist of all persons within the Settlement Class definition except for those individuals who submit timely and valid requests for exclusion by the deadline set by the Court.  (See Question 12).

# Information about the Settlement

**5.       What are the terms of the proposed settlement?**

The complete terms of the proposed settlement are set forth in the Settlement Agreement, which is available at www.EscrowInterestSettlement.com.  This notice provides only a summary of the terms of the settlement.  The settlement benefits and obligations are summarized below.

**6.       What are the benefits of the proposed settlement?**

If the settlement is approved and becomes final, Bank of America will pay thirty-five million dollars ($35,000,000.00) into a settlement fund.  This money will be used to: (1) make settlement payments to Settlement Class Members, as described at Question 7; (2) pay the costs of distributing notice and settlement payment checks to Settlement Class Members and other costs of administering the settlement; and (3) pay court-awarded attorneys' fees and litigation expenses of the attorneys appointed by the Court to represent the Class ("Settlement Class Counsel") and any service award granted to the Plaintiff.

**You do not need to file a claim or take any other action to receive a settlement payment.**

**7.       How will settlement payments be determined and sent?**

If the settlement is approved and becomes final, each Settlement Class Member who does not exclude themselves from the Settlement Class will be issued a settlement payment. Settlement Class Members' settlement payment amounts will be based on the alleged amount of unpaid interest owed on their mortgage escrow account balances for the period July 1, 2008 through December 31, 2018.  Specifically, each Settlement Class Member will get a minimum payment of $5.00 plus a portion of the remaining settlement payment funds in amounts directly proportionate to the alleged unpaid escrow interest for their loan.   In all, the average settlement payment amount is currently anticipated to be approximately $____, but your payment may be higher or lower depending on the balance(s) in your mortgage escrow account.  The unpaid interest owed and the settlement payment amounts will be calculated based on Bank of America's records by an expert selected by Settlement Class Counsel and appointed by the Court.

**You do not need to file a claim or take any other action to receive a settlement payment.  If the settlement is approved and becomes final, settlement payments will be sent by check.**

For any settlement payment checks that are uncashed or deemed undeliverable by the Settlement Administrator, those amounts will be treated as unclaimed property of the corresponding Settlement Class Member, subject to applicable state unclaimed property procedures  (the additional administrative costs of such unclaimed property process will be deducted from the unclaimed property amounts on a *pro rata* basis).

**8.        Will I receive interest going forward if my mortgage escrow account is still active?**

As of 2019, Bank of America is paying 2% interest per year on all Bank of America mortgage escrow account balances for 1- to 4-family residential property mortgages in California.

# Your rights and options

**9.        What are my options?**

You do not need to do anything in order to receive the benefits of the settlement.  If you are a Settlement Class Member and do nothing and the settlement is approved and becomes final, you will be issued a settlement payment as described in Question 7.  In exchange you will give up your right to bring your own lawsuit against Bank of America about the issues in this lawsuit.

You may exclude yourself from the Settlement Class (sometimes referred to as "opting out") by following the steps described in Question 12.  If you exclude yourself, you will give up your right to receive a settlement payment but will retain any right you may have to sue Bank of America about the issues in this lawsuit.  If you do not exclude yourself, you may object to or comment on the settlement and/or or to Settlement Class Counsel's request for attorneys' fees, litigation expenses, and service award (see Question 13).  If you exclude yourself, you may not object.  You do not need to object or comment in order to receive a settlement payment.

**10.        How do I stay in the Settlement Class?**

You do not need to do anything to stay in the Settlement Class.  If you are within the Settlement Class definition and you do not exclude yourself, you will remain in the Settlement Class and, if the settlement becomes final, you will be issued a settlement payment.

**11.        What happens if I do nothing?**

By doing nothing, you are staying in the Settlement Class.  If the settlement is approved and becomes final, you will be issued a settlement payment.  You will not be able to sue Bank of America about the issues in this lawsuit.  You will also be legally bound by all of the orders that the Court issues and judgments the Court makes in this class action.

**12.        How do I exclude myself from the Settlement Class?**

To exclude yourself from the Settlement Class, you must mail a written request for exclusion to:

[SETTLEMENT ADMINISTRATOR P.O. BOX]

To be effective, your request for exclusion must be **postmarked no later than [DATE]**, and must include the following information:

- 4 -

(a) your full name, telephone number, mailing address, and email address;

(b) a clear statement that you wish to be excluded from the Settlement Class;

(c) the name and case number of the Lawsuit: "*Lusnak v. Bank of America, N.A.*, Case No. 2:14-CV-1855"; and

(d) your signature or the signature of an individual authorized to act on your behalf.

