1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   DONALD M. LUSNAK, on behalf        Case No. CV 14-1855-GW-GJSx
     of himself and all others similarly
12   situated,                          **ORDER GRANTING
                                         PRELIMINARY APPROVAL OF
13              Plaintiff,               CLASS SETTLEMENT AND
                                         DIRECTION OF NOTICE UNDER
14   v.                                  RULE 23(E)**

15   BANK OF AMERICA, N.A.; and          Judge: Hon. George Wu
     DOES 1 through 10, inclusive,
16
                Defendant.
17

18

19          Before the Court is Plaintiff Donald M. Lusnak's ("Plaintiff") Unopposed

20   Motion for Preliminary Approval of Class Settlement and Direction of Notice

21   Under Rule 23(e) ("Motion").  Plaintiff and Defendant Bank of America, N.A.

22   ("Bank of America") have entered into a Class Action Settlement Agreement and

23   Release, dated December 27, 2019 ("Settlement Agreement").  Having thoroughly

24   reviewed the Settlement Agreement, including the proposed forms of class notice

25   and other exhibits thereto, the Motion, and the papers and arguments in connection

26   therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE

27   FOLLOWING:

28          1.      Capitalized terms not otherwise defined herein have the meanings set

1   forth in the Settlement Agreement.

2       2.      This Court has subject matter jurisdiction over this matter pursuant to

3   28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the

4   Settlement Class Members.  Venue is proper in this District.

5       3.      The Motion is GRANTED.

6       4.      The Court hereby preliminarily approves the Settlement Agreement

7   and the terms embodied therein pursuant to Rule 23(e)(1).  The Court finds that it

8   will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to

9   certify the Settlement Class for purposes of judgment on the proposed Settlement.

10  The Court preliminarily finds that the Settlement is fair, reasonable, and adequate

11  as to the Settlement Class Members under the relevant considerations.  The Court

12  finds that Plaintiff and proposed Settlement Class Counsel have adequately

13  represented, and will continue to adequately represent, the Settlement Class.  The

14  Court further finds that the Settlement Agreement is the product of arm's length

15  negotiations by the Parties through an experienced mediator, Eric Green of

16  Resolutions LLC, and comes after years of litigation, significant discovery, and full

17  briefing on class certification.  The Court preliminarily finds that the relief

18  provided—a non-reversionary common settlement fund of $35 million, which

19  Plaintiff estimates represents approximately 75% of the alleged class damages—is

20  adequate taking into account, *inter alia*, the costs, risks, and delay of trial and

21  appeal and the proposed method of distributing payments to the Settlement Class

22  (i.e., direct payments by check with no need for Settlement Class Members to

23  submit a claim).  The Court further finds that the Settlement Agreement treats the

24  Settlement Class Members equitably relative to each other.  Under the terms of the

25  Settlement Agreement, Settlement Class Members will be sent a settlement

26  payment, which will be based on the unpaid escrow interest each of them is

27  allegedly owed.  Specifically, each Settlement Class Member will receive a

28  minimum payment of $5.00, plus a portion of remaining settlement payment funds

1    (after payment of attorney's fees and costs, service award, and notice and

2    settlement administration costs) in amounts directly proportionate to the alleged

3    unpaid escrow interest for their loan.  The Court will fully assess any request for

4    attorneys' fees and litigation expenses after receiving a motion from Settlement

5    Class Counsel supporting such request.  At this stage, the Court finds that the plan

6    to request fees and litigation expenses to be paid from the common settlement fund

7    creates no reason not to direct notice to the Settlement Class; should this Court find

8    any aspect of the requested attorneys' fees or expenses unsupported or unwarranted,

9    such funds will not revert to Bank of America.

