JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. LUSNAK, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No. CV 14-1855-GW-GJSx<br><br>**ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Judge: Hon. George Wu |

This matter came before the Court for hearing on August 10, 2020, pursuant to the Court's Preliminary Approval Order dated January 30, 2020 (Dkt. No. 117), and on the motion ("Motion") for final approval of the Class Action Settlement Agreement and Release, dated December 27, 2019 entered into by the Parties (the "Settlement Agreement"), as well as Settlement Class Counsel's motion for an award of attorneys' fees and expenses and for a Plaintiff service award ("Fee Motion"). Due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** as follows:

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members.  Venue is proper in this District.

3.      The "Settlement Class" for purposes of this Final Order and Judgment means:

> All mortgage loan customers of Bank of America—including any customers whose loans were originated by Bank of America, whose loans Bank of America later acquired an ownership interest in, or whose loans Bank of America serviced—whose mortgage loan is for a one- to four-family residence located in California, and who paid Bank of America money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and did not receive at least 2 percent simple interest per annum on the amounts so held by Bank of America from July 1, 2008 to December 31, 2018.  "Bank of America" as used in this definition includes Bank of America Corp., Bank of America, N.A., and their subsidiaries or predecessors.  Excluded from the Settlement Class will be those persons who submitted a timely and valid Request for Exclusion in accordance with the procedures set forth in the Settlement Agreement and in this Court's Preliminary Approval Order.

4.      The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

5.      The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement

1   Administrator and the Parties.  The Court finds that such Notice program, including

2   the approved forms of notice: (a) constituted the best notice that is practicable under

3   the circumstances; (b) included direct individual notice to all Settlement Class

4   Members who could be identified through reasonable effort; (c) constituted notice

5   that was reasonably calculated, under the circumstances, to apprise Settlement

6   Class Members of the nature of the Lawsuit, the definition of the Settlement Class

7   certified, the class claims and issues, the opportunity to enter an appearance through

8   an attorney if the member so desires; the opportunity, the time, and manner for

9   requesting exclusion from the Settlement Class, and the binding effect of a class

10  judgment; (d) constituted due, adequate and sufficient notice to all persons entitled

11  to notice; and (e) met all applicable requirements of Federal Rule of Civil

12  Procedure 23, due process under the U.S. Constitution, and any other applicable

13  law.

14      6.      The Court hereby finds that all Settlement Class Members and all persons

15  who fall within the definition of the Settlement Class have been adequately provided

16  with an opportunity to exclude themselves from the Settlement Class by submitting a

17  Request for Exclusion in conformance with the terms of the Settlement Agreement and

18  this Court's Preliminary Approval Order.  All persons who submitted timely and valid

19  Requests for Exclusion are not bound by this Final Order and Judgment.  A list of those

20  persons who submitted timely and valid Requests for Exclusion is attached as

21  Attachment 1 to the Supplemental Declaration of Cameron R. Azari, Esq. on

22  Implementation of Settlement Notice Plan, on file in this case at Dkt. No. 126-1.  All

23  other persons who fall within the definition of the Settlement Class are Settlement Class

24  Members and part of the Settlement Class, and shall be bound by this Final Order and

25  Judgment and the Settlement Agreement.

26      7.      The Court reaffirms that this Lawsuit is properly maintained as a class

27  action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure

28  23(a) and 23(b)(3).

8.      The Court finds that, for settlement purposes, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)— namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiff's claims are typical of those of the Settlement Class Members; (4) Plaintiff and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

9.      The Court reaffirms its appointment of Plaintiff Donald M. Lusnak as Settlement Class Representative to represent the Settlement Class, and reaffirms its appointment of Settlement Class Counsel to represent the Settlement Class.

10.      The Court finds that the Settlement Agreement warrants final approval pursuant to Rule 23(e)(2) because, the Court finds, the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after weighing the relevant considerations.  First, the Court finds that Plaintiff and Settlement Class Counsel have adequately represented the Settlement Class, and will continue to do so through settlement implementation. Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations through an experienced mediator, Eric Green of Resolutions LLC, and comes after years of litigation, significant discovery, and full briefing on class certification.  Third, the Court finds that the relief proposed to be provided for the Settlement Class is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, which, under the Settlement Agreement, will occur via direct distribution without the need for Settlement Class Members to submit claims; and (iii) the terms of the requested award of attorneys' fees and costs.  Fourth, the Court finds that the Settlement Agreement treats Settlement

Class Members equitably relative to each other.  Under the terms of the Settlement Agreement, Settlement Class Members will be sent a settlement payment, which will be based on the unpaid escrow interest each of them is allegedly owed. Specifically, each Settlement Class Member will receive a minimum payment of $5.00, plus a portion of remaining settlement payment funds (after payment of attorney's fees and costs, service award, and notice and administration costs) in amounts directly proportionate to the alleged unpaid escrow interest for their loan.