Requests for exclusion must be specific to individual Settlement Class Members, and Settlement Class Members cannot request exclusion as a class or group.  Any request for exclusion from a Settlement Class Member that is a co-borrower on a mortgage must be signed by all co-borrowers on that mortgage.

## 13.    How do I object or comment?

If you are a Settlement Class Member, and have not excluded yourself from the Settlement Class, you can comment on or object to the settlement, Settlement Class Counsel's request for attorneys' fees and litigation expenses, and/or the request for a service award for Plaintiff.  To object or comment, you must send a written objection/comment including the following:

(a) the name and case number of this Lawsuit: "*Lusnak v. Bank of America, N.A.*, Case No. 2:14-CV-1855";

(b) your full name, mailing address, telephone number, and email address;

(c) your signature or the signature of an individual authorized to act on your behalf;

(d) a description of the specific reasons for your objection;

(e) the name, address, bar number and telephone number of your attorney if you are represented by an attorney; and

(f) a statement about whether or not you intend to appear at the Final Approval Hearing either in person or through an attorney.

To be considered by the Court, your comment or objection must be filed or mailed to the Clerk of Court, and mailed to the Settlement Administrator, **filed/postmarked no later than [DATE]**, at the following addresses:

| THE COURT | SETTLEMENT ADMINISTRATOR |
|---|---|
| Clerk of the Court<br>USDC for the Central District of California<br>350 West 1st Street<br>Los Angeles, CA, 90012 | [SETTLEMENT ADMINISTRATOR ADDRESS] |

You have the right to consult with your own attorney, at your own expense, before deciding how best to proceed.

## 14.    What claims will be released by this Settlement?

If you are in the Settlement Class definition and do not exclude yourself from the Settlement Class, and the settlement is approved and becomes final, the settlement will be legally binding on you.  In exchange for the settlement benefits, you will release all claims against Bank of America and its affiliates about the issues in this Lawsuit regarding Bank of America's alleged

failure to pay interest on funds held in mortgage escrow accounts for 1-4 family residences located in California. You also covenant and agree that you will not take any step whatsoever to commence, institute, continue, pursue, maintain, or prosecute any claims about the issues in this Lawsuit against Bank of America and its affiliates.  The Settlement Agreement, available at www.EscrowInterestSettlement.com, describes the claims you are releasing (giving up) by staying in the Settlement Class (called "Released Claims").  These Released Claims are any claims, related to 1-4 family residences located in California, which the Plaintiff or any Settlement Class Member ever had, now have, or may have in the future, arising out of or in any way relating to conduct that occurred as of the date of the Settlement Agreement relating to (a) any alleged failure to pay interest on funds held in mortgage escrow accounts; (b) any acts or omissions that were raised or could have been raised in the Lawsuit regarding non-payment of interest on funds held in mortgage escrow accounts; or (c) any claim related in any way to any claimed violation of 15 U.S.C. § 1639d(g)(3) or California Civil Code § 2954.8(a).

**15.     Do I have a lawyer in this class action?**

        Yes.  The Court has appointed the following attorneys and law firms to represent the Settlement Class Members.  Together, these lawyers are called "Settlement Class Counsel":

        Richard D. McCune
        Elaine Kusel
        McCune Wright Arevalo, LLP
        3281 East Guasti Road, Suite 100
        Ontario, CA 91761
        (909) 557-1250

        Roger N. Heller
        Michael W. Sobol
        Lieff Cabraser Heimann & Bernstein LLP
        275 Battery Street, 29th Floor
        San Francisco, CA 94111
        (415) 956-1000

        You do not have to pay Settlement Class Counsel for their time or expenses incurred in this case out of your pocket.  Instead, Settlement Class Counsel will petition the Court for an award of their fees and expenses; any amount awarded will be paid from the Settlement Fund.

        The Court has also appointed Plaintiff Donald Lusnak as class representative to represent the Settlement Class.