10           5.    The Court hereby provisionally certifies, for settlement purposes only,

11   a "Settlement Class," pursuant to Rule 23(a) and Rule 23(b)(3), consisting of:

12           All mortgage loan customers of Bank of America—including any

13           customers whose loans were originated by Bank of America, whose

14           loans Bank of America later acquired an ownership interest in, or

15           whose loans Bank of America serviced—whose mortgage loan is for

16           a one- to four-family residence located in California, and who paid

17           Bank of America money in advance for payment of taxes and

18           assessments on the property, for insurance, or for other purposes

19           relating to the property, and did not receive at least 2 percent simple

20           interest per annum on the amounts so held by Bank of America from

21           July 1, 2008 to December 31, 2018.  "Bank of America" as used in this

22           definition includes Bank of America Corp., Bank of America, N.A.,

23           and their subsidiaries or predecessors.  Excluded from the Settlement

24           Class will be those persons who submit a timely and valid Request for

25           Exclusion in accordance with the procedures set forth in the Settlement

26           Agreement and in this Preliminary Approval Order.

27           6.    The Court finds that, for settlement purposes only, the Settlement

28   Class, as defined above, meets the requirements for class certification under Federal

Rules of Civil Procedure 23(a) and 23(b)(3)—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiff's claims are typical of those of the Settlement Class Members; (4) Plaintiff and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

7.     Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

8.     The Court hereby appoints Plaintiff Donald M. Lusnak as Settlement Class Representative to represent the Settlement Class.

9.     The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class:  McCune Wright Arevalo LLP (Richard D. McCune and Elaine Kusel) and Lieff Cabraser Heimann & Bernstein, LLP (Roger N. Heller and Michael W. Sobol).

10.    The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Administrator and directs Epiq to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

11.    The Court hereby appoints Arthur Olsen of Cassis Technologies, LLC as Calculation Advisor and directs Mr. Olsen to carry out all of the duties and responsibilities of the Calculation Advisor as specified in the Settlement Agreement and herein.

Notice Program

12.    Pursuant to Rule 23(e)(1) and Rule 23(c)(2)(B), the Court approves the

proposed Notice program set forth at Section 4.2 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits C through F to the Settlement Agreement.  The Court finds that the proposed Notice program meets the requirements of due process under the U.S. Constitution and Rule 23; and that such Notice program, which includes individual direct email/mail notice to Settlement Class Members, publication notice, and the establishment of a Settlement Website, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the forms of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms.  The Court finds that the Notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Lawsuit; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

13.    The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement.

14.    Mortgage Escrow List:  No later than thirty (30) days after entry of this Preliminary Approval Order, Bank of America shall provide the Mortgage Escrow List to the Calculation Advisor, including all of the information specified for such list in the Settlement Agreement or as otherwise mutually agreed to by Bank of America and Settlement Class Counsel.

15.    Preliminary Settlement Class Member List:  As soon as practicable,

and no later than fifty (50) days after entry of this Preliminary Approval Order, the Calculation Advisor shall provide the Preliminary Settlement Class Member List to Bank of America and Settlement Class Counsel, including all of the information specified for such list in the Settlement Agreement or as otherwise mutually agreed to by Bank of America and Settlement Class Counsel.

16.    Settlement Class Member List:  As soon as practicable, and no later than seventy (70) days after entry of this Preliminary Approval Order, Bank of America shall provide the Settlement Administrator with the Settlement Class Member List, including all of the information specified for such list in the Settlement Agreement or as otherwise mutually agreed to by Bank of America and Settlement Class Counsel.

17.    Email Notice:   By no later than ninety (90) days after entry of this Preliminary Approval Order (hereinafter, the "Notice Date"), the Settlement Administrator shall send the Email Notice, substantially in the form attached as Exhibit D to the Settlement Agreement, to the Settlement Class Members who have an email address listed in the Settlement Class Member List.

18.    Mail Notice:  By no later than the Notice Date the Settlement Administrator shall send to all Settlement Class Members, via first class U.S. Mail, the Postcard Notice, substantially in the form attached as Exhibit E to the Settlement Agreement.  Before sending the Postcard Notice, the Settlement Administrator shall update each Settlement Class Member's mailing address through the U.S. Postal Service National Change of Address database and use the mailing address as updated.  For Postcard Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-send the Postcard Notice to the new address indicated within seven (7) days of receiving the returned Postcard Notice.  For Postcard Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator

1    customarily performs skip traces, to try to identify an updated address and shall re-

2    send the Postcard Notice if updated address information is identified.