11.     In granting final approval of the Settlement Agreement, the Court has also considered the factors that courts in this Circuit consider in evaluating proposed class settlements—which overlap considerably with the factors to be considered under Rule 23(e)(2)—including the strength of Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in the settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the lack of any objection from any governmental participant following notice pursuant to 28 U.S.C. § 1715; and the reaction of the class members to the proposed settlement.  *See Churchill Village LLC v. General Electric Corp.*, 361 F.3d 566, 575 (9th Cir. 2004).  With respect to the reaction of the class members, the Court notes direct notice was sent to the Settlement Class, there were no objections submitted to the Settlement, and only 25 requests for exclusion from the Settlement Class were submitted.

12.     The Motion is hereby GRANTED, and the Settlement Agreement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class.  The Parties and Settlement Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to the Settlement Class Members and other disbursements from the Settlement Consideration as provided by the Settlement Agreement.

13. The Lawsuit is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement, this Final Order and Judgment, and any order(s) by this Court regarding Settlement Class Counsel's motion for attorneys' fees, expenses, and service award.

14. In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration set forth in the Settlement Agreement, each of the Settlement Class Members and Releasing Parties shall, by operation of this Final Order and Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against all Released Parties in accordance with Section 3.8 of the Settlement, the terms of which section are incorporated herein by reference.  The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have *res judicata* and other preclusive effects as to the Released Claims as against the Released Parties.  The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

15. All Settlement Class Members and Releasing Parties have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

16. Pursuant to the terms of the Settlement Agreement, Plaintiff, Settlement Class Counsel, Bank of America, and Bank of America's Counsel have,

and shall be deemed to have, released each other from any and all Claims relating in any way to any Party or counsel's conduct in this Lawsuit, including but not limited to any Claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Lawsuit, including Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section 3.7 of the Settlement Agreement.

17.   This Final Judgment and Order is the final, appealable judgment in the Lawsuit as to all Released Claims.

18.   Without affecting the finality of this Final Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for attorneys' fees, expenses, and service award; (c) distribution of the Settlement Consideration, Settlement Class Counsel attorneys' fees and expenses, and any Plaintiff service award; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement.  The time to appeal from this Final Order and Judgment shall commence upon its entry.

19.   In the event that the Settlement Agreement Effective Date does not occur, this Final Order and Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, Settlement Class Members, and Bank of America.

20.   This Final Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Bank of America or the other Released Parties as evidence or an admission of: (a) the truth

1   of any fact alleged by Plaintiff in the Lawsuit; (b) any liability, negligence, fault, or

2   wrongdoing of Bank of America or the Released Parties; or (c) that this Lawsuit or

3   any other action may be properly certified as a class action for litigation, non-

4   settlement purposes.

5          21.    The Fee Motion is also hereby GRANTED.  The Court APPROVES:

6   (a) payment to Settlement Class Counsel of attorneys' fees and expenses in the total

7   amount of $8,750,000.00 (consisting of $8,511,043.66 in attorneys' fees, plus

8   $238,956.34 in reimbursement of litigation expenses); and (b) payment of a service

9   award in the amount $10,000.00 to Plaintiff, to compensate him for his

10  commitment and effort on behalf of the Settlement Class, with such attorneys' fees,

11  expenses, and service award to be paid from the $35 million common Settlement

12  Consideration pursuant to the terms of the Settlement Agreement.

13         22.    The Court finds that the fee requested by Settlement Class Counsel is

14  reasonable and appropriate under applicable standards and justified by the

15  circumstances of this case.  The Court finds that the fee requested is reasonable

16  under the percentage-of-the-fund approach and under a lodestar-multiplier cross-

17  check.  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th

18  Cir. 1994); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 & n.5 (9th Cir. 2002).

19         23.    With respect to Settlement Class Counsel's request for reimbursement

20  of their litigation expenses, the Court finds that the expenses incurred are

21  reasonable and should be reimbursed.  *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th

22  Cir. 2003).

23         24.    With respect to the requested service award for Plaintiff, the Court

24  finds that such an award is appropriate, *Staton*, 327 F.3d at 977; *Rodriguez v. West

25  Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009), and that the amount requested is

26  within the range regularly awarded by Ninth Circuit courts and justified by the

27  circumstances in this case.

28         25.    The Court also notes that no Settlement Class Member objected to the

Settlement or to the requested attorneys' fees, expenses, or service awards—the amounts of which were included in the class notice.

26.     Pursuant to Rule 54, the Court finds that there is no just reason for delay and expressly directs this Final Order and Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

DATED: August 10, 2020

Hon. George H. Wu
United States District Judge