**16.     How will the lawyers be paid?**

        Settlement Class Counsel (see Question 15) will file a motion on or before [DATE] asking the Court to award them attorneys' fees and reimbursement of litigation expenses up to a total of $8.75 million (which is 25% of the $35 million Settlement Fund).   The attorneys' fees and expenses awarded by the Court will be the only payment to Settlement Class Counsel for their efforts in achieving the settlement and for their risk in undertaking this representation on a wholly contingent basis. In addition, Settlement Class Counsel will ask the Court on or before [DATE] to

award the Plaintiff representing the Settlement Class a service award of $10,000 to compensate him for his efforts and commitment on behalf of the Settlement Class in this lawsuit.

The Court will determine the amount of attorneys' fees, expenses, and service award to award. Settlement Class Counsel's application for attorneys' fees, expenses, and service award will be available at www.EscrowInterestSettlement.com when it is filed.

**17.     Should I hire my own lawyer for this case?**

You do not need to hire your own lawyer because Settlement Class Counsel represents you and the other members of the Settlement Class already. However, you have the right to hire your own lawyer. If you want your own lawyer separate from Settlement Class Counsel, you will have to pay that lawyer.

# The Court's Final Approval Hearing

**18.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at __:__ a.m. on _____, in the United States District Court for the Central District of California, Courtroom 9D, 350 West 1st Street, Los Angeles, CA, 90012.  The hearing may be moved to a different date or time without additional notice. Please check www.EscrowInterestSettlement.com for updates or changes.

At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. The Court will also consider Settlement Class Counsel's application for attorneys' fees, expenses, and service award. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**19.     Do I have to come to the hearing?**

No. Settlement Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. So long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**20.     May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

# Getting more information

**21.     Where can I get more information?**

More information can be found at www.EscrowInterestSettlement.com. That website

- 7 -

includes important case deadlines, links to case documents including the full Settlement Agreement and the complaint in this lawsuit, and other information about the lawsuit and the settlement.  You can also get more information by calling [######], or by calling Settlement Class Counsel at [#####].

**PLEASE DO NOT CONTACT THE COURT**

Exhibit D

# LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

*A federal court authorized this notice. This is **not** a solicitation from a lawyer. You are not being sued.*

**IF YOU HAVE OR HAD AN ESCROW ACCOUNT IN CONNECTION WITH A MORTGAGE LOAN FOR A 1- TO 4-FAMILY RESIDENCE IN CALIFORNIA AND YOUR LOAN WAS ORIGINATED, ACQUIRED, OR SERVICED BY BANK OF AMERICA, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT, AND YOUR LEGAL RIGHTS COULD BE AFFECTED BY THAT SETTLEMENT.**

**You do _not_ need to take any action to receive a payment.  Read this notice and visit www.EscrowInterestSettlement.com or call [######] for more information.**

*Para ver este aviso en español, visite www.EscrowInterestSettlement.com*

**What is this notice about?**  A proposed settlement has been reached in a class action lawsuit. The lawsuit claimed that Bank of America did not pay interest on certain California mortgage escrow balances in accordance with California law.  Bank of America denies that it did anything wrong. The settlement, if approved, resolves the case and provides benefits to Settlement Class Members who do not exclude themselves from the Settlement Class.

**Who is included?**  The "Settlement Class" consists of those persons who (a) have or had a mortgage loan for a 1- to 4-family residence in California, (b) their loan was originated, acquired, or serviced by Bank of America, (c) they paid money in advance for purposes relating to the property (such as for property taxes or insurance) that Bank of America held in an escrow or impound account, and (d) they did not

receive at least 2% interest per year on the balances in that account between July 1, 2008 and December 31, 2018.  If you received this notice by email, Bank of America's records indicate that you are a Settlement Class Member.

**What can I get?**  Under the proposed settlement, Bank of America will pay $35 million into a settlement fund, which will cover settlement payments for Settlement Class Members, attorneys' fees and expenses, administrative costs and any Plaintiff service award.  If the settlement is approved and becomes final, each Settlement Class Member will receive a settlement payment from that fund.  The average settlement payment amount is currently anticipated to be approximately $____, but your payment may be higher or lower depending on the balance(s) in your mortgage escrow account.  Specifically, each Settlement Class Member will get a minimum payment of $5.00, plus a portion of the remaining settlement payment funds in amounts directly proportionate to the alleged amount of unpaid interest owed on their mortgage escrow account balances.