3          19.    Publication Notice:  By no later than the Notice Date, the Settlement

4    Administrator shall cause the Publication Notice, substantially in the form attached

5    as Exhibit F to the Settlement Agreement, to be published once (no smaller than 1/4

6    page advertisements) in each of the following publications:  San Francisco

7    Chronicle, Sacramento Bee, Los Angeles Times, and San Diego Union-Tribune.

8          20.    Settlement Website:  The Settlement Administrator shall establish a

9    Settlement Website, at the URL www.EscrowInterestSettlement.com, dedicated to

10   the Settlement.  The Settlement Website shall contain the Website Notice

11   (substantially in the form attached as Exhibit C to the Settlement Agreement), as

12   well as the Settlement Agreement, this Order, Settlement Class Counsel's motion

13   for attorneys' fees, expenses, and service award (after it is filed), and other

14   appropriate documents and/or information as agreed to by the Parties or further

15   ordered by the Court.  The Settlement Website shall not include any advertising,

16   and shall not bear or include Bank of America's logo or trademarks.  The

17   Settlement Website shall be operational by no later than the day before the first day

18   the Settlement Administrator sends an Email Notice or a Postcard Notice to any

19   Settlement Class Member, and the Settlement Administrator shall maintain the

20   Settlement Website until one year after the Effective Date or such later date as

21   agreed to by the Parties.  The Settlement Website shall be optimized for mobile

22   device use.

23         21.    Toll-Free Number:  The Settlement Administrator shall also establish a

24   toll-free telephone number, with message and interactive voice response (IVR)

25   capabilities, which Settlement Class Members can refer to for information about the

26   Lawsuit and the Settlement.  The toll-free number shall be operational by no later

27   than the day before the first day the Settlement Administrator sends an Email

28   Notice or a Postcard Notice to any Settlement Class Member, and the Settlement

Administrator shall maintain the toll-free number until one year after the Effective Date or such later date as agreed to by the Parties.

22.    Within 30 days of entry of this Preliminary Approval Order, Bank of America shall pay the Notice and Administration Costs Advance to the Settlement Administration in an amount of $335,000.

23.    By no later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall file (or provide to Settlement Class Counsel for filing) a declaration confirming that Notice program has been implemented in accordance with the Settlement Agreement and this Order (including CAFA notice) and providing a final list of persons who submitted timely and valid Requests for Exclusion from the Settlement Class.

Opt-Out and Objection Procedures

24.    Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written Request for Exclusion that is postmarked no later than sixty (60) days after the Notice Date (the "Exclusion/Objection Deadline").  To be effective, the Request for Exclusion must include (a) the Settlement Class Member's full name, telephone number, mailing address, and email address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name and case number of the Lawsuit: "*Lusnak v. Bank of America, N.A.*, Case No. 2:14-CV-1855"; and (d) the Settlement Class Member's signature or a signature of an individual authorized to act on the Settlement Class Member's behalf.  Requests for Exclusion must be specific to individual Settlement Class Members, and Settlement Class Members cannot request exclusion as a class or group.  Any Request for Exclusion from a Settlement Class Member that is a co-borrower on a mortgage must be signed by all co-borrowers on that mortgage.  Upon the Settlement Administrator's receipt of a timely and valid Request for Exclusion, the Settlement Class Member shall be deemed excluded from the Settlement Class,

shall not be considered a Settlement Class Member, and shall not be entitled to any benefits from this Settlement.  Any person in the Settlement Class who submits a timely and valid Request for Exclusion is foreclosed from objecting to the Settlement or to Settlement Class Counsel's motion for attorneys' fees, expenses, and service award.   If a Settlement Class Member submits both a timely and valid Request for Exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a Request for Exclusion. Any Settlement Class Member who does not submit a timely and valid Request for Exclusion in accordance with this paragraph shall be bound by the Final Order and Judgment if and when it is entered.  The Settlement Administrator shall provide copies of all timely and valid Requests for Exclusion to Settlement Class Counsel and Bank of America's Counsel.

25.    Any Settlement Class Member who does not submit a timely and valid Request for Exclusion may object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, expenses, or service award.  To be considered valid, an objection must be in writing, must be filed with or mailed to the Court, and mailed to the Settlement Administrator at the addresses listed in the Website Notice, postmarked or filed no later than sixty (60) days after the Notice Date (the "Exclusion/Objection Deadline"), and must include the following: (a) the name and case number of the Lawsuit: "*Lusnak v. Bank of America, N.A.*, Case No. 2:14-CV-1855"; (b) the full name, mailing address, telephone number, and email address of the objector; (c) the objector's signature or the signature of an individual authorized to act on his or her behalf; (d) a description of the specific reasons for the objection; (e) the name, address, bar number and telephone number of counsel for the objector, if the objector is represented by an attorney; and (f) state whether the objector intends to appear at the Final Approval Hearing either in person or through counsel.  Only objections that are submitted in accordance with this paragraph shall be heard by the Court.  Any Settlement Class Member who does