**You do <u>not</u> need to file a claim or take any other action to receive a settlement payment.  If the settlement is approved and becomes final, payments will be sent by check.**

**What are my options?** You can do nothing, receive a payment if the settlement becomes final, and give up the right to sue Bank of America about the issues in this lawsuit. You can exclude yourself, receive no payment under this settlement, and retain any right you have to sue Bank of America about the issues in this lawsuit. To exclude yourself, you must mail a signed, written request for exclusion, postmarked no later than **[DATE]**, to: [SETTLEMENT ADMINISTRATOR ADDRESS]. If you do not exclude yourself, and the Court approves the settlement, you will be bound by the Court's orders and judgments and will release your claims relating to this lawsuit.  Requests for exclusion must be specific to individual Settlement Class Members, and Settlement Class Members cannot request exclusion as a class or group.  Any request for exclusion from a Settlement Class Member that is a co-borrower on a mortgage must be signed by all co-borrowers on that mortgage. If you do not exclude yourself, you can object to or comment on the settlement and/or Settlement Class Counsel's request for attorneys'

fees, expenses, and a service award to the plaintiff who brought this case on behalf of the Settlement Class.  To object, you must submit a signed, written objection to the Court and the Settlement Administrator by no later than **[DATE]** and your objection must include the information described at www.EscrowInterestSettlement.com.   For more information, visit www.EscrowInterestSettlement.com.

**What happens next?** The Court will hold a hearing on **[DATE, TIME]**, at the United States District Court for the Central District of California, Courtroom 9D, 350 West 1st Street, Los Angeles, CA, 90012, to decide whether to approve the settlement, how much attorneys' fees and expenses to award the attorneys who worked representing the Settlement Class (up to $8.75 million to be paid from the $35 million settlement fund), and whether to award a service award of up to $10,000 to the plaintiff who brought this case on behalf of the Settlement Class.  You or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice. Please check www.EscrowInterestSettlement.com for updates.

**Who represents me?** The Court has appointed the law firms of McCune Wright Arevalo, LLP and Lieff Cabraser Heimann & Bernstein, LLP to represent the Settlement Class. Together, these lawyers are called Settlement Class Counsel. You do not need to pay these lawyers out of your pocket; instead these lawyers will apply for compensation out of the settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?**  For more information, including to view copies of case documents including a detailed long-form notice, the full settlement agreement, the complaint in the lawsuit, and Settlement Class Counsel's attorneys' fees and service award motion (once it is filed), visit www.EscrowInterestSettlement.com, call [########], or contact Settlement Class Counsel at [#######].

## PLEASE DO NOT CONTACT THE COURT

Exhibit E

Bank of America Escrow Interest Settlement
c/o [Settlement Administrator]
[PO Box XXXXX]
[Address]

PRE-SORTED
FIRST-CLASS
MAIL
AUTO
U.S. POSTAGE
PAID

**LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

*A federal court authorized this notice. This is **not** a solicitation from a lawyer.*

**IF YOU HAVE OR HAD AN ESCROW ACCOUNT IN CONNECTION WITH A MORTGAGE LOAN FOR A
1- TO 4-FAMILY RESIDENCE IN CALIFORNIA AND YOUR LOAN WAS ORIGINATED, ACQUIRED,
OR SERVICED BY BANK OF AMERICA, YOU COULD GET A PAYMENT FROM A CLASS ACTION
SETTLEMENT, AND YOUR LEGAL RIGHTS COULD BE AFFECTED BY THAT SETTLEMENT.**

**You do <u>not</u> need to take any action to receive a payment.
Read this notice and visit www.EscrowInterestSettlement.com for more information.**

**www.EscrowInterestSettlement.com
Questions?  Call [#########]**

*Para ver este aviso en español, visite
www.EscrowInterestSettlement.com*

Unique ID: <MAILER ID>
<IMB>
<Name>
<Address1>
<Address2>
<City>, <State> <Zip>
<Country>

**What is this notice about?** A proposed settlement has been reached in a class action lawsuit. The lawsuit claimed that Bank of America did not pay interest on certain California mortgage escrow balances in accordance with California law. Bank of America denies that it did anything wrong. The settlement, if approved, resolves the case and provides benefits to Settlement Class Members who do not exclude themselves from the Settlement Class.