1    not timely submit an objection in accordance with this paragraph, shall waive the

2    right to object or to be heard at the Final Approval Hearing and shall be forever

3    barred from making any objection to the proposed Settlement or to Settlement Class

4    Counsel's motion for attorneys' fees, expenses, and service award.

5    **Final Approval Hearing**

6         22.    The Court will hold a Final Approval Hearing on August 10, 2020 at

7    8:30 a.m., in the United States District Court for the Central District of California,

8    Courtroom 9D, 350 West 1st Street, Los Angeles, CA, 90012.  The purposes of the

9    Final Approval Hearing will be to: (i) determine whether the proposed Settlement

10   Agreement should be finally approved by the Court as fair, reasonable, adequate,

11   and in the best interests of the Settlement Class; (ii) determine whether judgment

12   should be entered pursuant to the Settlement Agreement, dismissing the Lawsuit

13   with prejudice and releasing all Released Claims; (iii) determine whether the

14   Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's

15   motion for attorneys' fees, expenses and  service awards; (v) consider any properly

16   filed objections; and (vi) consider any other matters necessary in connection with

17   the final approval of the Settlement. Agreement

18        23.    By no later than fifteen (15) days after the Notice Date, Settlement

19   Class Counsel shall file their: (a) motion for final approval of the Settlement

20   Agreement; and (b) motion for attorneys' fees, expenses and service awards.

21   Promptly after they are filed, these documents shall be posted on the Settlement

22   Website.

23        24.    By no later than fourteen (14) days before the Final Approval Hearing,

24   the Parties shall file any responses to any Settlement Class Member objections and

25   any replies in support of final settlement approval and/or Settlement Class

26   Counsel's motion for attorneys' fees, expenses and service awards.

27        25.    The Court may, in its discretion, modify the date and/or time of the

28   Final Approval Hearing.  In the event the Court changes the date and/or time of the

Final Approval Hearing, the new date and time shall be posted on the Settlement Website.

26.     Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order, may be heard at the Final Approval Hearing.

27.     If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

28.     Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, including matters relating to Settlement Class Counsel's motion for attorneys' fees, expenses and service award, all proceedings in the Lawsuit are hereby stayed and suspended until further order of this Court.

29.     Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiff and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against the Released Parties insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum.  This bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

30.     This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Bank of America or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiff in the Lawsuit; (b) any liability, negligence, fault, or wrongdoing of Bank of America or the Released Parties; or (c) that this Lawsuit or any other action may be properly certified as a class action for litigation, non-settlement purposes.

31.     The Court retains jurisdiction over this Lawsuit to consider all further matters arising out of or connected with the Settlement, including enforcement of the Releases provided for in the Settlement Agreement.

32.     The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

33.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

34.     The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Last day for Bank of America to provide the Mortgage Escrow List to the Calculation Advisor | **30 days after entry of Preliminary Approval Order** |
| Last day for the Calculation Advisor to provide the Preliminary Settlement Class Member List to Bank of America and Settlement Class Counsel | **50 days after entry of Preliminary Approval Order** |

| | |
|---|---|
| Last day for Bank of America to provide the Settlement Class Member List to the Settlement Administrator | **70 days after entry of Preliminary Approval Order** |
| Notice Date | **90 days after entry of the Preliminary Approval Order** |
| Last day for Settlement Class Counsel to file motion for final approval of the Settlement, and motion for attorneys' fees, expenses and service award | **15 days after Notice Date** |
| Exclusion/Objection Deadline | **60 days after Notice Date** |
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Settlement Class Counsel's application for attorneys' fees, expenses and service awards | **14 days before Final Approval Hearing** |
| Final Approval Hearing | **August 10, 2020, 8:30 a.m.**[1] |

**IT IS SO ORDERED.**

DATED:  January 30, 2020.

*George H. Wu*
_____

Hon. George H. Wu

United States District Judge

---

[1] This is the earliest date for the Final Approval Hearing, assuming the Preliminary Approval Order is entered January 30, 2020.  If the Preliminary Approval Order is entered later, the Final Approval Hearing will need to be set for a later date.