**Who is included?** The "Settlement Class" consists of those persons who (a) have or had a mortgage loan for a 1- to 4-family residence in California, (b) their loan was originated, acquired, or serviced by Bank of America, (c) they paid money in advance for purposes relating to the property (such as for property taxes or insurance) that Bank of America held in an escrow or impound account, and (d) they did not receive at least 2% interest per year on the balances in that account between July 1, 2008 and December 31, 2018. If you received this notice by mail, Bank of America's records indicate that you are a Settlement Class Member.

**What can I get?** Under the proposed settlement, Bank of America will pay $35 million into a settlement fund, which will cover settlement payments for Settlement Class Members, attorneys' fees and expenses, administrative costs and any Plaintiff service award. If the settlement is approved and becomes final, each Settlement Class Member will receive a settlement payment from that fund. The average settlement payment amount is currently anticipated to be approximately $____, but your payment may be higher or lower depending on the balance(s) in your mortgage escrow account. Specifically, each Settlement Class Member will get a minimum payment of $5.00, plus a portion of the remaining settlement payment funds in amounts directly proportionate to the alleged amount of unpaid interest owed on their mortgage escrow account balances.

**You do _not_ need to file a claim or take any other action to receive a settlement payment. If the settlement is approved and becomes final, payments will be sent by check.**

**What are my options?** You can do nothing, receive a payment if the settlement becomes final, and give up the right to sue Bank of America about the issues in this lawsuit. You can exclude yourself, receive no payment under this settlement, and retain any right you have to sue Bank of America about the issues in this lawsuit. To exclude yourself, you must mail a signed, written request for exclusion, postmarked no later than **[DATE]**, to: [SETTLEMENT ADMINISTRATOR ADDRESS]. If you do not exclude yourself, and the Court approves the settlement, you will be bound by the Court's orders and judgments and will

release your claims relating to this lawsuit. Requests for exclusion must be specific to individual Settlement Class Members, and Settlement Class Members cannot request exclusion as a class or group. Any request for exclusion from a Settlement Class Member that is a co-borrower on a mortgage must be signed by all co-borrowers on that mortgage. If you do not exclude yourself, you can object to or comment on the settlement and/or Settlement Class Counsel's request for attorneys' fees, expenses, and a service award to the plaintiff who brought this case on behalf of the Settlement Class. To object, you must submit a signed, written objection to the Court and the Settlement Administrator by no later than **[DATE]** and your objection must include the information described at www.EscrowInterestSettlement.com. For more information, visit www.EscrowInterestSettlement.com.

**What happens next?** The Court will hold a hearing on **[DATE, TIME]**, at the United States District Court for the Central District of California, Courtroom 9D, 350 West 1st Street, Los Angeles, CA, 90012, to decide whether to approve the settlement, how much attorneys' fees and expenses to award the attorneys who worked representing the Settlement Class (up to $8.75 million to be paid from the $35 million settlement fund), and whether to award a service award of up to $10,000 to the plaintiff who brought this case on behalf of the Settlement Class. You or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice. Please check www.EscrowInterestSettlement.com for updates.

**Who represents me?** The Court has appointed the law firms of McCune Wright Arevalo, LLP and Lieff Cabraser Heimann & Bernstein, LLP to represent the Settlement Class. Together, these lawyers are called Settlement Class Counsel. You do not need to pay these lawyers out of your pocket; instead these lawyers will apply for compensation out of the settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?** For more information, including to view copies of case documents including a detailed long-form notice, the full settlement agreement, the complaint in the lawsuit, and Settlement Class Counsel's attorneys' fees and service award motion (once it is filed), visit www.EscrowInterestSettlement.com, call [########], or contact Settlement Class Counsel at [########]. **PLEASE DO NOT CONTACT THE COURT**

Exhibit F

<u>**LEGAL NOTICE**</u>

*A federal court authorized this notice.*

*This is **not** a solicitation from a lawyer.*

**<span style="color:red">IF YOU HAVE OR HAD AN ESCROW ACCOUNT IN CONNECTION WITH A MORTGAGE LOAN FOR A 1- TO 4-FAMILY RESIDENCE IN CALIFORNIA AND YOUR LOAN WAS ORIGINATED, ACQUIRED, OR SERVICED BY BANK OF AMERICA, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT, AND YOUR LEGAL RIGHTS COULD BE AFFECTED BY THAT SETTLEMENT.</span>**

**You do <u>not</u> need to take any action to receive a payment.  If the settlement is approved and becomes final, Settlement Class Members will be sent settlement payments.**
**Read this notice and visit www.EscrowInterestSettlement.com or call [######] for more information.**

*Para ver este aviso en español, visite*
*www.EscrowInterestSettlement.com*

**<span style="color:blue">What is this notice about?</span>**  A proposed settlement has been reached in a class action lawsuit. The lawsuit claimed that Bank of America did not pay interest on certain California mortgage escrow balances in accordance with California law.  Bank of America denies that it did anything wrong. The settlement, if approved, resolves the case and provides benefits to Settlement Class Members who do not exclude themselves from the Settlement Class.

**<span style="color:blue">Who is included?</span>**  The "Settlement Class" consists of those persons who (a) have or had a mortgage loan for a 1- to 4-family residence in California, (b) their loan was originated, acquired, or serviced by Bank of America, (c) they paid money in advance for purposes relating to the property (such as for property taxes or insurance) that Bank of America held in an escrow or impound account, and (d) they did not receive at least 2% interest per year on the balances in that account between July 1, 2008 and December 31, 2018.

**<span style="color:blue">What benefits does the settlement provide?</span>**  Under the proposed settlement, Bank of America will pay $35 million into a settlement fund, which will cover settlement payments for Settlement Class Members, attorneys' fees and expenses, administrative costs and any Plaintiff service award.  If the settlement is approved and becomes final, each Settlement Class Member will receive a settlement payment from that fund.  The average settlement payment amount is currently anticipated to be approximately $_____, but payments may be higher or lower depending on the balance(s) in each Settlement Class Member's mortgage escrow account. Specifically, each Settlement Class Member will get a minimum payment of $5.00, plus a portion of the remaining settlement payment funds in amounts directly proportionate to the alleged amount of unpaid interest owed on their mortgage escrow account balances.

**You do not need to file a claim or take any other action to receive a settlement payment.  If the settlement is approved and becomes final, payments to Settlement Class Members will be sent by check.**

**What are the options?** You can do nothing, and if you are a Settlement Class Member and the settlement becomes final you will be sent a settlement payment and you will give up the right to sue Bank of America about the issues in this lawsuit.  If you are within the Settlement Class definition (see above), you can exclude yourself, receive no payment under this settlement, and retain any right you have to sue Bank of America about the issues in this lawsuit. To exclude yourself, you must mail a signed, written request for exclusion, postmarked no later than **[DATE]**, to: [SETTLEMENT ADMINISTRATOR ADDRESS]. If you are in the Settlement Class definition and do not exclude yourself, and the Court approves the settlement, you will be bound by the Court's orders and judgments and will release your claims relating to this lawsuit.  Requests for exclusion must be specific to individual Settlement Class Members, and Settlement Class Members cannot request exclusion as a class or group.  Any request for exclusion from a Settlement Class Member that is a co-borrower on a mortgage must be signed by all co-borrowers on that mortgage.  If you are a Settlement Class Member and you do not exclude yourself, you can object to or comment on the settlement and/or Settlement Class Counsel's request for attorneys' fees, expenses, and a service award to the plaintiff who brought this case on behalf of the Settlement Class.  For more information, visit www.EscrowInterestSettlement.com.

**What happens next?** The Court will hold a hearing on **[DATE, TIME]**, at the United States District Court for the Central District of California, Courtroom 9D, 350 West 1st Street, Los Angeles, CA, 90012, to decide whether to approve the settlement, how much attorneys' fees and expenses to award the attorneys who worked representing the Settlement Class (up to $8.75 million to be paid from the $35 million settlement fund), and whether to award a service award of up to $10,000 to the plaintiff who brought this case on behalf of the Settlement Class.  If you are a Settlement Class Member, you or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice. Please check www.EscrowInterestSettlement.com for updates.

**Who represents the Settlement Class?** The Court has appointed the law firms of McCune Wright Arevalo, LLP and Lieff Cabraser Heimann & Bernstein, LLP to represent the Settlement Class. Together, these lawyers are called Settlement Class Counsel. Settlement Class Members do not need to pay these lawyers out of their pocket; instead these lawyers will apply for compensation out of the settlement fund. If you are a Settlement Class Member and want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?**  For more information, including to view copies of case documents including a detailed long-form notice, the full settlement agreement, the complaint in the lawsuit, and Settlement Class Counsel's attorneys' fees and service award motion (once it is filed), visit www.EscrowInterestSettlement.com or call [#########].

**PLEASE DO NOT CONTACT THE COURT**